Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Steve Berk (*pro hac vice*)
steven@berklawdc.com
Michael Lewis (*pro hac vice*)
**BERK LAW PLLC**
1225 Fifteenth St. NW
Washington, DC 20005
Phone: (202) 232-7550
Facsimile: (202) 232-7556

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VANESSA BROWNE and PAUL MOORE, on behalf of themselves and all others similarly situated, | Case No. CV09-06750 MMM (DTBx) |
| Plaintiffs, | FIRST **AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., | DEMAND FOR JURY TRIAL |
| Defendant. | VIA FAX |

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBx)

Plaintiffs Vanessa Browne and Paul Moore, on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE CASE

1.     The braking system on 2008, 2009, and certain 2010 Honda Accord vehicles as well as 2009 and certain 2010 Acura TSX vehicles ("Class Vehicles") suffers from a defect that causes excessive force to be applied to the vehicles' rear wheels.  One consequence of this defect is that the vehicles' rear brake pads wear out and require replacement about every 15,000 to 20,000 miles, far more frequently than in a properly functioning braking system.  Although the defect is covered by Honda's warranty, Honda fails to repair the braking system defect under warranty.

2.     Honda knows of the braking system defect and knows that consumers do not expect to have to inspect or replace rear brake pads every 15,000 to 20,000 miles. Nevertheless, Honda has not told current owners and lessees of Class Vehicles about the defect, has not disclosed the defect to purchasers of Class Vehicles, and continues to promote the braking system on the Class Vehicles.

3.     As a result of Honda's practices, Plaintiffs and the other members of the proposed class have suffered injury in fact, including economic damages, and have lost money or property.  Plaintiff Moore brings a claim for violation of the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq.*, and together with Plaintiff Browne, brings claims for violations of the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.* and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and for breach of express warranty under Cal. Comm. Code § 2313.

## PARTIES

4.     Plaintiff Vanessa Browne is a citizen and resident of Riverside, California, located in the County of Riverside.

5.     Plaintiff Paul Moore is a citizen and resident of Lancaster, California, located in the County of Los Angeles.

6.     Defendant American Honda Motor Co., Inc., (Honda) is a corporation

1

1  organized under the laws of the State of California, headquartered in Torrance,

2  California, and has its principal place of business in California. Honda is the U.S. sales,

3  marketing, and distribution subsidiary of its Japanese parent company, Honda Motor Co.,

4  Ltd.

5  ## JURISDICTION AND VENUE

6       7.    This Court has jurisdiction over this action under the Class Action Fairness

7  Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual Class members

8  exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class

9  action in which more than two-thirds of the proposed plaintiff class, on the one hand, and

10  Honda, on the other, are citizens of different states.

11       8.    This Court has jurisdiction over Honda because Honda maintains its

12  principal headquarters in California; is registered to conduct business in California; has

13  sufficient minimum contacts in California; or otherwise intentionally avails itself of the

14  markets within California through the promotion, sale, marketing, and distribution of its

15  vehicles to render the exercise of jurisdiction by this Court proper and necessary.

16  Moreover, Honda's wrongful conduct (as described herein) emanates from California and

17  foreseeably affects consumers in California. Most of the events complained of herein

18  occurred in or emanated from Honda's corporate headquarters located in Torrance,

19  California.

20       9.    Venue is proper in this District under 28 U.S.C. § 1391(a) because Honda

21  resides in this District and a substantial part of the events or omissions giving rise to

22  Plaintiffs' claims occurred in this District.

23  ## SUBSTANTIVE ALLEGATIONS

24       10.    Honda markets, distributes, and warrants Honda Accord and Acura TSX

25  vehicles in the United States.

26       11.    Honda Accords—starting in the 2008 model year and continuing in the 2009

27  and some 2010 models—and Acura TSXs—starting in the 2009 model year and

28  continuing in some 2010 models—came equipped with a newly designed braking system,

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

1  which consisted of braking components (rotors, calipers, parking brake, and brake pads),
2  an Electronic Brake Distribution system, a Vehicle Stability Assist system, a Brake Assist
3  system, and an anti-lock braking system (collectively, the Class Vehicles' "Braking
4  System").

5      12.    Honda widely advertises the Accord's newly designed Braking System.  For
6  example, the Honda press release for the 2008 Accord states that "[f]or the first time in
7  Honda Accord history, every Accord Sedan and Coupe model includes 4-wheel disc
8  brakes with E[lectronic Brake Distribution] and brake assist."  Another Honda press
9  release for the Accord announced that "a new and enhanced anti-lock braking system has
10 been developed for the 2008 Accord... [which] replaces the system found on the 7[th]
11 generation Accord."  Honda's website touts the benefits of the new braking system under
12 its "Active Safety" section:  the "Electronic Brake Distribution . . . automatically
13 distributes brake forces to the wheels with the most stopping traction . . . [and] Brake
14 Assist Systems help recognize emergency braking situations and momentarily help apply
15 brake force."  The 2008 Honda Accord brochure describes how the Electronic Brake
16 Distribution "helps braking performance by distributing brake force" while emphasizing
17 Honda's "desire to help keep drivers and passengers safe."

18     13.    Honda widely advertises the Accord as a safe and reliable vehicle.  In the
19 2008 Honda Accord brochure, Honda advertises the Accord's "fade-resistant stopping
20 capacity."  Dick Colliver, Honda's executive vice president, described the 2008 Accord's
21 "new, innovative design with improved packaging and even more refined performance
22 adds to the Accord's strong foundation of historically high residual values, renowned
23 manufacturing quality and legendary reliability."  Similarly, in other publications Honda
24 advertises that the Electronic Brake Distribution system helps make the company a
25 "Leader[ ] in Active Safety" and that "Honda has a well-established history of safety
26 leadership."

27     14.    Honda provides owners and lessees of Class Vehicles with express
28 warranties.  The express warranties state that Honda will repair or replace, free of charge,

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

1  any part that is defective in material or workmanship under normal use for 3 years or
2  36,000 miles, whichever comes first, for the Accord, and for 4 years or 50,000 miles,
3  whichever comes first, for the Acura TSX.

4       15.    The defect in the Class Vehicles' Braking System causes excessive force to
5  be applied to the rear wheels. One result of the defect is the routine failure of rear brake
6  pads at 15,000 to 20,000 miles. In properly functioning braking systems, rear brake pads
7  typically last for 70,000 miles or more. The Braking System defect does not cause the
8  same rapid deterioration of the front brake pads, which—in properly functioning braking
9  systems—wear faster than the rear brake pads. In other words, the rear brake pads on
10  Class Vehicles require replacement three to four times as often as the front brake pads,
11  three to four times as often as designed, and three to four times as often as brake pads in a
12  properly functioning braking system.

13       16.    Because the defective Braking System requires repairs within the applicable
14  express warranty periods, i.e., within 3 years and 36,000 miles and within 4 years and
15  50,000 miles, the warranties obligate Honda to repair the Braking System defect. Honda,
16  however, refuses to repair consumers' vehicles under warranty, refuses to replace the
17  parts free of charge, and refuses to publicly acknowledge that the Braking System suffers
18  from a defect. Honda's refusal to honor the warranties harms the Plaintiffs and Class
19  members by forcing them to incur out-of-pocket costs on repairs covered by the
20  warranties and by forcing them to spend excessive time replacing parts repeatedly
21  damaged by the Braking System defect.

22       17.    Over 200 consumer complaints concerning the Braking System in Class
23  Vehicles have been lodged with the National Highway Traffic Safety Administration
24  (NHTSA). These complaints reflect the abnormally premature failure of the brake pads,
25  the repeated, unexpected repair costs (including to the vehicles' rotors), and Honda's
26  refusal to honor its warranty or to take responsibility for the defect:

27       •    MY 2008 HONDA ACCORD SEDAN EX HAD REAR BRAKES REPLACED
28          AT 14,921, THE REAR BRAKES STARTED TO PRODUCE A METAL-TO-
        METAL SOUND WITHOUT ANY OTHER TYPE OF WARNING FROM THE

4

SENSOR. I DIDN'T THINK THE REAR BRAKE PADS ARE WORN COMPLETELY SO I TOOK IT TO THE NEAREST HONDA DEALERSHIP. THE SERVICE ADVISOR TOLD ME THE REAR BRAKE PADS ARE COMPLETELY OUT AT 14,921 MILES. FROM MY OWN PERSONAL EXPERIENCE AND OTHERS FRIENDS/RELATIVES, NO FRONT WHEEL DRIVE CAR HAS REAR BRAKES REPLACED WITHIN 15,000 MILES. THE SERVICE ADVISOR WAS SURPRISE TO SEE THE REAR BRAKES WORN OUT AT 14,921 MILES AS WELL. IN JUNE 2009, MY CAR REACHED APPROXIMATELY 29,000 MILES AND THE SAME METAL-TO-METAL NOISE CAME BACK AND AGAIN, MY REAR BRAKES ARE COMPLETELY WORN OUT AND NEEDS REPLACEMENT. I'VE GONE THROUGH 2 SETS OR REAR BRAKE PADS BEFORE REACHING 30,000 MILES.

- BRAKES IN NEED OF REPLACEMENT AFTER 19,000 MILES. SERVICE MANAGER SAYS HE GETS 2 OR 3 CALLS/DAY ON THIS ISSUE AND WE ARE LUCKY THE BRAKES LASTED TO 19K. MOST ONLY LAST 15-17K. SERVICE MANAGER (AND COUNTLESS OTHERS FOUND ONLINE) HAVE MADE HONDA AWARE, BUT NO RECALL, NO NOTIFICATION TO CONSUMERS, NO COVERAGE UNDER BASIC OR EXTENDED WARRANTIES. IF THIS WAS PEELING PAINT, NO PROBLEM. THESE ARE BRAKES THAT LAST (ACCORDING TO SERVICE MANAGER) A LITTLE OVER A YEAR BEFORE REPLACEMENT WITH NORMAL DRIVING! 50% WEAR IN 6 MONTHS! HAVE NEVER OWNED ANY OTHER VEHICLE WITH THIS ISSUE.

- HONDA PREMATURE REAR BRAKE WEAR. 2008 HONDA ACCORD 2-DOOR 4 CYLINDER AUTO TRANS. HAS 16,696 MILES AND REAR BRAKES WORE OUT. INNER PADS WERE METAL ON METAL ACCORDING TO REPAIR SHOP (PEP BOYS) THEY DID NOT WANT TO WORK ON THE VEHICLE AS THEY FELT THE REAR BRAKE CALIPERS WERE DEFECTIVE. THE SAID THE DEALER SHOULD REPLACE THE CALIPERS UNDER WARRANTY. TOOK TO DEALER NEXT MORNING ON AUG 19 2009. GOT A STORY ABOUT HOW IT IS NORMAL FOR REAR BRAKES TO WEAR OUT AT 16,000 MILES. THEY WOULD NOT COVER A SAFETY ISSUE UNDER WARRANTY. TOLD REAR BRAKES DO NOT LAST AS LONG AS FRONT BRAKES. TOLD INNER PADS ON THE REAR AXLE WEAR OUT FASTER THAN THE OUTER PADS DUE TO THIS REASON OR THAT REASON. DEALER EXPLAINED THAT THIS IS NOT COVERED UNDER WARRANTY AND THEN CHARGED ME FOR REPLACING REAR BRAKES. I EXPECT THE CURRENT SET OF BRAKES TO ONLY LAST ANOTHER 16,000 MILES. RESEARCHING OTHER OWNERS ONLINE AND PERSONAL FRIENDS THIS IS A PERVASIVE PROBLEM. ALSO CAR MAGAZINE MOTOR TREND HAD THE SAME PROBLEM.

5

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

HTTP://WWW.MOTORTREND.COM/ROADTESTS/ONEYEAR/112_0910_20 08_HONDA_ACCORD_TEST_VERDICT/INDEX.HTML.

- HONDA ACCORD EX-L 2009. PURCHASED MAY 2009. BRAKES HAVE BEEN SQUEALING SINCE PURCHASE OF CAR. I TOOK IT IN AND THE SERVICE PERSON SAID, "90% OF ALL 2008 AND 2009 ACCORDS ARE HAVING THE SAME PROBLEM. AMERICAN HONDA IS AWARE OF THE PROBLEM BUT THAT THERE IS NO CURRENT RECALL FOR IT. AS TO WHEN THERE WILL BE A RECALL, IT MAY BE NEXT YEAR, IF THERE IS ONE. UNTIL THEN, THERE IS NOTHING WE CAN DO ABOUT IT. AND THERE IS NO POINT IN REPLACING THE BRAKE PADS AND ROTORS BECAUSE IT WILL END UP WITH THE SAME PROBLEM. IT WON'T GO AWAY BY REPLACING THEM." IF 90% OF THE NEW HONDA ACCORDS ARE HAVING THIS PROBLEM, THEN CERTAINLY AMERICAN HONDA SHOULD DO SOMETHING ABOUT THE SQUEALING BRAKES.

- 2008 HONDA ACCORD, 4 DOOR, V6 - PREMATURE BRAKE WEAR. THE REAR BRAKE PADS ON MY CAR ARE NOW NEEDING REPLACEMENT AT ONLY 12,500 MILES. I HAVE CALLED AMERICAN HONDA AND THEY SAY THIS IS ONLY A MAINTENANCE ITEM AND NOT CURRENTLY A RECALL OR WARRANTY REPAIR ITEM. WITH BRAKE PADS WEARING THIS QUICKLY PEOPLE WILL NOT BE ABLE OR WILLING TO PAY FOR REPLACEMENT/REPAIR ON A TIMELY BASIS. THIS WILL LEAD TO THESE CARS BEING ON THE HIGHWAY WITHOUT ADEQUATE BRAKES. MY WIFE AND I ARE EXPERIENCED DRIVERS AND HAVE OWNED HONDA VEHICLES FOR 25+ YEARS. WE HAVE NEVER HAD THIS TYPE OF PREMATURE BRAKE WEAR WITH HONDA OR ANY OTHER TYPE OF VEHICLE. THE MAJOR ISSUE IS THE POTENTIAL FOR THESE CARS TO BE ON THE HIGHWAY WITH INADEQUATE BRAKES. THE INCONVENIENCE AND TREMENDOUS COST OF REPLACING BRAKE PADS THIS FREQUENTLY WILL LEAD TO THIS SITUATION. THIS IS A FINANCIAL HARDSHIP THAT MAY LEAD TO A DANGEROUS SITUATION FOR CONSUMERS.

- PREMATURE BRAKE WEAR ON A 2008 HONDA ACCORD LX. 25773 MILES ON CAR. I TOOK IT INTO THE DEALER FOR SQUEALING SOUND.. THEY SAID IT WAS BRAKE PADS WORN ON REAR BRAKES, AND A REAR ROTOR NEEDING REPLACEMENT. THEY SAID IT WAS NOT COVERED UNDER WARRANTY, EVEN THOUGH ADMITTING OTHER PEOPLE HAVE COMPLAINED ABOUT PREMATURE BRAKE PAD WEAR. I FEEL THIS IS A SAFETY ISSUE THAT NEEDS TO BE ADDRESSED. I PAID $347 ON REPAIRS FOR SOMETHING THAT SHOULD HAVE BEEN COVERED BECAUSE OF HONDA'S PRIOR KNOWLEDGE OF THE PROBLEM BEFORE THEY EVEN SOLD THE CAR TO ME 8/28/08.

6

- 2008 HONDA ACCORD- REAR BRAKES HAVE BEEN REPLACED FOUR TIMES, ALONG WITH THE ROTORS ONCE. I HAVE 70,000 MILES (MAINLY HIGHWAY MILE) AND THEY ARE HAVING TO BE REPLACED ALMOST EVERY 20,000 MILES.

- I HAVE AN HONDA ACCORD EX PURCHASED ON OCT 2008. EVER SINCE 3000 MILES I HAVE BEEN HEARING A SQUEALING NOISE WHEN I DEPLOY THE BRAKES. IN AUGUST 17, 2009 THE SQUEAL TURNED INTO A GRINDING NOISE AND I HAD TO REPLACE BOTH REAR BRAKE PADS. MY CAR HAS ONLY 20,000 MILES. I SUSPECT THE QUALITY OF THE PART IS BELOW PAR IF NOT DEFECTIVE.

- BRAKES HAVE PULSATING WHEN BRAKING AND REQUIRE HEAVY PRESSURE TO BE APPLIED TO STOP. EVEN THOUGH CAR IS ONLY 1.5 YEARS OLD WITH 18,000 MILES, SERVICE DEALERSHIP STATES NEW BRAKES AND MACHINING ROTORS IS NEEDED.

- THE CONTACT OWNS A 2008 HONDA ACCORD. WHILE TEST DRIVING THE VEHICLE, THE FRONT END SHOOK WHILE THE BRAKE PEDAL WAS DEPRESSED. THE CONTACT TOOK THE VEHICLE TO THE DEALER AND THEY INSTALLED NEW ROTORS AND BRAKE PADS. THE FAILURE REMAINED AND THE VEHICLE WAS RETURNED TO THE DEALER FOR THE SECOND TIME. THE DEALER STATED THAT THE ROTORS NEEDED TO BE TURNED. THE FAILURE STILL PERSISTS. THE CURRENT MILEAGE WAS 1,300 AND FAILURE MILEAGE WAS 317.

18.     Honda tells Accord owners and lessees that they should inspect their vehicles' brake pads when the vehicles' on-board computer system, which Honda calls the "Maintenance Minder System," informs them that service is due. Honda states that "[t]he Honda Maintenance Minder System takes the guess work out of maintaining your vehicle. And keeping your vehicle maintained preserves your investment and helps keep your driving trouble free. There's no need to follow any other maintenance schedule. Just follow the Maintenance Minder."

19.     The Braking System defect causes the pads to wear at such an accelerated rate that the Accords' on-board computer system does not warn drivers that the brake pads require inspection or are suffering from dangerous levels of brake pad wear. Moreover, consumers do not expect to have to inspect or replace the brake pads after only 15,000 to 20,000 miles. The undisclosed defect in the Braking System poses an

7

1   unreasonable safety risk to consumers.

2       20.    Consumer complaints lodged with the NHTSA reflect consumers' concerns

3   relating to the dangers posed by the defective Braking System:

- MY 2008 HONDA ACCORD HAS EXPERIENCED PREMATURE BRAKE WEAR IN THE REAR BRAKES. AFTER ONLY A YEAR AND 16,500 MILES, THE REAR BRAKES ARE SHOT. THE DEALERSHIP TOLD ME THIS WAS "NORMAL" AND THEY NEEDED TO BE REPLACED, WHICH I DID. AFTER DOING SOME RESEARCH, I FIND THAT I'M NOT ALONE. I'VE FOUND HUNDREDS OF COMPLAINTS OF REAR BRAKE PROBLEMS AND I'D LIKE TO ADD MY VOICE TO THE CHORUS. I DRIVE MOSTLY ON THE HIGHWAY AND THESE BRAKES JUST SHOULD NOT HAVE WORN OUT THIS FAST! IT'S NOT JUST A MONEY ISSUE. PREMATURE BRAKE WARE IS A SAFETY ISSUE.

- AT 15,580 MILES THE REAR BRAKE PADS ON MY 2008 HONDA ACCORD EXL V-6 SEDAN WERE WORN DOWN AND NEEDED TO BE REPLACED. THE FRONT PADS ARE FINE. I HAVE DRIVEN VARIOUS OTHER VEHICLES AND HAVE NEVER HAD TO REPLACE THE BRAKE PADS AFTER SO SHORT OF A MILEAGE. THE SERVICE CONSULTANT AT MY HONDA DEALER SHOWED MY THE PAD AND THEY ARE VERY SMALL. I WAS INFORMED BY MY HONDA DEALER THAT THE PADS ARE TOO SMALL AND THEY ARE WEARING OUT FASTER. I BELIEVE THIS TO BE A DEFECT IN THE DESIGN AND I HAVE ALSO FILED A COMPLAINT WITH AMERICAN HONDA. I WOULD NEVER HAVE CHECKED MY PADS SO EARLY HAD I NOT BEEN AT THE DEALERSHIP. THIS IS POTENTIAL SAFETY ISSUE AS WELL. I WAS LUCKY AND CAUGHT THE PROBLEM BEFORE AN ACCIDENT, BUT BRAKE PADS SHOULD NOT NEED TO REPLACED ON A 1- YEAR OLD CAR WITH THIS LOW OF MILEAGE.

- I HAVE 19000 MILES ON MY CAR AND THE BACK BRAKE NEEDED REPLACING. THE DEALERSHIP REPLACED THE BACK BRAKES AND RESURFACED THE ROTORS DUE TO PREMATURE BRAKE WEARING. ACCORDING TO CARCOMPLAINTS.COM THERE ARE MANY OTHER 2008 HONDA ACCORDS THAT ARE HAVING THIS SAME FAILURE. I HAVE A 2 YEAR OLD AND CANNOT AND WILL NOT HAVE HER IN DANGER TO DEFECTIVE EQUIPMENT ON A BRAND NEW CAR.

- REAR BRAKE PADS ON 2000-2009 HONDA ACCORD WEAR OUT WITHIN 1 YEAR OR SO -- 18 MONTHS IN OUR CASE. USUALLY REAR BRAKE PADS LAST FOR MANY YEARS. THIS IS A SERIOUS POTENTIAL SAFETY HAZARD. HONDA HAS RECEIVED MANY COMPLAINTS ABOUT THIS, BUT IS STILL REFUSING TO ADMIT ANY PROBLEM THROUGH A TSB OR RECALL. I DON'T THINK ANYONE IS EXPECTING TO HAVE THEIR BRAKES BE COMPLETELY GONE THAT FAST. MY

8

WIFE HAD A NEAR MISS ACCIDENT WHEN TRAVELING WITH OUR CHILDREN BECAUSE THE PADS WERE SO WORN OUT. PLEASE USE LINK TO SEE MORE COMPLAINTS. I AM NOT ALONE IN THIS. HTTP://WWW.CARCOMPLAINTS.COM/HONDA/ACCORD/2008/BRAKES/PREMATURE_BRAKE_WEAR.SHTML.

- I BOUGHT A 2008 HONDA ACCORD EX-L V6 COUPE, AND AFTER ONLY 13,000 OR SO MILES I BEGAN HEARING A TERRIBLE METAL ON METAL SCRAPING NOISE COMING FROM THE REAR WHEEL WELL. I CONTACTED MY LOCAL HONDA DEALER WHO INDICATED THIS IS A KNOWN PROBLEM IN THIS MAKE AND MODEL CAR, BUT THAT IT WAS NOT ON RECALL "YET". AFTER ONE DAY OF DRIVING WITH THE NOISE I FELT A NOTICEABLE DIFFERENCE IN MY VEHICLE'S BREAKING AND HIGHWAY DRIVING. I INFORMED THE DEALER OF THIS AND WAS TOLD THAT ANY ABNORMAL BRAKE WEAR WILL EFFECT MY VEHICLES STABILITY ASSIST SYSTEM (SAS) WHICH CONTROLS THE VEHICLE'S TRACTION, SPEED, ACCELERATION, ETC.. WHEN I TOOK MY CAR INTO A REPAIR SHOP (NOT THE DEALER DUE TO THEIR ABSORBENT PRICES) THEY NOTIFIED ME THAT MY REAR INTERIOR BRAKEPAD WAS WORN DOWN TO THE INDICATORS. UNFORTUNATELY I HAD TO PAY OUT OF POCKET TO GET THIS FIXED BECAUSE HONDA INFORMED ME THIS WAS NOT COVERED BY WARRANTY AND DESPITE THE FACT THAT IT IS A KNOWN DEFECT THEY ARE NOT COVERING THE COST BECAUSE A RECALL IS NOT IN PLACE YET. I HAVE CHECKED SEVERAL CONSUMER WEBSITES WHEREIN THIS HAS BEEN NOTED AS A CONTINUOUS PROBLEM WITH THIS MAKE AND MODEL VEHICLE. EVERY 12,000-15,000 MILES OR SO THE REAR BRAKE PADS WEAR OUT PREMATURELY. I AM CONCERNED DUE TO THE RAPID PACE THAT THE BRAKE PADS WEAR OUT AT AND AM FEARFUL THAT MY VEHICLE (AND OTHERS LIKE IT) WILL LOOSE STABILITY AND RESULT IN AN ACCIDENT IF THIS PROBLEM IS NOT RESOLVED. THE DEALERSHIPS MAKE EXCUSES FOR THIS PROBLEM AND WHEN CONTACTING HONDA AMERICA THEY ACT AS IF THEY HAVE NEVER HEARD OF THE PROBLEM BEFORE. CARCOMPLAINTS.COM HAS 350 COMPLAINTS AND COUNTING AS OF 7/9/09 SO I FIND IT DIFFICULT TO BELIEVE THAT HONDA AMERICA HAS NEVER BEEN NOTIFIED OF THIS PROBLEM. I SAVED MY OLD PARTS AND THE RECEIPT/INVOICE FROM THE REPAIR PLACE I WENT TO AND AM EXPECTING A RECALL TO BE ISSUED (EVENTUALLY) SO THAT I AS WELL AS HUNDREDS IF NOT THOUSANDS OF OTHERS CAN BE REIMBURSED FOR THIS UNNECESSARY EXPENSE. DOES SOMEONE HAVE TO DIE TO GET A RECALL ?!

- THE CONTACT OWNS A 2008 HONDA ACCORD. THE CONTACT STATED THAT WHILE APPLYING PRESSURE ON THE BREAK, SHE EXPERIENCED SQUEALING AND REDUCED BREAKING CAPABILITY.

9

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

BREAK FAILURE CAN CAUSE AN INCREASE IN THE VEHICLES STOPPING DISTANCE WHICH INCREASES THE RISK OF VEHICLE CRASH. THE VEHICLE WAS TAKEN TO A DEALER AND A TECHNICIAN CONCLUDED THAT THE CALIPERS AND REAR BREAK SYSTEM NEEDED TO BE REPAIRED. AS OF CURRENT DATE NO REPAIRS WERE MADE. THE FAILURE AND CURRENT MILEAGES WERE 12,000.

- MY 2008 HONDA ACCORD WAS PURCHASED IN MARCH 2008. I WANTED A HONDA DUE TO THE REPORTS OF THEIR RELIABILITY AND SAFETY. I TOOK MY CAR FOR AN OIL CHANGE IN DECEMBER OF 2008 AND WAS TOLD THAT MY REAR BRAKES WERE SO FAR GONE THAT I WAS DIGGING INTO MY ROTORS. THERE WAS NO WARNING AT ALL. NO SQUEALING NOISES, NO FORM OF WARNING AT ALL. I COMPLAINED ALOT. HONDA ENDED UP SPLITTING IT WITH ME 50/50. AT THAT TIME I HAD 25,476 MILES ON THE CAR. I'M SURE THE BRAKES WERE SHOT WELL BEFORE THAT POINT. I TOOK MY CAR INTO THE DEALERSHIP THIS MORNING FOR ANOTHER OIL CHANGE. AGAIN, I WAS TOLD THAT I NEED NEW REAR BRAKES NOW. NO WARNING ONCE MORE. AND NOW I ONLY HAVE 21,000 MORE MILES ON THE CAR. HOW CAN IT BE ACCEPTABLE TO MANUFACTURE BRAKES THAT ONLY LAST FOR 20,000 MILES? MY WHOLE VIEW OF HONDA IS CHANGING RAPIDLY. I CALLED THE DEALERSHIP WHO REFERRED ME TO HONDA DIRECTLY. I CALLED HONDA AND GOT NO WHERE. I WAS TOLD THAT BECAUSE BRAKES ARE A "WEAR AND TEAR" ITEM THAT THERE IS NOTHING HONDA "CAN" DO. I ASKED TO SPEAK TO A MANAGER. THE BEST I GOT WAS A REP THAT TOOK MY INFO AND SAID SOMEONE WOULD BE CALLING ME IN 1-2 BUSINESS DAYS. AGAIN... NOT ACCEPTABLE. NOT ONLY ARE THEIR PRODUCTS GOING DOWNHILL, SO IS THEIR CUSTOMER SERVICE. I AM THANKFUL THAT MY BRAKES DIDN'T SIMPLY FAIL AND CAUSE A VERY BAD SITUATION. BUT WHO'S TO SAY THAT MY BRAKES WON'T FAIL THIS TIME AROUND UNLESS HONDA DOES SOMETHING TO RESOLVE THIS ISSUE.

- I BROUGHT MY 2008 HONDA ACCORD EX-L 4 CYL IN FOR THE SECOND ROUTINE MAINTENANCE ON JULY 7, 2009. I WAS SUBSEQUENTLY INFORMED THAT MY REAL BRAKES WERE SHOT, THAT I NEEDED REPLACEMENT PADS AND MY ROTORS TURNED. I WAS ASTOUNDED, I ONLY HAD 14,897 MILES ON IT. MY FRONT BRAKES WERE WORN DOWN TO 7 MM OUT OF 8MM! MY REAR PADS WERE WORN DOWN TO 1 MM OF SURFACE PAD! THEY WERE BASICALLY GONE! THE RED LINE FOR REAR BRAKE REPLACEMENT IS 3 MM OR 4/32 FOR DISC BRAKES. MY BRAKES NEVER SQUEALED AT ALL! NO WARNING! NO NOTHING?.. THE SERVICE REP STATED THAT THEY HAVE BEEN SEEING THESE THINGS AS OF LATE WITHOUT ANY EXPLANATION OR WHAT MIGHT BE CAUSING IT AND

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

THAT HONDA WAS AWARE OF THE PROBLEM. I TOLD HER THAT MY UNDERSTANDING IS THAT YOUR FRONT BRAKES PRIMARILY DO THE STOPPING OF THE CAR AND THAT YOU SHOULD GET AT LEAST 30-35,000 OR MORE MILES OUT OF YOUR REAR BRAKES. ( MY 2007 TOYOTA CAMRY HAS 40,000 ON THE REARS AND WILL NEED TO BE REPLACED SHORTLY.) SHE SAID THE BRAKE REPLACEMENT WOULD RUN ABOUT $ 230+, BUT SHE WOULD TALK WITH THE SERVICE MANAGER TO SEE IF THEY COULD OFFER SOMETHING OFF ON THE REPAIR JOB, MAYBE SPLIT THE COST. SHE STATED THAT THE CAR WAS OVER THE 12 MONTH/12,000 BASIC WARRANTY WHICH WOULD HAVE COVERED THIS PROBLEM. THEY GAVE ME A FREE RENTAL; I WENT TO MY OFFICE AND FOUND THIS SITE AND ALL THE HORROR STORIES. I CALLED THE SERVICE REP, SHE SAID THAT THEY WOULD SPLIT THE COST OF THE REPAIR. I TOLD HER WHAT I FOUND OUT AND THAT THIS WAS NOT ACCEPTABLE. I TOLD THE REP THAT I WANTED TO SPEAK WITH THE SERVICE MANAGER AND THE OWNER OF THE DEALERSHIP. THAT I DON?T THINK THAT I SHOULD PAY FOR ANYTHING, THAT THEY KNEW THERE WAS A DANGEROUS FLAW WITH THIS CAR WHEN THEY SOLD IT TO ME. SHE ALSO MENTIONED THAT A HONDA SERVICE REPRESENTATIVE WAS THERE THAT DAY; I ALSO WANTED TO SPEAK WITH HER.

- CAR PURCHASED 11/21/08. ON OR ABOUT 12/10/08, BRAKES BEGAN TO MAKE A LOUD, SQUEAKING, SQUEALING NOISE, AND BEGAN TO FADE, ESP. GOING AROUND CORNERS,UPHILL, AND ON PARKING GARAGE SURFACES. I AM VERY CONCERNED ABOUT THEM FADING AND HAVING TO RELEASE AND RE-BRAKE FROM ANY SPEED. THEY ARE LOUD, GETTING LOUDER, PERSISTENTLY LOUD AND FADING AND VERY OFTEN, BRAKING INADEQUATELY FROM ALL SPEEDS ! CAR HAS BEEN IN 4 TIMES TO DEALER AND DEALERS RECORDS WILL INDICATE THAT THEY SUPPOSEDLY REPAIRED AND FINALLY REPLACED PARTS. I SPOKE TO AMERICAN HONDA ( MANUFACTURER'S MAIN OFFICE) ON MARCH 12, 2009 AND WAS TOLD INCREDIBLY, THAT THEY DID NOT KNOW HOW TO FIX THE PROBLEM, WOULD NOT DO ANYTHING FURTHER TO TRY TO FIX THE PROBLEM, WERE NOT INTERESTED IN HAVING THE AREA REPRESENTATIVE SEE THE CAR IN PERSON, AND HAD NO REPLACEMENT, RECALL OR BUYBACK PROGRAM FOR THIS PROBLEM!!! I FEEL VERY UNSAFE AND UPSET IN THIS CAR!

21.     Honda has long known that the Class Vehicles have a defective Braking System. Honda has exclusive access to information about the Braking System defect through its dealerships, pre-release testing data, warranty data, customer complaint data, and replacement part sales data, among other sources of aggregate information about the

11

1  problem. In contrast, the Braking System defect was not known or reasonably
2  discoverable by the Plaintiffs and Class members prior to purchase and without
3  experiencing the defect first hand and exposing themselves to an unreasonable safety
4  risk.

5       22.    Honda has actively concealed the Braking System defect from consumers.
6  Even when vehicle owners specifically ask whether their vehicle suffers from a known
7  problem, Honda's policy is to deny that there is a known problem, continue concealing
8  the Braking System defect, and to assert that replacing brake pads every 15,000 to 20,000
9  miles is normal. Honda knew that potential car buyers and lessees would deem the defect
10 in the Braking System to be material such that reasonable consumers who knew of the
11 defect either would have paid less for the Class Vehicles or would not have purchased or
12 leased a Class Vehicle at all.

13      23.    As a result of Honda's practices, Plaintiffs and Class members purchased
14 vehicles they otherwise would not have purchased, paid more for those vehicles than they
15 would have paid, were subjected to an unreasonable risk to their safety, and unnecessarily
16 paid, and will continue to pay, repair costs as a result of the Braking System defect.

17                         **PLAINTIFFS' EXPERIENCES**
18                          **Plaintiff Vanessa Browne**

19      24.    In January 2009, Plaintiff Browne purchased a new 2008 Honda Accord
20 sedan from Riverside Honda in Riverside, California, which came with the factory-
21 installed Braking System. Ms. Browne decided to purchase an Accord because of the
22 price and because she thought it was a safe and reliable vehicle. Honda did not inform
23 Ms. Browne before her purchase that the Accord's Braking System was defective or that
24 it would need to have its rear brake pads replaced every 15,000 to 20,000 miles. Ms.
25 Browne would not have purchased her vehicle had she known those facts.

26      25.    In July 2009, six months after purchasing her vehicle and after having
27 driven less than 18,000 miles, Ms. Browne noticed a high pitched noise when driving in
28 reverse.

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

26.     Ms. Browne contacted the service department at the Riverside Honda dealership. The Honda technician told Ms. Browne that she needed her rear brake pads immediately replaced for $325. Ms. Browne's vehicle's computer system, the Maintenance Minder, did not warn her that her brake pads needed inspection or replacement. The technician further told Ms. Browne that the repair was not covered under warranty because Honda's official position is that there is not a problem with the Braking System.

27.     Frustrated and distrustful of Honda, Ms. Browne took her vehicle to an independent mechanic and paid $160 to replace her rear brake pads. The mechanic told Ms. Browne that he had performed a lot of low-mileage rear-brake repairs on late model Accords.

28.     The next day, Ms. Browne called Honda's corporate office in Torrance, California, to express her frustration and dissatisfaction with her vehicle's Braking System. Honda refused to provide assistance and refused to admit that there was a problem with the Braking System installed on her vehicle.

29.     Ms. Browne is concerned with the safety and reliability of her vehicle's Braking System. She is also upset because she will have to spend time and money replacing her brake pads every 15,000 to 20,000 miles, which she did not anticipate at the time of purchase.

### Plaintiff Paul Moore

30.     In October 2008, Plaintiff Moore purchased a new 2008 Honda Accord. The vehicle came with the factory-installed Braking System. Mr. Moore purchased his Accord because of the brand's reputation for reliability and because of the safety features touted by Honda, including the Vehicle Stability Assist and the anti-lock braking system. Mr. Moore was not told before his purchase that the Accord's Braking System was defective or that it would need to have its rear brake pads replaced every 15,000 to 20,000 miles. Mr. Moore would not have purchased his vehicle had he known of the defect.

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

31.    In July 2009, about nine months after purchasing his vehicle and after having driven slightly more than 15,000 miles, Mr. Moore noticed a high pitched noise while driving. Concerned, Mr. Moore inspected his Accord for problems; however, it never occurred to him that the noise was related to the brakes given his vehicle's low mileage and that it was less than a year old. At no point did Mr. Moore's on-board vehicle computer system, the Maintenance Minder, warn him that his brake pads needed inspection or replacement.

32.    The noise occurred sporadically at first, but quickly became more constant. Confused, Mr. Moore presented his vehicle to the service department at his local dealership for a diagnosis of the problem. Before even inspecting Mr. Moore's vehicle, the Honda technician asked the mileage of the vehicle and determined that the rear brakes were probably the source of the noise.

33.    After inspecting the vehicle, the technician verified that Mr. Moore's vehicle needed new rear brake pads. The technician stated that the pads were a "wear and tear" item, and that Mr. Moore needed to make an appointment with the dealership to obtain an estimate for the repair costs.

34.    Mr. Moore was surprised and frustrated by having to spend money to replace parts that he believed should last much longer than 15,000 miles. He searched on the internet and discovered that hundreds of other Accord owners had experienced the same premature rear brake pad wear. Mr. Moore learned that the other consumers who had encountered the same issues also were denied warranty coverage. Based on what Mr. Moore read on the internet and his experience at the dealership, Mr. Moore concluded that Honda would not provide the repairs under warranty. To save money, Mr. Moore replaced the rear brake pads in the vehicle himself. Mr. Moore purchased replacement parts for approximately $80.

## CLASS ACTION ALLEGATIONS

35.    Plaintiffs bring this action on behalf of themselves and a class of persons initially defined as follows:

14

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

All residents of the United States, including the Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam, who currently own or lease, or previously owned or leased a Class Vehicle (the "Class").

36.     Excluded from the Class are Honda and Honda Motor Co., Ltd.; any affiliate, parent, or subsidiary of Honda or Honda Motor Co., Ltd.; any entity in which Honda or Honda Motor Co., Ltd., has a controlling interest; any officer, director, or employee of Honda or Honda Motor Co., Ltd.; any successor or assign of Honda or Honda Motor Co., Ltd.; anyone employed by counsel for Plaintiffs in this action; any Judge to whom this case is assigned as well as his or her immediate family and staff; and anyone who purchased a Class Vehicle for the purpose of resale.

37.     This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

38.     _Numerosity._   Members of the Class are so numerous that their individual joinder herein is impracticable.  Hundreds of thousands of Class Vehicles have been sold or leased in the United States, with a substantial portion of those sales occurring in California.  Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

39.     _Existence and predominance of common questions._  Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  These common questions include the following:

       a.     Whether Honda provided Plaintiffs and Class members with a vehicle installed with a defective Braking System or defective component parts;

       b.     Whether the fact that the Braking System is defective and requires brake pad replacement every 15,000 to 20,000 miles would be considered material by a reasonable consumer;

       c.     Whether Honda has a duty to disclose the Braking System defect to

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

Plaintiffs and other Class members;

    d.    Whether Honda has violated the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, as alleged in this complaint;

    e.    Whether Honda has engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code section 17200 *et seq.*, as alleged in this complaint;

    f.    Whether Honda breached the express warranties by refusing to provide warranty coverage for the Braking System or any of its component parts;

    g.    Whether Plaintiffs and the other Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction; and

    h.    Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief.

40.    <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Class, because, among other things, Plaintiffs purchased Class Vehicles, which contain the same defective Braking System found in all other Class Vehicles.

41.    <u>Adequacy</u>.  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent.  Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

42.    <u>Superiority</u>.  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Honda economically feasible.  Even if Class members themselves could afford such individualized litigation, the court system could

16

not.  In addition to the burden and expense of managing myriad actions arising from the Braking System defect, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

43.    In the alternative, the Class may be certified because:

a.    the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Honda;

b.    the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Honda has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et. seq.*)

44.    On behalf of himself and all others similarly situated, Plaintiff Moore realleges as if fully set forth, each and every allegation set forth herein.

45.    Honda is a "person" under Cal. Civ. Code section 1761(c).

46.    Plaintiff Moore and the other Class members are "consumers" under Cal. Civ. Code section 1761(d).

47.    Plaintiff Moore and the other Class members engaged in "transactions"

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

1  under Cal. Civ. Code section 1761(e), including the purchase or lease of Class Vehicles

2  from Honda and the presentation of Class Vehicles for repair or replacement of the

3  Braking System to Honda.

4       48.    As set forth herein, Honda's acts, policies, and practices undertaken in

5  transactions intended to result and which did result in the sale or lease of Class Vehicles,

6  violate sections 1770(a)(5), (a)(7), (a)(9), (a)(14), and (a)(16) of the CLRA in that: (a)

7  Honda represents that its goods have sponsorship, approval, characteristics, uses, or

8  benefits which they do not have; (b) Honda represents that its goods are of a particular

9  standard, quality, or grade, but are of another; (c) Honda advertises its goods with intent

10  not to sell them as advertised; (d) Honda represents that a transaction confers or involves

11  rights, remedies, or obligations which it does not have or involve; and (e) Honda

12  represents that its goods have been supplied in accordance with a previous representation

13  when they have not.

14       49.    The existence of the defect in the Braking System is a material fact. The

15  Plaintiffs and other Class members were unaware of the defective Braking System when

16  they purchased the Class Vehicles. Consumers value reliability and dependability of

17  automobiles and automobile parts, especially concerning vital safety mechanisms such as

18  the Braking System in the Class Vehicles. Had they known that the Braking System was

19  defective, Plaintiffs and other Class members would not have purchased or leased the

20  Class Vehicles, or would have done so at lower prices.

21       50.    Reasonable consumers expect, among other things:

22          a.    New vehicles, including Class Vehicles, to be equipped with safe and

23                reliable brakes and to not be sold with undisclosed safety defects;

24          b.    New vehicles, including Class Vehicles, to function properly for the

25                duration of the warranty and that defects will be covered under

26                warranty; and

27          c.    New vehicles, including Class Vehicles, to not require replacement of

28                the brake pads within 15,000 to 20,000 miles of purchase or lease, or

18

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

1    every 15,000 to 20,000 miles for the life of the vehicle.

2        51.    Honda had a duty to disclose the Braking System's defect in the Class

3    Vehicles for various reasons, including that:

4              a.     The existence of the defect poses an unreasonable risk to the safety of

5                    the Plaintiffs and other Class members;

6              b.     The defect's existence is contrary to Honda's representations and

7                    consumers' expectations;

8              c.     Honda's concealment of the defect and/or Honda's failure to disclose

9                    the defect was likely to deceive reasonable consumers;

10              d.     Honda intentionally concealed the defect with the intent to defraud

11                    consumers;

12              e.     Honda's concealment of the defect harmed the Plaintiffs and other

13                    Class members; and

14              f.     Honda never intended to fulfill its warranty obligations to repair or

15                    replace the defect in the Braking System or any of the damage caused

16                    thereby.

17        52.    As a result of Honda's practices, Plaintiff Moore and the other Class

18    members have suffered harm.

19        53.    Plaintiff Moore provided Honda with a preliminary notice and demand as

20    required by section 1782 of the CLRA.  Honda failed to remedy the violations within

21    thirty days of receipt of the notice and demand.

22        54.    Pursuant to the provisions of Cal. Civ. Code § 1780, Plaintiff Moore seeks

23    damages, consequential damages, specific performance, diminution in value, costs,

24    rescission, an order enjoining Honda from the unlawful practices described herein, a

25    declaration that Honda's conduct violates the CLRA, and attorneys' fees and costs of

26    litigation.

27

28

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

## SECOND CAUSE OF ACTION

### (For unlawful, unfair, and fraudulent business practices under California Business and Professions Code § 17200 *et seq.*)

55. Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully set forth, each and every allegation set forth herein.

56. Honda's acts and practices, as alleged in this complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

57. The business practices engaged in by Honda that violate the Unfair Competition Law include failing to disclose at the point of sale, the point of repair, or otherwise, that the Braking System is defective.

58. Honda engaged in unlawful business practices by violating the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; and by engaging in conduct, as alleged herein, that breaches the express warranties.

59. Honda engaged in unfair business practices by, among other things:

    a.    Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and other members of the Class;

    b.    Engaging in conduct that undermines or violates the stated policies underlying the CLRA and the Magnuson-Moss Warranty Act, each of which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace; and

    c.    Engaging in conduct that causes a substantial injury to consumers, not outweighed by any countervailing benefits to consumers or to competition, which the consumers could not have reasonably avoided.

60. Honda engaged in fraudulent business practices by engaging in conduct that

20

1   was and is likely to deceive consumers acting reasonably under the circumstances.

2       61.     As a direct and proximate result of Honda's unfair and fraudulent business
3   practices as alleged herein, Plaintiffs suffered injury in fact and lost money or property, in
4   that they purchased a vehicle they otherwise would not have purchased, paid for Braking
5   System diagnoses, repairs, and replacements, and are left with Class Vehicles of
6   diminished value and utility because of the defective Braking System.  Meanwhile,
7   Honda has sold and leased more Class Vehicles and Braking System parts than it
8   otherwise could have and charged inflated prices for Class Vehicles, unjustly enriching
9   itself thereby.

10      62.     Plaintiffs and Class members are entitled to equitable relief including
11  restitution of all fees, restitutionary disgorgement of all profits accruing to Honda
12  because of its unfair, fraudulent, and deceptive practices, attorneys' fees and costs,
13  declaratory relief, and a permanent injunction enjoining Honda from its unfair,
14  fraudulent, and deceitful activity.

15                          **THIRD CAUSE OF ACTION**

16          **(For Breach of Written Warranty Under the Magnuson-**
17              **Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*)**

18      63.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege
19  as if fully set forth, each and every allegation set forth herein.

20      64.     Plaintiffs and the other Class members are "consumers" within the meaning
21  of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

22      65.     Honda is a "supplier" and "warrantor" within the meaning of sections
23  2301(4)-(5).

24      66.     The Class Vehicles are "consumer products" within the meaning of section
25  2301(1).

26      67.     Honda's express warranties are "written warranties" within the meaning of
27  section 2301(6).

28      68.     Honda breached the express warranties by:

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

    a.    Extending 3 year/36,000 mile and 4 year/50,000 mile express warranties with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

    b.    Selling and leasing Class Vehicles with Braking Systems that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

    c.    Refusing to honor the express warranties by repairing or replacing, free of charge, the Braking System or any of its component parts and instead charging for repair and replacement parts.

69.    Honda's breach of the express warranties has deprived the Plaintiffs and the other Class members of the benefit of their bargain.

70.    The amount in controversy of the Plaintiffs' individual claims meets or exceeds the sum or value of $25. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

71.    Honda has been afforded a reasonable opportunity to cure its breach of written warranties, including when Plaintiffs and other Class members brought their vehicles in for diagnoses and repair of their Braking Systems.

72.    As a direct and proximate cause of Honda's breach of written warranties, Plaintiffs and Class members sustained damages and other losses in an amount to be determined at trial. Honda's conduct damaged Plaintiffs and Class members damages, who are entitled to recover damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

## FOURTH CAUSE OF ACTION

### (For Breach of Express Warranty Under Cal. Comm. Code § 2313)

73.    Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully set forth, each and every allegation set forth herein.

74. Honda provided all purchasers and lessees of the Class Vehicles with the express warranties described herein, which became part of the basis of the bargain. Accordingly, Honda's express warranties are express warranties under California law.

75. The Braking System and its component parts were manufactured and/or installed by Honda in the Class Vehicles and are covered by the express warranties.

76. Honda breached the express warranties by:

    a. Extending 3 year/36,000 mile and 4 year/50,000 mile express warranties with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

    b. Selling and leasing Class Vehicles with Braking Systems that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

    c. Refusing to honor the express warranties by repairing or replacing, free of charge, the Braking System or any of its component parts and instead charging for repair and replacement parts.

77. Plaintiffs notified Honda of the breach within a reasonable time and/or were not required to do so because affording Honda a reasonable opportunity to cure its breach of written warranties would have been futile. Honda was also on notice of the defect from the complaints and service requests it received from Class members, from repairs and/or replacements of the Braking System or a component thereof, and through its own maintenance records.

78. As a direct and proximate cause of Honda's breach, Plaintiffs and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale or lease, that is, the difference between the value of the vehicle as promised and the value of the vehicle as delivered. Additionally, Plaintiffs and the other Class members either have incurred or will incur economic damages at the point of repair in the form of the cost of repair.

23

AMENDED CLASS ACTION COMPLAINT<br>CASE NO. CV09-06750 MMM (DTBX)

79.    Plaintiffs and the other Class members are entitled to legal and equitable relief against Honda, including damages, consequential damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on Plaintiffs' own behalf and on behalf of the Class, pray for judgment as follows:

a.    For an order certifying the Plaintiff Class and appointing Plaintiffs and their counsel to represent the Class;

b.    For an order awarding Plaintiffs and the members of the Class damages, consequential damages, specific performance, and/or rescission;

c.    For an order awarding Plaintiffs and the members of the Class restitution, or other equitable relief as the Court deems proper;

d.    For an order enjoining Honda from continuing to engage in unlawful business practices as alleged herein;

e.    For an order awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest;

f.    For an order awarding Plaintiffs and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

g.    For an order awarding such other and further relief as this Court may deem just and proper.

//
//
//
//
//
//
//
//

AMENDED CLASS ACTION COMPLAINT
CASE NO. CV09-06750 MMM (DTBX)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

DATED: January 14, 2010                    Respectfully submitted,

**GIRARD GIBBS LLP**

By: _____
         Eric H. Gibbs

Dylan Hughes
Geoffrey A. Munroe
601 California Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Steve Berk
Michael Lewis
**BERK LAW PLLC**
1225 Fifteenth St. NW
Washington, DC 20005
Phone: (202) 232-7550
Fax: (202) 232-7556

Attorneys for Plaintiffs

25

## CERTIFICATE OF SERVICE

I, Sue M. Querubin, hereby declare as follows:

I am employed by Girard Gibbs, A Limited Liability Partnership, 601 California Street, 14th Floor, San Francisco, California 94108. I am over the age of eighteen years and am not a party to this action. On January 14, 2010, I served the following document(s):

   1.   **AMENDED CLASS ACTION COMPLAINT**

on:

Roy M. Brisbois
Eric Y. Kizirian
**LEWIS BRISBOIS BISGAARD**
**& SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

 X X  by placing the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

_____ by personally delivering the document(s) listed above to the person(s) set forth below on this date.

_____ by causing personal delivery by Spincycle of the document(s) listed above to the person(s) at the address(es) set forth below.

_____ by depositing the document(s) listed above in a sealed envelope with delivery fees provided for a FedEx pick up box or office designated for overnight delivery, and addressed as set forth below.

_____ by transmitting via electronic mail the above listed document(s) to the email address(es) set forth below on this date.

CERTIFICATE OF SERVICE
CASE NO. CV09-06750 MMM (DTBX)

1       I declare under penalty of perjury under the laws of the State of California that the

2  above is true and correct, executed January 14, 2010, at San Francisco, California.

_____

Sue M. Querubin

CERTIFICATE OF SERVICE

CASE NO. CV09-06750 MMM (DTBX)