Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Steven N. Berk (*pro hac vice*)
steven@berklawdc.com
Michael Lewis (*pro hac vice*)
**BERK LAW PLLC**
1225 Fifteenth St. NW
Washington, DC 20005
Phone: (202) 232-7550
Facsimile: (202) 232-7556

Attorneys for Individual and Representative
Plaintiffs Vanessa Browne and Paul Moore

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BROWNE and PAUL MOORE, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>        v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>                    Defendant. | Case No.  CV 09-06750-MMM(DTBx)<br><br>Honorable Margaret M. Morrow<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

1    The parties to this litigation have entered into a Master Settlement Agreement and

2    Release ("Settlement Agreement") dated March 4, 2010, which if approved, would

3    resolve this putative class action.  Plaintiffs have filed a motion for preliminary approval

4    of the Settlement Agreement, which Defendant American Honda Motor Co., Inc.,

5    ("Honda") supports.  The Court has read and considered the Settlement Agreement and

6    all exhibits thereto, including the proposed class notice and claim form, and finds there is

7    sufficient basis for (1) granting preliminary approval of the Settlement Agreement, (2)

8    certifying the class for settlement purposes, (3) appointing Plaintiffs as Class

9    Representatives and their counsel as Class Counsel, (4) directing that notice be

10   disseminated to the Class, and (5) setting a hearing at which the Court will consider

11   whether to grant final approval of the Settlement.

12      The Court now GRANTS the motion for preliminary approval and makes the

13   following findings and orders:

14      1.    The Court preliminarily certifies, for settlement purposes only, the

15   following settlement class (the "Class") pursuant to Rule 23(b)(3) of the Federal Rules

16   of Civil Procedure:

17          All residents of the United States, Commonwealth of Puerto Rico, U.S.
18          Virgin Islands, and Guam who currently own or lease, or previously
            owned or leased a Class Vehicle.
19

20          Excluded from the Class are Honda, Honda's employees, employees of
            Honda's affiliated companies, Honda's officers and directors, Honda's
21          counsel, insurers of Class Vehicles, all entities claiming to be subrogated to
22          the rights of Class Members, issuers of extended vehicle warranties, and the
            Judge(s) to whom the Litigation is or will be assigned.
23

24   For purposes of the Settlement Agreement, "Class Vehicles" shall mean the following

25   automobiles sold or leased in the United States, Commonwealth of Puerto Rico, U.S.

26   Virgin Islands, or Guam:  2008 and 2009 model year Honda Accord automobiles; 2009

27   model year Acura TSX automobiles; certain 2010 model year Honda Accord automobiles

28   identified by VIN numbers included in a list provided to and maintained by Class

1

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  CV 09-06750-MMM(DTBx)

Counsel and Honda's Counsel; and certain 2010 model year Acura TSX automobiles identified by VIN numbers included in a list provided to and maintained by Class Counsel and Honda's Counsel.  "Benefit Period" means (i) the three year period commencing on the date the Class Vehicle was purchased or leased by a member of the Proposed Settlement Class (regardless of the mileage), or (ii) the 90 day period following the Final Approval date, whichever is later.[1]

2.     The Court appoints Plaintiffs Vanessa Browne and Paul Moore to serve as Class Representatives.

3.     The Court appoints Girard Gibbs LLP and Berk Law PLLC to serve as Class Counsel.

4.     The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the settlement Class.  Joinder of all Class Members, consisting of the owners and lessees of all Class Vehicles, in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion.  Common issues exist among Class Members and predominate over questions affecting only individual Class Members; in particular, each Class Member's claims depend on whether Class Vehicles suffer from an inherent braking system defect, and each Class Member's claims arise, at least in part, from standardized warranty language, duties and obligations.  Plaintiffs' claims are typical of those of the Class, as Plaintiffs own Class Vehicles and complain of the same allegedly inherent braking system defect that forms the basis of all Class Members' claims.  Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; Plaintiffs have no interests antagonistic to those of the Class, and have retained counsel experienced and competent to prosecute this matter on behalf of the Class.  Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

5.      The Court preliminarily approves the proposed Settlement Agreement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Class.  The Court finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation between their respective counsel.

6.      The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Class set forth in the Settlement Agreement.  The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

7.      Within 60 days after entry of this Order, Honda shall cause the individual notice, substantially in the form attached hereto as Exhibit 1, and claim form, substantially in the form attached hereto as Exhibit 2, to be mailed to all reasonably identifiable current and former owners and lessees of Class Vehicles ("Class Vehicle owners").

8.      If it has not already done so, Honda shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal official and the appropriate State official of each State in which a Class Member resides.  Honda shall also provide copies of its submissions to Class Counsel.

9.      As set forth in the Settlement Agreement, Honda shall bear all costs and expenses in connection with providing notice to the Class, complying with  28 U.S.C. § 1715(b) and administering the proposed settlement.

10.      A hearing on entry of final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and incentive payments to the named Plaintiffs (the "Fairness Hearing") shall be held at 10 a.m. on Monday, September 13, 2010, before the undersigned in Courtroom 780 of the United States District Court for Central District

3

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  CV 09-06750-MMM(DTBx)

of California, 255 East Temple Street, Los Angeles, CA 90012. At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and incentive awards for the named Plaintiffs should be granted.

11.   No later than fourteen days prior to the Fairness Hearing, Honda, through its claims administrator Rust Consulting, shall provide an affidavit to the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of the Settlement Agreement or as ordered by this Court.

12.   Any Class Member shall have the right to opt out of the Class and the Settlement by sending a written request for exclusion from the Class to the addresses listed in the Notices, postmarked or delivered no later than August 16, 2010. To be effective, a Request for Exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and VIN of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class. Any Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

13.   Counsel for the respective parties shall file memoranda, declarations, or other statements and/or materials in support of the request for final approval of the parties' Settlement, no later than August 2, 2010.

14.   Class Counsel shall file an application for an award of attorneys' fees and costs and for an incentive award to the named Plaintiffs ("Fee Application") no later than August 2, 2010.

15.   Any member of the Class who intends to object to final approval of the Settlement Agreement or the Fee Application must, on or before August 16, 2010, file

4

1   any such objection with the Court, and provide copies of the objection or comment to: (1)

2   Girard Gibbs LLP, c/o Honda Braking System Objection, 601 California Street, 14th

3   Floor, San Francisco, CA 94108 <u>or</u> Berklaw PLLC, c/o Honda Braking System

4   Objection, 1225 Fifteenth St., Washington, D.C. 20005; and (2) Lewis Brisbois Bisgaard

5   & Smith LLP, c/o Roy M. Brisbois, 221 North Figueroa Street, Suite 1200, Los Angeles,

6   CA 90012-2601.

7        16.    To state a valid objection to the Settlement, an objecting Class Member

8   must provide the following information in his, her or its written objection (i) his/her/its

9   full name, current address, and current telephone number; (ii) the model year of

10  his/her/its Class Vehicle(s), the VIN of his/her Class Vehicle(s); (iii) a statement of the

11  position(s) the objector wishes to assert, including the factual and legal grounds for the

12  position; and (iv) copies of any other documents that the objector wishes to submit in

13  support of his/her/its position.  Similarly, any Class Member who objects to the

14  application for attorneys' fees filed by class counsel may file written objections to the

15  application by August 16, 2010.  Any objection to attorneys' fees shall include the

16  information outlined in paragraphs (i) through (iv) above.  In addition, any Class Member

17  objecting to the Settlement shall provide a detailed list of any other objections submitted

18  by the objector, or the objector's counsel, to any class action settlements submitted in any

19  court, whether state, federal or otherwise, in the United States in the previous five (5)

20  years.  If the Class Member or his or her counsel has not objected to any other class

21  action settlement in any court in the United States in the previous five (5) years, he, she

22  or it shall affirmatively so state in the written materials provided in connection with the

23  objection to this Settlement.

24       17.    Any objecting Class Member may appear, in person or by counsel, at the

25  Final Approval Hearing to show cause why the proposed Settlement should not be

26  approved as fair, adequate and reasonable, or object to any petitions for attorneys' fees,

27  incentive awards, and reimbursement of litigation costs and expenses, but only if the

28  class member has first filed written objections to the proposed settlement by the deadline

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  CV 09-06750-MMM(DTBx)

set forth in this order.  In doing so, the objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Fairness Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Order, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

18.    The filing of an objection allows Class Counsel or Counsel for Honda to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

19.    The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  CV 09-06750-MMM(DTBx)

20.     No later than August 30, 2010, the parties shall file any reply in support of final approval of the Settlement Agreement and Class Counsel shall file any reply in support of the Fee Application.

21.     The Court reserves the right to adjust the date of the Fairness Hearing and related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted on the settlement website referred to in the class notice, and the parties shall not be required to re-send or re-publish class notice.

Dated:  <u>April 15, 2010</u>

_Margaret M. Morrow_
Hon. Margaret M. Morrow
United States District Court Judge

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  CV 09-06750-MMM(DTBx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# Notice of Honda and Acura Rear Brake Pad Settlement

If you received this notice by mail, *or* if you are a current or former owner or lessee of one of the Honda or Acura vehicles listed in section 6 below, you could get cash reimbursements for brake pad replacements **up to**:

**$125** for replacements using original Honda rear brake pads,

***and***;

**$150** for a replacement using improved Honda rear brake pads.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

■ Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get cash payment.**<br>If you timely submit a valid Claim Form (enclosed) with a receipt, repair order or similar documentation evidencing the payment for a qualified **rear brake pad replacement**. |
| **ASK TO BE EXCLUDED** | **Receive no payment. Get out of this lawsuit. Keep rights.**<br>If you ask to be excluded you are not eligible to receive a cash payment from this lawsuit, but you will maintain the right to sue Honda for the same or similar legal claims in this lawsuit. |
| **COMMENT OR OBJECT** | **Write the Court about why you like or don't like the settlement.**<br>You may write the Court indicating why you like or dislike the settlement. You must remain a member of the lawsuit (you cannot ask to be excluded) in order to object to the settlement. |
| **DO NOTHING** | **Get no payment. Give up rights.**<br>By doing nothing, you will not recover money from the class action settlement. You will also give up any rights to sue Honda separately about the same or similar legal claims in this lawsuit. |

■ These rights and options—**and the deadlines to exercise them—**are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.
- **Attached at the end of this notice is a Glove Box Insert that can be torn off and placed in your glove box as a reminder that Honda may reimburse you for past or future rear brake pad replacements.**

# CONTENTS

**Basic Information**
    1.    What is the purpose of this notice?
    2.    What is this class action lawsuit about?
    3.    What is a class action lawsuit and who is involved?
    4.    Why is there a settlement?
    5.    Is this a safety issue?

**Who Is In The Settlement?**
    6.    Am I part of this Class?
    7.    I'm still not sure if I am included.

**Settlement Benefits—What You Get**
    8.    Who gets paid?
    9.    How much will I get?
    10.    How do I get paid?
    11.    What if I don't timely mail a completed Claim Form & documentation?
    12.    When do I get my payment?
    13.    What am I giving up to get a payment and stay in the Class.

**Excluding Yourself From The Settlement**
    14.    How do I get out of this settlement?
    15.    If I don't exclude myself, can I sue Honda later?
    16.    If I exclude myself can I get money from this Settlement?

**The Lawyers Representing You**
    17.    Do I have a lawyer in this case?
    18.    Should I get my own lawyer?
    19.    How will the lawyers be paid and will there be incentive payments?

**Support or Object To The Settlement**
    20.    How do I tell the Court that I like or do not like the settlement?
    21.    What is the difference between objecting and excluding?

**Fairness Hearing**
    22.    When and where will the Court decide to approve the settlement?
    23.    Do I have to come to the hearing?
    24.    May I speak at the hearing?

**If You Do Nothing**
    25.    What happens if I do nothing at all?

**Additional Information**
    26.    Are there more details available?
    27.    FOR YOUR GLOVE BOX

# BASIC INFORMATION

## 1.   What is the purpose of this notice?

You or someone in your family has been identified as a current or former owner or lessee of a 2008-2010 Honda Accord or a 2009-2010 Acura TSX.

A class action lawsuit is pending in the United States District Court for the Central District of California known as *Browne  et al v. American Honda Motor Co., Inc.*, Case No. CV 09-06750 MMM (DTBx).  Judge Margaret Morrow, who is overseeing this case, authorized this Notice. You have a right to know about the class action lawsuit and proposed settlement. As a class member you have various options that you may exercise before the Court decides whether to approve the settlement.  If the Court approves the settlement, and after any appeals are resolved, if any,  Honda will make payments   pursuant to the settlement to class members that submit timely and valid claims.

This Notice explains the lawsuit, the settlement, your legal rights, the available benefits, who is eligible for them, and how to get them.

## 2.   What is this class action lawsuit about?

This lawsuit is about the rear braking system in the "Class Vehicles," namely, the 2008-2009 Honda Accords and 2009 Acura TSXs, as well as the 2010 model year Accords and Acura TSXs listed by VIN number at www.accordsettlement.com and www.girardgibbs.com/hondabrakes.asp.

The Plaintiffs allege the rear brake pads in the Class Vehicles wear out prematurely. The Plaintiffs argue the premature rear brake pad wear is due to a defect and that Honda should have covered premature rear brake pad wear and should have disclosed the defect in the rear braking system at the time of sale.  Honda denies there is a defect or that it did anything wrong.

You can read the Class Action Complaint at www.girardgibbs.com/hondabrakes.asp.

## 3.   What is a class action lawsuit and who is involved?

In a class action lawsuit, one or more persons, called "Class Representatives" sue on behalf of other people who have similar claims. All of these people together are called a "Class" or "Class Members." Class Representatives—and all Class Members like them—are called the Plaintiffs. The company they sued (in this case American Honda Motor Co., Inc. ("Honda")) is called the Defendant.  The lawyers who represent the Class are called "Class Counsel."  In the class action lawsuit all factual questions and legal issues are resolved for everyone in the Class-except for those people who choose to exclude themselves from the Class.

### 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get compensation quickly.   The Class Representatives and Class Counsel think the settlement is best for everyone who has owned or leased a Class Vehicle.

### 5.   Is this a safety issue?

Honda's investigation and research concerning the cause of premature rear brake pad wear has not identified any safety concern.  Similarly, Class Counsel's investigation and research of the premature rear brake pad wear issue has not identified a safety concern.

## WHO IS IN THE SETTLEMENT?

### 6.   Am I part of this Class?

The Class includes all residents of the United States, including the Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam, who are current or former owners or lessees of a Class Vehicle.  Class Vehicles include the following:

- 2008 Honda Accord;
- 2009 Honda Accord;
- 2009 Acura TSX; and
- certain 2010 Honda Accords or Acura TSXs, listed by VIN number at www.girardgibbs.com/hondabrakes.asp or www.accordsettlement.com.

### 7.   I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help at **www.girardgibbs.com/hondabrakes.asp,** or by writing Class Counsel at the address listed in question 20, below.

## SETTLEMENT BENEFITS – WHAT YOU GET

### 8.   Who gets paid?

All Class Members are eligible to get **CASH REIMBURSEMENTS if**:

- **The Class Member has to pay for rear brake pad repair(s) or replacement(s) on a class vehicle within 3 years of when the car was first sold or leased as a new car, or first used as a demonstrator or company vehicle, or within 90 days of the Final Approval Date, whichever is later**;

- The repair(s) or replacement(s) were not necessitated by a collision or material modifications to the vehicle;
- The Class Member has not been fully reimbursed for the repair; and
- The Class Member follows each of the four steps listed under question 9.

## 9. How much will I get?

Class Members can get **cash reimbursements** for <u>2 types</u> of rear brake pad repairs/replacements.

    **(1)**    **New Material Honda Rear Brake Pad Replacements**.

        (a)    Any purchase of, or repair using, the New Material Brake Pads (part #_____) qualifies for a one-time reimbursement of $150 or the amount paid (whichever is less).

    **(2)**    **Original Honda Rear Brake Pads**.

➔ Any purchase of, or repair using the original Rear Brake Pads (part #43022-TA0-A00, #43022-TA0-A51 or #43022-TA0-A70) qualifies for a reimbursement equal to $125 or 50% of the amount paid (whichever is less).

➔ **There is no limit** to how many repairs using the Original Honda Rear Brake Pads you can get reimbursed for; you can submit multiple claims or place all reimbursable repairs on a single claim form.

## 10. How do I get paid?

**To get paid, you have to do 4 things:**

    **(1)**    On a Claim Form, **write in the** total amount  you (or someone  on your behalf) actually paid for the repair or replacement part for your Class Vehicle's rear braking system;

    **(2)**    Along with the Claim Form, **enclose a copy of a receipt or repair order** (or other documentation) **for each** rear brake pad repair or replacement. The receipt, repair order or other documentation MUST show the part number of the brake pads used in the repair;

    **(3)**    On the Claim Form, **sign and date** at the bottom; and

    **(4)**    **Mail the Claim Form within 3 years of when the car was first sold or leased as a new car, or first used as a demonstrator or company vehicle, or within 90 days of the Final Approval Date, whichever is later.**

The Claim Form is enclosed with this notice and you can print additional copies at **www.girardgibbs.com/hondabrakes.asp** or **www.accordsettlement.com**.

**Your receipt** (or other documentation) **must show** (1) the amount paid by you or on your behalf; (2) the date on which the repair was obtained (or the date the repair was paid for); (3) that rear brake parts were repaired and/or replaced; (4) the VIN of the vehicle repaired; and (5) the part number of the brake pads used in the repair.  To ensure the validity of your claim(s), it is best to submit your original repair receipts.

### 11. What if I don't timely mail a completed Claim Form & documentation?

If you fail to mail in the Claim Form and supporting documents by the required deadline(s), you will not get paid.  Sending in a Claim Form late or without documentation will be the same as doing nothing (see question 25).

### 12. When do I get my payment?

The Court will hold a fairness hearing on _____, to decide whether to approve the settlement as fair, reasonable, and adequate. If Judge Morrow approves the settlement, there may be appeals which may delay the conclusion of case.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Information about the progress of the case will be available at:  **www.girardgibbs.com/hondabrakes.asp** or **www.accordsettlement.com**.

### 13. What am I giving up to get a payment and stay in the Class.

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Honda about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of this settlement?

To exclude yourself from the settlement, you must send a letter by U.S. mail (or an express mail carrier) saying that you want to be excluded from *Browne et al.   v. American Honda Motor Co., Inc.*, Case No. CV 09-06750 MMM (DTBx).  Be sure to include your full name, address, telephone number, signature, model year and VIN of your Class Vehicle(s), and the approximate date(s) of purchase or lease. You must mail your exclusion request postmarked no later than_____, to:

**SETTLEMENT ADMINISTRATOR**
c/o Honda Rear Braking System Exclusion Request
123 Street Ave.
City, CA, 12334

You cannot exclude yourself on the phone or by e-mail. If you submit your request to be excluded by U.S. mail or express mail, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## 15. If I don't exclude myself, can I sue Honda later?

No, not for the same legal claims at issue here.

## 16. If I exclude myself can I get money from this Settlement?

No. If you exclude yourself from the Class you won't get any money or benefits from this settlement.  If you exclude yourself, you should not submit a Claim Form to ask for money from the class action settlement. You cannot do both.

## THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in this case?

The Court has decided that the law firms Girard Gibbs LLP of San Francisco, California, and Berk Law PLLC of Washington, D.C. are qualified to represent you and all Class Members.  Together these law firms are called "Class Counsel."  They are experienced in handling similar cases against other automotive manufacturers.  More information about these law firms, their practices, and their lawyers' experience is available at www.GirardGibbs.com and www.berklawdc.com.

## 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may hire one at your own cost.

## 19. How will the lawyers be paid and will there be incentive payments?

Class Counsel has not received any fees or reimbursement for any of the expenses associated with this case and will ask the Court for an award of attorney fees and expenses that does not exceed $2 million.  In addition, Class Counsel will ask that the Court award each of the named plaintiffs a $1,000 service award in recognition of their efforts on behalf of the Class.  Any fees, expenses or incentive awards that Class Counsel request must be approved by the Court.  Class Counsel will request that their fees and expenses, and the incentive awards, be paid directly by Honda, which means they will not reduce the recovery to you and other members of the Class.

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

### 20.  How do I tell the Court that I like or do not like the settlement?

If you are a Class Member, you can tell the Court you like the settlement and it should be approved, **or** that you object to the settlement if you do not like a part of it.  The Court will consider all comments from class members.

To object, you must send a letter saying that you are commenting on the settlement in *Browne et al. v. American Honda Motor Co., Inc.*, Case No. CV 09-06750 MMM (DTBx), and you must include your full name, current address, telephone number, model year and VIN of your Class Vehicle(s), your factual and legal grounds for objecting, any documents supporting your objection, and your signature.  Any Class Member objecting to the Settlement must provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the previous five (5) years.  If the Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she or it shall affirmatively so state in the written materials provided with the objection.  If you intend to appear at the fairness hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the fairness hearing.  Be sure to send your objection to these three different places set forth below such that it is *received* no later than _____:

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| Clerk of the Court, Att: Hon. Margaret M. Morrow re Honda Class Settlement, United States District Court for the Central District of California, 312 N. Spring St., Los Angeles, California 90012 | **GIRARD GIBBS LLP** c/o Eric H. Gibbs 601 California Street, 14th Floor San Francisco, CA 94108 <br><br> OR <br><br> **BERK LAW PLLC** c/o Steven N. Berk 1225 Fifteenth St. NW Washington, DC 20005 | **LEWIS BRISBOIS BISGAARD & SMITH LLP** c/o Roy Morse Brisbois 221 North Figueroa St. Suite 1200 Los Angeles, CA 90012-2601 |

The filing of an objection allows Class Counsel or Counsel for Honda to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the Final Approval Hearing,, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to comply with discovery requests may result in the

Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

If you do not submit a written comment on the proposed settlement or the application of Class Counsel for incentive awards, attorneys' fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the fairness hearing and to appeal from any order or judgment of the Court concerning the matter.

**21.  What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**FAIRNESS HEARING**

**22.  When and where will the Court decide to approve the settlement?**

The Court will hold a Fairness Hearing at 10 a.m. on _____, in Courtroom 780, Western Division Roybal Federal Building, United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, California 90012. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Morrow may listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel or whether to approve incentive awards.  After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the court to make its decision.

**23.  Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Morrow may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you sent your written objection such that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**24.  May I speak at the hearing?**

If you do not exclude yourself, you may ask the Court's permission to speak at the hearing concerning the proposed settlement or the application of Plaintiffs' counsel for

attorneys' fees and expenses, provided that you have filed a written objection or comment on the settlement.  To do so, you must send in a letter saying that it is your notice of your intention to appear at the fairness hearing in *Browne et al. v. American Honda Motor Co., Inc.*, Case No. CV 09-06750 MMM (DTBx).  The letter must state the position you intend to present at the hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, telephone number, model year and VIN of your Class Vehicle(s), and your signature. You must send your notice to the Clerk of the Court noting attention to Hon. Margaret M. Morrow re Honda Class Settlement, Class Counsel, and defense counsel at the three addresses listed under question 20 above, such that it is *received* no later than _____.  You may combine this notice and your comment (described under question 20) in a single letter.  You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

**25.  What happens if I do nothing at all?**

If you do nothing, you'll get no money from this settlement.

## ADDITIONAL INFORMATION

**26.  Are there more details available?**

Visit the website **www.girardgibbs.com/hondabrakes.asp** or **www.accordsettlement.com**, where you can find extra claim forms, information on litigation and settlement, and documents such as the <u>Complaint</u> filed by the Plaintiffs.

Updates regarding the case will be available at **www.girardgibbs.com/hondabrakes.asp**.

You may also call  Class Counsel at 1-866-981-4800 or write them at:

GIRARD GIBBS LLP
c/o Honda Accord Litigation
601 California Street, 14th Floor
San Francisco, CA 94108

BERK LAW PLLC
c/o Honda Accord Litigation
1225 Fifteenth St. NW
Washington, DC 20005

## 27.  GLOVE BOX INSERT:  PLACE THIS PAGE IN YOUR GLOVE BOX

2008-2010 HONDA ACCORD & 2009-2010 ACURA TSX CLASS ACTION

**You may be eligible for <u>reimbursement</u> for your next rear brake repair.**

➔ **$150 <u>or</u> the cost of the repair** (whichever is less) for New Material Honda Brake Pads if you have not previously made a claim for repairs using the New Material Brake Pads.*

TO OBTAIN REIMBURSEMENT:

(1)     **Pay for the installation of New Material Honda Brake Pads**;

(2)     **Obtain and complete a Claim Form (use either the Claim Form** sent with this Notice or print a new one at www.accordsettlement.com);

(3)     **Include the replacement receipt or repair order** (or other documentation) which MUST show the part number of the rear Honda brake pads used in the repair;

(4)     **Sign and date** the Claim Form;

(5)     **Mail** the Claim Form and enclosed receipt (or documentation), within 3 years of when the car was first sold or leased as a new car, or first used as a demonstrator or company vehicle, or within 90 days of the Final Approval Date, whichever is later to:

**SETTLEMENT ADMINISTRATOR**
c/o Honda Rear Braking System Exclusion Request
123 Street Ave.
City, CA, 12334

**\*  The repair must be within 3 years of when the car was first sold or leased as a new car, or first used as a demonstrator or company vehicle, or 90 days of the Final Approval Date, 2010, whichever is later.**

www.girardgibbs.com/hondabrakes.asp or www.accordsettlement.com

# REIMBURSEMENT FORM FOR REAR BRAKE PAD REPAIRS
## *2008-2010 Honda Accord or 2009-2010 Acura TSX*

### *Approved reimbursements will be mailed within 7-10 days of receipt of this form and required documents*

*Browne & Moore v. American Honda Motor Co., Inc.*, Case No. CV 09-06750-MMM(DTBx) (C.D.Cal.)

## Contact and Vehicle Information

To receive a reimbursement, provide the following:

Name: _____

Address: _____

City: _____

State: _____ Zip-code: _____

Telephone number: (_____)_____

Vehicle Model and Year: _____

VIN: _____

**(1): Write the number** of times <u>you paid to replace your car's rear brakes</u>: _____

**(2): Include a copy of a receipt** (or similar documentation) for each replacement or part purchase.  If the receipt does not reflect the part number, please provide documentation that includes the part number used for each repair.

**(3): Sign and date** the certification below.

**(4): Mail this form** (check www.accordsettlement.com for the deadline) to:

American Honda Motor Co., Inc.
Attn: Claims Administrator
P.O. Box 1234
123 Street Ave. City, CA. 12344

**\*\*\* As explained at www.accordsettlement.com, you may be eligible to receive reimbursement for 2 types of repairs:  (a) Original Parts Repairs, and (b) Improved Parts Repairs.  If you paid for a repair before September 2010, it was likely an Original Parts Repair.   The claims administrator will identify from the part number you provide whether an Original Part or Improved Part was used and issue the appropriate reimbursement amount.**

**You may use one Claim Form to seek reimbursement for Original Parts Repairs <u>and</u> Improved Parts Repairs.**
or

**You may send in this Claim Form <u>NOW</u> for Original Parts Repairs and send in another Claim Form <u>LATER</u> for an <u>Improved Parts repair</u>.   This form is available at www.accordsettlement.com.**

## Certification

The information on this form is true and correct to the best of my knowledge and belief.

_____        _____
Signature                                Date

For assistance completing this form or for answers to your questions, you can consult the Class Notice, call Honda's customer service at 1-800-999-1009, or go to www.accordsettlement.com.