Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

Steven N. Berk (*pro hac vice*)
steven@berklawdc.com
Michael Lewis (*pro hac vice*)
**BERK LAW PLLC**
1225 Fifteenth St. NW
Washington, DC 20005
Phone: (202) 232-7550
Facsimile: (202) 232-7556

Attorneys for Individual and Representative
Plaintiffs Vanessa Browne and Paul Moore

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BROWNE and PAUL MOORE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>        v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>                Defendant. | Case No.  CV 09-06750-MMM(DTBx)<br><br>**JOINT DECLARATION OF ERIC H. GIBBS AND STEVEN N. BERK IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: 1) FINAL APPROVAL OF CLASS SETTLEMENT, AND 2) ATTORNEY FEES & EXPENSES**<br><br>Date:  July 26, 2010<br>Time:  10:00 a.m.<br>Before:  Hon. Margaret Morrow |

We, Eric H. Gibbs and Steven N. Berk, hereby declare as follows:

1.      I, Eric H. Gibbs, am a member in good standing of the State Bar of California and a partner of the A-V rated law firm Girard Gibbs LLP ("Girard Gibbs"), one of the law firms serving as Class Counsel in the above-captioned action against American Honda Motor Co., Inc., ("Honda").  In March 2010, the Court granted preliminary approval of the proposed settlement of this class action.  I make this declaration in support of Plaintiffs' Motion For Final Approval Of Class Settlement and in support of Plaintiffs' Motion For Attorney Fees and Expenses.

2.      I, Steven N. Berk, am a member in good standing of the District of Columbia Bar, am admitted pro hac vice in this action, and am a principal in Berk Law PLLC ("Berk Law"), one of the law firms serving as Class Counsel in the above-captioned action against Honda.  I make this declaration in support of Plaintiffs' Motion For Final Approval Of Class Settlement and in support of Plaintiffs' Motion For Attorney Fees and Expenses.

3.      A true and correct copy of the parties' proposed settlement agreement ("Agreement"), dated March 4, 2010, is attached hereto as **Exhibit 1**.

4.      On April 15, 2010, this Court issued an order granting preliminary approval of the proposed class action settlement in this case; provisionally certifying a plaintiff class for purposes of the settlement; and appointing Girard Gibbs and Berk Law as Class Counsel.  We have served as co-lead litigation counsel in this action and have pursued the litigation since we began our investigation in August  2009.  We are thoroughly familiar with the case investigation, litigation, settlement negotiations and documentation process, and the terms of the settlement.  The following statements are based on our personal knowledge of the work our respective firms did representing the Plaintiffs and Class, our own involvement therein, and a review of our firm's case files.  If called on to do so, we could and would testify competently as to the facts set forth herein.

5.      We are familiar with the procedural and substantive requirements for judicial approval of class action settlements under California and federal law.  Between

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

us, we have negotiated over thirty court-approved class action settlements in California and throughout the United States.  The settlement discussions here were adversarial and were at all times conducted at arm's length.  We believe that the settlement obtained is fair, reasonable, and adequate for the Class as a whole.

6.      This declaration sets forth Class Counsel's investigation, litigation, and settlement efforts.

7.      Class Counsel began the factual investigation of this matter in August 2009, after hearing complaints from consumers nationwide that the rear brake pads on their late model Honda Accords were wearing out well before they expected.  Nearly without exception, consumers reported that Honda refused to cover the cost of replacing the brake pads even though their vehicles were under warranty.

8.      We knew from experience that a lawsuit predicated on an allegedly defective wear part, such as a brake pad, could pose many hurdles.  Significantly, wear parts are typically not covered by standard warranties and, depending on the circumstances, can present individualized questions that turn on an individual's driving circumstances and style.  As a result, Class Counsel's research and investigative efforts before and shortly after initiating this litigation was extensive.  Prior to initiating litigation, our law firms compiled and reviewed hundreds of consumer complaints reported in consumer forums and to the National Highway Traffic Safety Administration (NHTSA).  Many of these reports were presented in our Complaint.  (*See* Doc. #1 at ¶¶ 17, 20.)  We interviewed scores of consumers, spoke with personnel at Honda and independent repair facilities, and consulted with automotive repair technicians to better understand the nature of the problem and consumers' expectations of brake pad performance and longevity.  In addition, we obtained the pertinent documents underlying our claims, including Honda warranty booklets, owner's manuals, repair receipts, braking system design schematics, press releases, and advertisements concerning the braking system.  We also consulted with a mechanical engineer and a master technician concerning the design of the rear braking system, brake pad life, and consumer expectations.  In conjunction with the

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

1  factual investigation, we conducted legal research into potential warranty claims and

2  potential claims under California's consumer protection statutes that would fit the instant

3  factual situation.

4       9.     After several weeks of investigation and research, we filed the Class Action

5  Complaint on September 16, 2009, and served a Consumers Legal Remedies Act (CLRA)

6  demand letter on Honda shortly thereafter.  Plaintiffs requested that Honda (i) notify class

7  members of the nature of lawsuit, (ii) provide class members with a remedy to reduce

8  required future repair costs, and (iii) reimburse class members for costs already incurred

9  due to the premature rear brake pad wear.

10      10.    Based on our investigation, we concluded that that the premature brake wear

11  was causing class member confusion as well as frustration concerning the unanticipated,

12  likely recurring repair costs.  Although most owners of the affected vehicles had either

13  not yet had to replace their pads, or had replaced only one set of pads, as more time

14  passed without resolution, more owners would need to pay for brake pad replacements.

15  Accordingly, we concluded that the optimal scenario would be for an early resolution that

16  provided (a) information to consumers and automotive technicians about the nature of the

17  issue, and (b) a fix that would in effect cap class losses.  At the same time, many class

18  members had already incurred hundreds of dollars of expenses to replace their brake pads

19  and were adamant that they should be compensated.  So while there was an urgent need

20  for information and a fix, class members also wanted the type of reimbursements that

21  cannot typically be achieved through an early resolution.  In addition, in our experience,

22  the speed and the quality of a resolution are often at odds because some defendants use

23  the threat of delay as settlement leverage.  The flip side is also often true, where the

24  defendant will seek a fairly inexpensive resolution early in the case, recognizing that

25  Class Counsel must foot the expense of protracted litigation.

26      11.    We contacted counsel for Honda very early in the case to determine whether

27  Honda would consider a preliminary discussion to assess whether an early resolution

28  would be possible.  Honda agreed to hold preliminary discussions shortly after the

3

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

initiation of the litigation, indicating that its interests in customer satisfaction similarly demanded an expedient resolution despite Honda's belief that it had formidable legal defenses to our claims.

12.    In anticipation of the first conference with Honda, we continued our investigation.  By the end of September 2009, we had interviewed about 100 class members and had obtained failed braking system components for our consultant's inspection.  With the assistance of our expert consultants, Class Counsel had a well-developed understanding of the design of the class vehicles' rear braking system, statistics on brake pad life, and data on the cost and frequency of ancillary braking system repairs.  In addition, we negotiated and entered into a confidentiality agreement with Honda to enable a productive dialogue.

13.    We held our first conference with Honda on October 2, 2009.  A frank exchange concerning both sides' litigation risks and the benefits of early resolution was a focus of the discussions.  The conference was attended by seven lawyers, a paralegal, two engineers, and a braking expert.  Class Counsel and Honda inspected the braking system itself, shared documents, and had a frank exchange concerning both sides' litigation risks and the benefits of an early resolution.  Two of our experts and a Honda engineer attended.  They engaged in a candid dialogue in our presence concerning the design and functionality of the braking system, the causes of the purported premature wear, brake pad performance, and what possibilities existed for increasing the pads' longevity. Honda described several potential repairs and proposed a framework for how the repairs could be provided to some of the class.  The initial meeting concluded with the understanding that Plaintiffs would evaluate Honda's proposed framework and investigate Honda's proposed repairs.

14.    Over the following weeks, we continued to work with our experts.  Notably, we worked to ascertain whether the issue with the braking system presented a safety issue.  In addition, we evaluated the feasibility and effectiveness of Honda's technical proposals for addressing the premature brake pad wear.

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

15.     Based on the results of our evaluation and investigation, we approached our next conference with Honda with two goals.  First, to continue to move as quickly as possible toward a resolution involving a permanent fix—the longer class members had to wait for relief, the more likely they would need to pay out of pocket to replace their brake pads.  And, second, to obtain compensation for the class members who had already paid to replace their brake pads.

16.     We held our second conference with Honda on October 7, 2009, in Los Angeles.  Based on our research, investigation, and technical evaluations, we were able to provide a constructive reaction to the proposed framework Honda had outlined during the first conference.  Our discussion was informed and focused by the experiences and expectations of the many consumers we had heard from.  For example, we had learned from interviews that some consumers were unnecessarily paying for rotor resurfacing, inflating the cost of the brake pad replacements.  With this information, Class Counsel were able to increase the amount of the reimbursement available for past repairs, as well as have Honda issue a notice to its dealerships discouraging unnecessary rotor surfacing.

17.     Over the following weeks, we met in person and held a number of telephone discussions to begin shaping an agreement that would maximize relief to the consumers. These conversations and Plaintiffs' investigation encompassed a number of issues, including:  (i) the average mileage for rear brake pad replacements, (ii) whether other brake repairs, in addition to brake pad replacements, were necessitated, (iii) the average price charged for the brake pad replacement, and (iv) comparative information from other Honda vehicles including both current and previous model years.

18.     Through these discussions, we were able to come to foundational agreements on some of the core issues with Honda during the fall of 2009.  Although we achieved the expedient resolution of significant value we had prioritized, we continued to press for other considerations important to the class.  For example, we believed it was important to ensure that the settlement benefits reach as many class members as possible as soon as possible.  To achieve that goal, the parties attended a voluntary mediation

5

session with the Court on November 18, 2009.  With the Court's assistance, the parties compromised on a speedy and consumer-friendly notice and reimbursement program.  For example, the claim form requires only that a Class member include a copy of a receipt (or similar documentation) for each repair, fill out information such as their phone number and the date they purchased or leased their vehicle, sign and date a short certification, and mail the claim form to the Claims Administrator.  In addition, the Claims Administrator will be mailing either a reimbursement or a written deficiency explanation to Class members within only 10 days of receiving claims.

19.    Based on their ongoing investigation and the discovery process, Plaintiffs obtained information that shaped their amended complaint, which they filed in January 2010.  The First Amended Complaint expanded the list of class vehicles to include 2009 Acura TSXs as well as a number of 2010 Honda Accords and Acura TSXs (about 750,000 vehicles in all), and added a demand for damages under the CLRA.

20.    Throughout the final weeks of 2009, the parties continued negotiations in hopes of finalizing a settlement agreement.  In addition to the numerous telephone conversations, we repeatedly exchanged preliminary versions of the settlement agreement.

21.    In anticipation of resolving the case through settlement, we conducted additional confirmatory discovery.  Honda produced thousands of pages of documents for our firms' review.  Following the document production, we conducted a deposition of a Honda senior engineer.  Through the confirmatory discovery process, we were able to corroborate much of what we had learned through our research and investigation, and were satisfied with our understanding of the facts of the case.  Through this process, which was ongoing on almost a daily basis over the course more than three months, Class Counsel were satisfied with their understanding of the facts that served as a basis for a class settlement.

22.    We reached agreement on the terms of a class-wide settlement by late December 2009.  The following month, Honda raised the prospect of a different fix,

6

which was expected to provide even better improvement and which would also be easier to implement classwide.  Working with experts, Plaintiffs' counsel reengaged in an expedited discovery process to verify that this new fix would indeed be more beneficial to class members.  Based on Honda's testing, the newly designed brake pads, the primary aspect of the fix, are expected to last at least as long as the brake pads in 2003-2007 Honda Accords (the preceding generation of vehicles).  To confirm these expectations, we conducted a second deposition of Honda's senior engineer and served Requests for Admission on Honda.  Ultimately satisfied with the results of the confirmatory discovery, the parties reached a final agreement in early 2010, which is reflected by the Settlement Agreement attached as Exhibit 1.

23.    The parties did not discuss the payment of the attorney fees and litigation expenses incurred on behalf of the class, or incentive awards for the class representatives, until early 2010 after the settlement of the merits had been reached and agreed to by the parties.  The parties agreed that once they finalized a settlement on all class relief, they would negotiate Plaintiffs' claim for attorney fees and expenses in good faith, and if they were not able to resolve that claim, Plaintiffs would file a motion for fees and costs, which Honda could contest.  After unsuccessful attempts to resolve this issue on their own, the parties enlisted the mediation services of Judge Edward A. Infante (Ret.).  As part of the mediation the parties exchanged mediation briefs and participated in a mediation session that lasted the better part of a day.  The result of the mediation, which is subject to Court approval, provides that Honda will not oppose a request by Plaintiff for an award of attorney fees and costs in the amount of $2,000,000 to be paid by Honda, and an incentive award of $1,000 each to class representatives Vanessa Browne and Paul Moore.

24.    Following several months of negotiating the documents supporting the Settlement, in March 2010, Plaintiffs filed a motion for preliminary approval of the settlement.  (*See* Docs. #27-29.)  The Court took the matter under submission and issued its Order granting preliminary approval on April 15, 2010.  (Doc. #34.)

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

25.     Under the proposed settlement, Honda will reimburse Class members the full cost of the improved brake pads, up to $150.  Based on our investigation, the national average for rear brake pad replacements is slightly more than $150, typically between $150 and $170—the Settlement Agreement contains several measures to ensure that the typical cost of installing the improved rear brake pads will be generally equal to or only slightly higher than the $150 allowance.  In addition, Honda will reimburse Class members for half the cost of their replacements using the original Honda brake pads, before the improved parts became available, up to $125.

26.     During April and May 2010, we worked with Honda and the Claims Administrator on a number of administrative tasks, including the settlement website, the finalized Notice of Class Action Settlement and Claim Form, and scripts to be used by employees of the Claims Administrator.

27.     Notice of the settlement was mailed to nearly 750,000 members of the Class during the week of May 24.  As of June 19, 2010, the Claims Administrator reports receiving over 20,000 claim forms.  Because the improved rear brake pads became available at many dealerships in early June, the vast majority of the claims submitted to date likely are for reimbursements for prior repairs.  Class Counsel has also heard from hundreds of Class members who have indicated they plan to obtain the improved parts and submit claims in the coming months.

28.     Since the Notice of Class Action Settlement was mailed at the end of May, Girard Gibbs has received several thousand phone calls and over one thousand email messages from Class Members.  In addition, the Girard Gibbs website has been visited by over 8,000 people.  Girard Gibbs trained the majority of its support staff to assist with responses—for the weeks immediately following the mailing, we had five paralegals, two contract attorneys, and a junior associate working diligently to respond to the incoming questions.  By mid-June, our firm had returned approximately 3,000 phone calls and had responded to everyone who had emailed the firm with questions about the settlement.

29.     During the same time period, we maintained regular contact with counsel for

8

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

Honda and the Claims Administrator as we worked to quickly resolve any unanticipated questions or issues that arose.  For example, we continued to add scripted responses for the Claims Administrator to use when responding to questions.  The Claims Administrator reports that, as of June 19, 2010, it had received over 5,000 telephone calls, answered over 2,600 calls, and had received nearly 125,000 website hits.  In addition, Class Counsel maintained a webpage on the Girard Gibbs website that contains a continually evolving list for answers to frequently asked questions and means for Class members to submit questions.  Attached as **Exhibit 2** is a true and correct copy of responses that Class Counsel prepared to address some of the most common questions from class members.

30.    Given the size of the Class and the fact that many Class members will be eligible to claim reimbursements for improved rear brake pads during the next two to three years, we expect to continue to handle incoming questions on a fairly regular basis for quite some time.  In addition, many Class members contacted us with a request that we keep them updated on future developments, such as the date final approval is granted and the date the settlement becomes effective.  We have maintained a list and will be sending periodic mass email messages to the approximately 3,000 people who have requested updates from us.  Class Counsel expect to continue to handle incoming questions on a fairly regular basis for quite some time.  As of June 19, 2010, 258 people sent requests for exclusion to the Claims Administrator.

31.    Class representatives Vanessa Browne and Paul Moore each spent a number of hours reviewing documents and consulting with counsel about the claims in this case, and were prepared to maintain involvement through the course of the litigation.

32.    Attached as **Exhibit 3** are examples of several class member communications, which are quoted in the Memorandum in Support of Final Approval of Class Action Settlement.  The class members' identifying information has been redacted.

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

1        We declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.  Executed on this 21st day of June 2010, at

3  San Francisco, California and Washington, D.C.

4

5        /s/ Eric H. Gibbs                        /s/ Steven N. Berk

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DECL. ISO MOTIONS FOR FINAL APPROVAL AND ATTORNEY FEES
Case No. CV 09-06750 MMM (DTBx)

# EXHIBIT 1

## MASTER SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs and Class Representatives Vanessa Browne and Paul Moore ("Plaintiffs" or "Class Representatives"), by and through their counsel, and Defendant American Honda Motor Co., Inc. ("Honda"), by and through its counsel, hereby enter into this Master Settlement Agreement and Release ("Settlement Agreement"), subject to the approval of the Court, providing for the settlement of the claims herein described against Honda (the "Settlement") and the Mutual Release set forth herein.

**WHEREAS,** Plaintiffs have filed a putative class action against Honda in the United States District Court for the Central District of California captioned *Browne et al. v. American Honda Motor Co., Inc.* (Case No. 2:09-cv-06750-MMM (DTBx)) (the "Litigation"), asserting claims for violation of California Civil Code § 1750 *et seq.* ("CLRA"), violation of California Business & Professions Code § 17200 *et seq.* ("UCL"), and for breach of written warranty under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*) and under California Commercial Code § 2313;

**WHEREAS,** Plaintiffs and Honda (the "Parties") have explored and discussed at length the factual and legal issues in the Litigation;

**WHEREAS,** the Parties have participated in three in-person settlement meetings on (1) October 2, 2009 in San Francisco, (2) October 7, 2009 in Los Angeles, and (3) October 30, 2009 in San Francisco, as well as many telephone conferences throughout November and December, on an almost daily basis. Numerous internal Honda documents were shared and explained during these meetings. Honda's lead counsel, in-house senior counsel, and a Honda engineer have attended each of the in-person meetings, as have several of Plaintiffs' counsel. Plaintiffs' expert engineer also attended two of the three meetings between the Parties, during

1

which he and Honda's engineer had a candid exchange on various technical issues concerning the Class Vehicles' braking system and during which he physically inspected several of the braking system components at issue in the Litigation;

WHEREAS, through the vigorous discussions and negotiations described above, the Parties made substantial progress towards reaching an agreement to resolve the Litigation and the disputes between them, but were not able to reach agreement as to all outstanding issues;

WHEREAS, on November 18, 2009, the Parties participated in a settlement conference with the Honorable Margaret M. Morrow, United States District Court Judge, in Los Angeles, California to attempt to reach agreement on outstanding issues;

WHEREAS, after the November 18, 2009, settlement conference, the Parties continued their discussions and ultimately reached an agreement, subject to the Court's approval, to resolve the Litigation;

WHEREAS, for purposes of this settlement only, the Parties agree to the certification of a settlement class ("Class" or "Settlement Class") generally defined as follows:

> All residents of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who currently own or lease, or previously owned or leased, a Class Vehicle.

WHEREAS, the Parties agree that the following persons and entities should be excluded from the Class: Honda, Honda's employees, employees of Honda's affiliated companies, Honda's officers and directors, Honda's counsel, insurers of Class Vehicles, all entities claiming to be subrogated to the rights of Class Members, issuers of extended vehicle warranties, and the Judge(s) to whom the Litigation is or will be assigned;

WHEREAS, Plaintiffs, by and through Class Counsel, have: (a) made a thorough

2

investigation of the facts and circumstances surrounding the allegations asserted in the Litigation; (b) engaged in, and continue to engage in, investigation and confirmatory discovery of the claims asserted in the Litigation, including but not limited to (i) researching, reviewing and analyzing industry data, information, and public reports; (ii) interviewing and/or deposing witness(es), consultants and experts; (iii) reviewing and analyzing Honda's documents; and (iv) investigating the law applicable to the claims asserted in the Litigation, including the defenses that Honda would likely assert;

   **WHEREAS,** Honda does not believe Plaintiffs' claims are meritorious and has denied and continues to deny that it is legally responsible or liable to Plaintiffs or any member of the Class for any of the matters asserted in this Litigation, but has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely all pending and potential claims of Plaintiffs and all members of the Class relating to claims which were or could have been asserted by Plaintiffs and the Class in this Litigation relating to the alleged practices and claimed defects at issue;

   **WHEREAS,** Plaintiffs' counsel is experienced in this type of class litigation, recognize the costs and risks of prosecution of this Litigation believe that it is in Plaintiffs' interest, and the interest of all Class Members, to resolve this Litigation, and any and all claims against Honda arising from the conduct alleged in the Action, in this Settlement Agreement;

   **WHEREAS,** significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein;

   **WHEREAS,** the undersigned Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of

3

Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and among Plaintiffs, individually and on behalf of the Class, and Honda;

**WHEREAS**, this Settlement Agreement is intended to supersede any and all agreements previously executed by the parties with respect to claims asserted in the Litigation;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the undersigned Parties, as follows:

## I.    DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1)    **Action**.   "Action" shall mean *Browne et al. v. American Honda Motor Co., Inc.* (Case No. 2:09-cv-06750-MMM (DTBx)), which also is defined as the "Litigation."

2)    **Benefit Period**.   "Benefit Period" means the three year period commencing on the Original Purchase Date, regardless of mileage, or 90 days from the Final Approval date, regardless of mileage, whichever is longer.

3)    **Claim**.   "Claim" means a request for reimbursement pursuant to the provisions of Section III(A) and/or Section III(B) of this Agreement.

4)    **Claim Form**.   "Claim Form" shall mean a form mutually prepared and agreed upon by the Parties, to be used by Class Members to request reimbursement pursuant to Paragraph III(A) of this Settlement Agreement.

5)    **Claims Administrator**.   "Claims Administrator" shall mean Rust Consulting, Inc. or another agreeable claims administrator.

4

6)      **Class Counsel.**  "Class Counsel" shall mean Girard Gibbs LLP and Berk Law PLLC.

7)      **Class Counsel Fees and Expenses.**  "Class Counsel Fees and Expenses" shall mean attorneys' fees and expenses in the amount not to exceed Two Million Dollars and No Cents ($2,000,000) that Defendant agrees to pay to Class Counsel, subject to approval of the Court.  The Class Counsel Fees and Expenses will be paid separate and apart from any relief provided to the Class.

8)      **Class Members.**  "Class Members" shall mean all residents of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who currently own or lease, or previously owned or leased, a Class Vehicle.  Honda, Honda's employees, employees of Honda's affiliated companies, their officers and directors, Honda's counsel, insurers of Class Vehicles, all entities claiming to be subrogated to the rights of Class Members, issuers of extended vehicle warranties, and the Judge(s) to whom this Litigation is or has been assigned are specifically excluded from the definition of Class Members.

9)      **Class Representatives.** "Class Representatives" shall mean Vanessa Browne and Paul Moore.

10)     **Class Notice.**  "Class Notice" shall mean the Court-approved form of notice to Class Members, mutually prepared and agreed upon by the Parties, informing Class Member of, among other things, (i) the preliminary approval of the Settlement; (ii) the scheduling of the Final Approval Hearing; (iii) their opportunity to comment on or object to, or exclude themselves from, the Settlement; (iv) their opportunity to submit a claim; (v) how to obtain additional Claim Forms;  and (vi) the manufacturers suggested retail price for the New Material Brake Pad.

5

11)     **Class Vehicle(s).** "Class Vehicles" shall mean the following automobiles sold or leased in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, or Guam:

a.     2008 and 2009 model year Honda Accord automobiles;

b.     2009 model year Acura TSX automobiles;

c.     Certain 2010 model year Honda Accord automobiles identified by VIN numbers included in a list provided to and maintained by Class Counsel and Honda's Counsel; and

d.     Certain 2010 model year Acura TSX automobiles identified by VIN numbers included in a list provided to and maintained by Class Counsel and Honda's Counsel.

12)     **Court.** "Court" shall mean the United States District Court for the Central District of California, the Honorable Margaret M. Morrow presiding, or her duly appointed successor.

13)     **Defendant.** "Defendant" shall mean Honda, Honda Motor Co., Ltd., Honda R & D Co., Ltd., Honda R & D Americas, Inc., Honda of America Mfg., Inc., Honda Manufacturing of Alabama, LLC, Honda of Canada Mfg., and all Honda related companies involved in the development, design, testing, manufacture, assembly, distribution and sale of the Class Vehicles, all authorized Honda and Acura automobile dealerships, all suppliers, as well as each of their respective predecessors, successors, assigns, directors, officers, agents, insurers, attorneys, representative and employees. Authorized Honda and Acura dealerships are not released under this Settlement Agreement from independent tort liability (if any) related to their servicing or repair of the Rear Braking System on Class Vehicles.

14)     **Defendant's Counsel.** "Defendant's Counsel" shall mean Lewis Brisbois

Bisgaard & Smith LLP.

      15)   **Defendant's Lead Counsel.** "Defendant's Lead Counsel" shall mean Roy M. Brisbois of Lewis Brisbois Bisgaard & Smith LLP.

      16)   **Effective Date.** "Effective Date" shall mean the date following the entry of the Final Approval Order on which the time for any appeal expires, or the date on which all appeals from the Final Approval Order are finally decided or terminated, whichever date is later.

      17)   **Final Approval Hearing.** "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order.

      18)   **Final Approval Order.** "Final Approval Order" shall mean the order of the Court that approves this Settlement Agreement and makes such other final rulings as are contemplated by this Settlement Agreement, which may or may not include approving payment of Incentive Awards and Class Counsel's Fees and Expenses, and which shall be mutually prepared and agreed upon by the Parties.

      19)   **Glove Compartment Insert.** "Glove Compartment Insert" refers to a section of the Class Notice that can be cut or torn by the Class Member, to be placed in the Class Vehicles' glove compartment and that will contain information explaining eligibility and reimbursement procedures available to Class Members, including how to obtain additional Claim Forms.

      20)   **Honda.** "Honda" shall mean American Honda Motor Co., Inc., and its successors, assigns, directors, officers, agents, attorneys, representatives and employees.

      21)   **Incentive Awards.** "Incentive Awards" shall mean up to the Two Thousand Dollars and No Cents ($2,000) in payments that the Defendant agrees to pay in total to Plaintiffs to compensate them for their time and efforts on behalf of the Class, subject to approval of the Court.

22)      **Litigation.** "Litigation" shall mean the Action as defined above.

23)      **New Material Brake Pad.** "New Material Brake Pad" means the newly developed brake pad using different materials identified as D6247 and expected to be available for use on Class Vehicles prior to the Final Approval Hearing.

24)      **Objection and Comment Date.** "Objection Date" shall mean the date agreed upon by the Parties or otherwise ordered by the Court for Class Members to comment on or object to the Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

25)      **Original Purchase Date.** "Original Purchase Date" means the date a Class Vehicle is put into use in one of the following ways: (a) the vehicle is delivered to the first purchaser by the Honda dealer; (b) the vehicle is leased; or (c) the vehicle is used as a demonstrator or company vehicle.

26)      **Out of Pocket Expense.** "Out of Pocket Expense" means money paid by or on behalf of a Class Member for which the Class Member was not otherwise fully reimbursed by insurance, warranty, or goodwill. Money paid by or on behalf of a Class Member in furtherance of repairs to a Class Vehicle not related to the Rear Braking System is not an Out of Pocket Expense. Money paid by or on behalf of a Class Member as a result of an accident is not an Out of Pocket Expense.

27)      **Parties.** "Parties" shall mean the Plaintiffs and Honda.

28)      **Plaintiffs.** "Plaintiffs" shall mean the Class Representatives as defined above.

29)      **Preliminary Approval Order.** "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Settlement Agreement, which shall be mutually prepared and agreed upon by the Parties for submission to the Court.

8

30)   **Rear Brake Pad.**   "Rear Brake Pad" means brake pads bearing any of the following part numbers: Part No. 43022-TA0-A00, Part No. 43022-TA0-A51, or Part No. 43022-TA0-A70.

31)   **Rear Braking System.**   "Rear Braking System" refers to the Class Vehicles' rear brake pads, rotors, and calipers.

32)   **Request for Exclusion.**   "Request for Exclusion" shall mean any request by any Class Member for exclusion from the Settlement.

33)   **Required Documentation.**   "Required Documentation" shall mean a receipt or other documentary evidence which reflects the date, price, vehicle information and nature of a repair.

34)   **Settlement.**   "Settlement" shall mean the agreement by the Parties to resolve this Litigation, the terms of which have been memorialized and provided for in this Settlement Agreement.

35)   **Settlement Agreement.**   "Settlement Agreement" shall mean this Settlement Agreement and Release.

36)   **Settlement Class Members.**   "Settlement Class Members" shall have the same meaning as Class Members.

37)   **VIN.** "VIN" shall mean the vehicle identification number for a Class Vehicle.

## II.   REQUIRED EVENTS

Promptly after execution of this Settlement Agreement by all Parties:

A.   Class Counsel and Defendant's Counsel shall take all reasonable and necessary steps if it is determined and agreed that additional confirmatory discovery is needed.

B    The Parties shall seek entry of a Preliminary Approval Order as soon as

9

practicable.

C.      The Parties will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Approval Order.

D.      In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, this Settlement Agreement is voidable by either party. However, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

E.      The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

F.      Upon Entry of the Final Approval Order, this Action shall be dismissed, on its merits and with prejudice, subject to the continuing jurisdiction of this Court.  The Final Approval Order also will enjoin the prosecution of any litigation or class action related to the Rear Braking System on behalf of any member of the Settlement Class (other than any Class Members who timely and properly opt out of or request exclusion from the Settlement Class).

## III.     SETTLEMENT TERMS

A.      Reimbursement for Rear Brake Repairs:  Upon the submission of a timely and valid Claim Form and Required Documentation, Honda through the claims administrator agrees to reimburse Class Members for rear brake repairs on the Class Vehicles as follows:

1.    Rear Brake Pad Replacement: Honda will reimburse Class Members the lesser of one hundred and twenty five dollars ($125) or fifty percent (50%) of the Out of Pocket Expense for each Rear Brake Pad replaced (1) with a brake pad bearing either Part No. 43022-TA0-A00, Part No. 43022-TA0-A51, or Part No. 43022-TA0-A70, (2) during the Benefit Period, (3) prior to the installation of a New Material Brake Pad, (4) for which a Class Member incurred an Out of Pocket Expense, and (5) for which a Claim is made no later than ninety (90) days after the Effective Date. There is no cap or limit to the number of Rear Brake Pad replacements for which a Class Member may seek reimbursement. Class Members may submit multiple Claims for Rear Brake Pad replacements using a single Claim Form. Class Members may combine Claims for Rear Brake Pad replacements, on the one hand, and a Claim for the New Material Brake Pad on the other, using a single Claim Form, or may submit Claims for reimbursement for the Rear Brake Pad replacement and the New Material Rear Brake Pad replacement using separate Claim Forms. Class Members may seek reimbursement under this paragraph for qualifying Rear Brake Pad replacements whether they were obtained at an authorized Honda dealership or elsewhere. If a Class Member performed the Rear Brake Pad replacement himself or herself (i.e. did not go to a Honda dealership or third-party repair facility for the repair), he or she may seek reimbursement under this paragraph for the Out Of Pocket Expense for the Rear Brake Pad parts used, but not for the cost of labor.

2.    Reimbursement for Installation New Material Brake Pads: Honda will provide a one-time reimbursement to Class Members for the installation of the New Material Brake Pads. The reimbursement amount will be the lesser of one hundred and fifty dollars ($150) or one hundred percent (100%) of the Out of Pocket Expense for the installation of New Material Brake Pads (parts, labor and turning of rotors). Beginning from the date the

11

Preliminary Approval Order is issued, Honda agrees to maintain the manufacturer's suggested retail price ("MSRP") for the New Material Rear Brake Pads to $66.66 for one (1) year. Honda further agrees not to increase the MSRP for the New Material Brake Pad by more than five percent (5%) each of the next two years.

3.  Repairs under this paragraph qualify for reimbursement if (1) performed during the Benefit Period, (2) the Class Member incurred an Out of Pocket Expense, and (3) a Claim is made within ninety (90) days after the Effective Date or the date of repair, whichever is later. Repairs under this paragraph qualify for reimbursement whether they are obtained at an authorized dealership or elsewhere, provided original authorized Honda parts are used. If a Class Member installed the New Material Brake Pad himself or herself (i.e. did not go to a Honda or Acura dealership or third-party repair facility for the repair), he or she may seek reimbursement under this paragraph for the Out Of Pocket Expense for the New Material Brake Pad used, but not for the cost of labor.

B.  <u>Information Program</u>: Honda agrees to create an information program, subject to Class Counsel's input and approval, that will provide to Honda and Acura authorized dealership personnel, service technicians, field representatives, employees, Class Members (via a posting on the settlement website), and which will be available to third-party technicians through a third-party provider, such as Service Express. The information program will be accomplished through a service news publication. To provide this information:

(1)  Honda will issue a "Service News" to be jointly approved by the Parties, a copy of which shall be available on the Settlement website, which will refer to this Settlement and its associated URL and will include the manufacturer's suggested retail price for the New Material Brake Pad.

12

The Service News also will be designed to minimize costs for Class Members by discouraging unnecessary services or repairs to the Class Vehicles' Rear Braking System, including the unnecessary resurfacing of rotors;

(2)    Honda through the Claims Administrator will mail Class Notice to all Class Members;

(3)    Honda will include instructions with the New Material Brake Pads regarding the procedures to install them including the reorientation of the caliper slide pins;

(4)    Honda will be prepared, through its customer service department, to respond to questions regarding how to submit a claim under the Settlement and other aspects of this Agreement.  Honda's customer service department is accessible through a toll-free telephone number, which will appear in the Class Notice and Settlement website, among other places.

C.    Any dispute regarding relief under the terms of the Settlement, including the validity of any Claim Form submitted, will be handled in accordance with the arbitration review procedures set forth in Honda's Limited Warranty (i.e., the Better Business Bureau ("BBB")), as found in the Honda or Acura warranty manual, except that the BBB decision shall be binding on all parties. Class Counsel shall have the right to participate in any arbitration review.  The expense of the arbitration review will be borne by Honda, except for attorney's fees by Class Counsel or other counsel selected by the class member (if any), and any other Class Member expenses.

13

## IV.   NOTICE AND RELATED PROVISIONS

A.     Honda will retain a Claims Administrator, which shall be responsible, subject to the Court approving the same, for the following notice program:

1)     Direct mailed notice to all Class Members for which Honda maintains names and addresses.  Class Notice will be sent within sixty (60) days of the entry of a Preliminary Approval Order and will include one Claim Form.

2)     Maintaining a Settlement website by the Claims Administrator—subject to Class Counsel approval—which will contain: (1) instructions on how to obtain reimbursements; (2) instructions on how to contact the Claims Administrator, Honda or Class Counsel for assistance; (3) all bulletins or notices related to the Rear Braking System which are related to this Settlement; (4) a copy of the Claim Form, Class Notice, and this Settlement Agreement; and (5) other information the Parties determine is relevant to this Settlement.

B.     The Parties agree that any and all publications (through websites, website postings, chat rooms, media interviews, etc.) or any other communications  by the parties regarding this settlement will  be consistent with the Settlement Agreement, Class Notice, Claim Form, Preliminary Approval Order, Final Approval Order, and any press release mutually will be prepared and agreed upon by the Parties.  Nothing in this paragraph shall limit (1) Class Counsel's ability to communicate with Class Representatives, putative Class Members, or the Court, and (2) Honda's ability to communicate with Honda and Acura dealers and consumers.

C.     Proof of Notice.  No later than ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court.

14

D.     Within ten (10) days after the Settlement Agreement is filed with the Court, Honda shall comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA Notice").

E.     All costs of the Claims Administrator, Class Notice, CAFA Notice, and the Claims Administrator website will be paid by Honda.  There shall be no charge to Honda, however, if the Class Notice also is posted on Class Counsel's website(s) or for posting any other information on such website(s).

## V.     CLAIMS ADMINISTRATOR

A.     Honda agrees to employ a qualified Claims Administrator, suitable to both Parties, to disseminate the Class Notice and to administer the Claims.

B.     The Claims Administrator, within ten (10) days of receiving a complete and proper Claim with Required Documentation, will send to the Class Member by first class mail either (1) their reimbursements in the form of a check that must be cashed within ninety (90) days, or (2) a written explanation stating the reasons for refusing to send the reimbursement(s), including all steps the individual can take to cure the alleged deficiencies.  If the Class Member's check is not cashed within ninety (90) days, the Claim Administrator will reissue the check at the Class Member's request, so long as the Claims Administrator is continuing to administer the Settlement.  The general form of the written explanation response shall be approved by both Parties.  Any Class Member whose Claim is denied in whole or in part shall be allowed thirty (30) days after receipt of notice from the Claims Administrator to submit materials to cure the alleged deficiencies.  The response will inform the Class Member that he or she has thirty (30) days to cure the deficiencies.

C.     In any instance in which the Claims Administrator finally denies a Claim, the

15

Class Member may, within thirty (30) days of receipt of notice of the decision, after providing notice to Honda and attempting to resolve the issue with Honda's customer service center, seek arbitration review pursuant to the provisions set forth in Paragraph III(C).

D.     In connection with its administration of the Settlement, the Claims Administrator shall maintain a record of all contacts from Class Members regarding any Claim or any other topic involving this Settlement. During the first six (6) months after dissemination of Class Notice, the Claims Administrator shall provide Honda and Class Counsel with monthly reports of all contacts and responses. The Parties retain the right to audit and review the claims handling by the Claims Administrator. Thereafter, the Claims Administrator shall provide these reports to the Parties as requested.

## VI.    REQUESTS FOR EXCLUSION BY CLASS MEMBERS

A.     The provisions of this paragraph shall apply to any Request for Exclusion. Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Claims Administrator at the addresses set forth in the Class Notice. Any Request for Exclusion must be postmarked or delivered not later than the date specified in the Court's Preliminary Approval Order. Any Request for Exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and VIN of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

B.     Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this

16

Settlement Agreement.

C.    Class Counsel shall report the names of all individuals who have submitted a Request for Exclusion to the Court no less than ten (10) days prior to the Final Approval Hearing.

## VII.    OBJECTIONS BY SETTLEMENT CLASS MEMBERS

A.    The Parties will request that the Court enter an order requiring any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to file a written notice of objection by the Objection Date, as well as a notice of intention to appear at the Final Approval Hearing. To state a valid objection to the Settlement, an objecting Class Member must provide the following information in his, her or its written objection (i) set forth his/her/its full name, current address, and current telephone number; (ii) identify the model year of his/her/its Class Vehicle(s), as well as the VIN of his/her Class Vehicle(s); (iii) set forth a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iv) provide copies of any other documents that the objector wishes to submit in support of his/her/its position. In addition, any Class Member objecting to the Settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal or otherwise, in the United States in the previous five (5) years. If the Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she or it shall affirmatively so state in the written materials provided in connection with the objection to this Settlement.

B.    Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the

17

proposed Settlement should not be approved as fair, adequate and reasonable, or object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses.  The objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") by the Objection Deadline or on such other date that may be set forth in the Class Notice.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Fairness Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement Agreement and the Class Notice, subject to approval by the Court, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

C.     The filing of an objection allows Class Counsel or Counsel for Honda to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

D.      The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members.

## VIII.  MUTUAL RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

A.      By this Settlement Agreement and the following Release, Defendant is released from any and all claims or causes of action that were, or could have been, asserted by the Plaintiffs or any Class Members against them, regarding the Class Vehicle's Rear Braking System as alleged in the Action. Without assuming that the Release given by this Settlement Agreement is a general release, Plaintiffs and Class Members expressly waive and relinquish to the fullest extent permitted by law, the rights provided by Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release which if known by him must have materially affected his
> settlement with the debtor.

Plaintiffs and the Settlement Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and accompanying Judgment, Plaintiffs and the Settlement Class Members fully, finally, and forever settle and release any and all of the Released Claims. The Parties acknowledge that the foregoing waiver and release was bargained for and is a material element of the Settlement Agreement.

B.      This Settlement Agreement and Release does not affect the rights of Class

Members who timely and properly request exclusion from the Settlement Agreement. The Settlement Agreement and Release does not release claims for personal injury, property damage, or claims for subrogation.

      C.      By this Settlement Agreement and the following Release, Defendant releases Class Representatives and Class Counsel from any and all claims or causes of action that were, or could have been, asserted by Defendant pertaining to the Litigation and/or Settlement. Defendant recognizes that, even if it later discovers facts in addition to or different from those which it now knows or believes to be true, Defendant nevertheless agrees that, upon entry of the Final Approval Order and accompanying Judgment, Defendant fully, finally, and forever settles and releases any and all of the Released Claims. The Parties acknowledge that the foregoing waiver and release was bargained for and is a material element of the Settlement Agreement.

      D.      The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement and allowing for discovery related to objecting persons.

      E.      Upon issuance of the Final Approval Order: (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the terms and provisions hereof; (ii) Defendant shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Litigation except as set

20

forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against Defendant.

## IX.    ATTORNEYS' FEES AND INCENTIVE AWARDS

A.      All expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendant, subject to the limitations contained herein and approval of the Court.

B.      Defendants have agreed to pay, subject to Court approval, and to support the award of attorneys' fees, costs and expenses up to the total sum of Two Million Dollars And No Cents ($2,000,000), which shall be paid upon application by Class Counsel to the Court. In no event shall Defendant be required to pay Plaintiffs, Class Members or Class Counsel in aggregate attorneys' fees, costs or expenses in an amount greater than $2,000,000 for any activity related in any way to this Action or Litigation. Such award shall be paid by wire transfer and shall be delivered to an account to be designated and agreed upon by the Parties fourteen (14) days after the date the Final Approval Order is entered or as shall otherwise be agreed to in writing by Class Counsel and Honda. In the event the Final Approval Order is reversed, and such reversal becomes final (i.e., all appeals and avenues of review are exhausted), the full amount of attorneys' fees, costs and expenses shall be remitted to Defendant within fourteen (14) days of such reversal becoming final.

C.      Given the efforts of the two named Plaintiffs on behalf of the Class Members, Defendant has agreed to pay Plaintiffs up to a total of Two Thousand Dollars and No Cents ($2,000) in Incentive Awards, to be as follows: $1,000 each to Vanessa Browne and Paul Moore. Such award shall be paid by check and shall be delivered to plaintiffs' counsel (14) days

21

after the date the Final Approval Order is entered or as shall otherwise be agreed to in writing by Class Counsel and Honda. In the event the Final Approval Order is reversed, and such reversal becomes final (i.e., all appeals and avenues of review are exhausted), the full amount of all Incentive Awards shall be remitted to Defendant within fourteen (14) days of such reversal becoming final.

## X.   REPRESENTATIONS, WARRANTIES AND COVENANTS

A.   Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

B.   Defendant, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Defendant of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Defendant. This Settlement Agreement has been duly and validly executed and delivered by Defendant and constitutes its legal, valid, and binding obligation.

## XI.   MISCELLANEOUS PROVISIONS

A.   This Settlement Agreement is not to be used in evidence and shall not at any time be construed or deemed to be any admission or concession by Defendant with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein.

22

Defendant specifically denies all of the allegations made in connection with the Litigation. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Defendant, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Litigation, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that (a) under applicable laws, it is appropriate that a class be certified for settlement purposes only (i.e., without needing to satisfy fully the standard required for certification of the matter for litigation purposes); (b) Defendant contests and denies that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction, other than for the purposes of this Settlement Agreement; and (c) notwithstanding any other provisions of this Settlement Agreement, all actions and proceedings pursuant to it shall be consistent with the foregoing. This provision shall survive the expiration or voiding of the Settlement Agreement.

B. This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered or a Final Approval Order is subsequently reversed by an appeal, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

C.      The Parties agree that Defendant may withdraw or terminate this Settlement Agreement prior to the Settlement Hearing if more than one percent (1%) of Class Members have submitted valid and timely Requests for Exclusion.  For purposes of determining whether the conditions for withdrawal or termination of the Settlement Agreement have occurred, copies of all Requests for Exclusion timely received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Defendant's Counsel within three (3) days of receipt by Class Counsel, but, in no event, later than ten (10) Court days before the Final Approval Hearing.  In the event of a withdrawal from this Settlement Agreement in accordance with the terms of this paragraph, this Settlement Agreement shall become null and void and of no further force and effect.

D.      The Class Counsel Fees and Expenses, as awarded by the Court, shall be paid in accordance with the terms set forth in paragraph IX(B) of the Settlement Agreement  or as shall otherwise be agreed to in writing by Class Counsel and Honda.

E.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

F.      This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

G.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

H.      This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of California without giving effect to any choice or conflict

24

of law provision, or rule that would cause the application of the laws of any other jurisdiction.

     I.     Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her or its own costs of the Litigation.

     J.     The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

     K.     Proper notice shall be given to Plaintiffs and Defendant of all applications for Court approval or Court orders required under this Settlement Agreement.

     L.     The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

     M.     This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Litigation.

     N.     The Parties agree that any disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement

Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

O.     All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

Class Counsel:

Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California
Telephone: 415.981.4800
Facsimile: 415.981.4846
Email: ehg@girardgibbs.com

Steven N. Berk
Berk Law PLLC
1225 Fifteenth St. NW
Washington, DC 20005
Telephone: 202.232.7550
Facsimile: 202.232.7556
Email:  steven@berklawdc.com

Honda's Counsel:

Roy Morse Brisbois
Eric Y. Kizirian
Lewis Brisbois Bisgaard and Smith LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900
Email: brisbois@lbbslaw.com

**IN WITNESS WHEREOF**, Plaintiffs and Defendant, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: March 7, 2010

Eric H. Gibbs
Dylan Hughes
Geoffrey A. Munroe
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: 415.981.4800
Facsimile: 415.981.4846

Steven N. Berk
Michael Lewis
BERK LAW PLLC
1225 Fifteenth Street NW
Washington, D.C. 2005
Telephone: 202.232.7550
Facsimile: 202.232.7556
Attorneys for Plaintiffs and the Proposed Class

Dated: March 7, 2010

Roy M. Brisbois
Eric Y. Kizirian
LEWIS BRISBOIS BISGAARD AND SMITH LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
American Honda Motor Co., Inc.

27

# EXHIBIT 2

HOME
ABOUT US
ATTORNEYS
PRACTICE AREAS
RESULTS
NEWS
RESOURCES
CONTACT US

**CASE INVESTIGATIONS**

**HONDA & ACURA REAR BRAKE CLASS ACTION SETTLEMENT REACHED**
More information about the case and links to important settlement documents.

**HYUNDAI TIBURON CLASS ACTION SETTLEMENT REACHED**
More information about the case and links to important settlement documents.

**SPEAK TO OUR LABOR AND EMPLOYMENT ATTORNEYS**
¿Tiene Preguntas Sobre Las Leyes Del Empleo Y Labor?

**LEHMAN BROTHERS SECURITIES LITIGATION- GIRARD GIBBS APPOINTED TO EXECUTIVE COMMITTEE.**
More information about the Lehman Brothers securities class action lawsuit.

**MEDICAL CAPITAL SECURITIES LITIGATION - GIRARD GIBBS APPOINTED LEAD COUNSEL.**
More information about the Medical Capital class action lawsuit.

**YASMIN AND YAZ SIDE EFFECTS LAWSUITS**
California Yasmin and Yaz lawsuits.

**A.J. De BARTOLOMEO APPOINTED TO STEERING COMMITTEE IN YAZ AND YASMIN LAWSUITS**
Yaz Lawsuit Steering Committee Order.

**CHASE MINIMUM PAYMENT CLASS ACTION LAWSUIT**
Girard Gibbs files class action lawsuit on behalf of Chase cardholders. Learn more about the Chase minimum payment class action lawsuit.

**MERCEDES-BENZ TELE AID CLASS ACTION- CLASS CERTIFICATION GRANTED**
More information about the Mercedes-Benz Tele Aid system class action lawsuit.

View All Current Securities Cases

View All Current Consumer Cases

HOME // CONSUMER PROTECTION // HONDA BRAKE CLASS ACTION

# Honda Accord and Acura TSX Rear Brake Class Action

## Honda Accord & Acura TSX Rear Brake Class Action

Girard Gibbs LLP has filed a class action complaint on behalf of plaintiffs who allege that the braking system in certain Honda Accord and Acura TSX vehicles have a defect that causes the rear brake pads to wear prematurely. The lawsuit also alleges that Honda conceals the defect and fails to repair the rear brakes under warranty. Honda has denied the allegations.

The affected vehicles ("Class Vehicles") include:

- 2008 – 2009 Honda Accords,
- 2009 Acura TSXs, and
- 2010 Acura TSXs, if the last six digits of the Vehicle Identification Number (VIN) appear on this list, and
- 2010 Honda Accords, if the last six digits of the Vehicle Identification Number (VIN) are one of the following: 000001; 000002; 000003; 000004; 000005; 000006; 000007; 000008; or 000009.

### Settlement Announcement

Recently, the Plaintiffs and Honda agreed on a settlement which—if approved by the court—will allow owners and lessees of the Class Vehicles to submit claims for cash reimbursement for two types of repairs:

1. **Improved Rear Brakes**
   - Reimbursements will be available for those who pay to install the newly developed rear brake pads for the Class Vehicles. The new pads (part number 43022-TA0-A40) are already available at many dealership and will become available at others in the coming days and weeks. Installation of these new pads, along with adjustments made to the vehicles' calipers, should allow the rear brake pads to last substantially longer than the Class Vehicles' original brake pads.
   - Owners and lessees who pay to have the new brake pads installed will be reimbursed for their out-of-pocket costs, up to $150.

2. **Prior Rear Brake Repairs**
   - Owners and lessees will be able to claim reimbursements for money they spent previously purchasing or installing Honda rear brake pads, and for related costs such as rotor resurfacings.
   - Reimbursements for prior rear brake repairs will be 50% of the repair costs, up to $125 per repair. There is no limit on the number of rear brake repairs that can be reimbursed.

Additional information about the settlement, including who is eligible and what you will need to do to claim reimbursements, will be included in the Notice of Class Action Settlement which will be mailed to owners and lessees by June 1, 2010.

### What Happens Next

Before the settlement can take effect, it must be approved by the court. **It is important that you gather and continue to save receipts for your rear braking system repairs.**

The court has decided to preliminarily approve the settlement agreement. As a result, owners and lessees will be mailed the Notice of Class Action Settlement by June 1, 2010, along with a Settlement Claim Form which will allow them to make their claims for reimbursements. The Notice of Class Action Settlement provides more information about the lawsuit, your legal rights, and details of the settlement including eligibility and how to receive available benefits.

The court will hold a "Fairness Hearing" on July 26, 2010, at 10:00 a.m. to determine whether to finally approve the settlement. At the Fairness Hearing, members of the class will be allowed to comment on the proposed settlement. Only if the court grants final approval will class members receive their reimbursements.

### What Should You Do Now?

If you believe you may be eligible to receive a reimbursement under the settlement, **it is important you gather and continue to save your receipts for your rear braking system repairs.** Fill out the form to the right if you wish to receive future updates by email.

### Frequently Asked Questions?

1. What is the Effective Date?
2. Is there a deadline to get repairs done?
3. Is there a deadline to mail claims for reimbursements?
4. Is my car covered by the settlement?
5. What will be the amount of the reimbursements (if the court approves the settlement)?
6. Can one person claim reimbursements for BOTH types of replacements?
7. Should I mail in my claim now, or wait?
8. How much will the improved Honda brake pad cost?
9. What if I have not had any brake problems?
10. Does this apply only to 2008-2010 Honda Accords and 2009-2010 Acura TSXs?

**1. What is the Effective Date?**

The Effective Date is the date on which this settlement becomes final, once the court has granted final approval and the period for appeals has passed. The Effective Date is not yet known, but will be no earlier than August 25, 2010.

RETURN TO TOP

**2. Is there a deadline to get repairs done?**

YES. The deadline has not yet been determined, but it will be no earlier than October 24, 2010. To be reimbursable a repair must be performed before at least one of the following two dates:

   i. Final Approval Date + 90 days (which will be no earlier than October 24, 2010); or

   ii. 3 years after the car was first sold, leased, or used as a demonstrator/company vehicle.

(Once the Final Approval Date has been determined, it will be posted on this website.)

RETURN TO TOP

**3. Is there a deadline to mail claims for reimbursements?**

YES. The deadline has not yet been determined, but it will be no earlier than November 23, 2010. The deadline for mailing a claim depends on the type of repair:

   a. For replacements using original Honda brake pads, the Claim Form must be mailed by the Effective Date + 90 days (which will be no earlier than November 23, 2010).

   b. For replacements using improved Honda brake pads, the Claim Form must be mailed before at least one of the following two dates:

      i. Effective Date + 90 days (which will be no earlier than November 23, 2010); or

      ii. Date improved pads are purchased + 90 days (the deadline for this purchase is above).

(Once the Effective Date has been determined, it will be posted on this website.)

RETURN TO TOP

**4. Is my car covered by the settlement?**

For residents of the United States, the following cars are covered by the settlement agreement:

   a. **ALL** 2008-2009 Honda Accords and 2009 Acura TSXs;

   b. **ONLY THOSE** 2010 Honda Accords that have a vehicle identification number (VIN) that ends with: 000001; 000002; 000003; 000004; 000005; 000006; 000007; 000008; 000009; and

   c. **ONLY THOSE** 2010 Acura TSXs that have a vehicle identification number (VIN) that ends with one of the 6-digit numbers available here.

RETURN TO TOP

**5. What will be the amount of the reimbursements (if the court approves the settlement)?**

   a. For replacements using original Honda brake pads, the reimbursement will be equal to 50% of the amount spent, up to $125 per repair. The original brake pads' part numbers are #43022-TA0-A00, #43022-TA0-A01, and #43022-TA0-A70.

   b. For replacements using improved Honda brake pads, the reimbursement will be equal to 100% of the amount spent, up to $150 per repair. The improved brake pads' part number is #43022-TA0-A40.

RETURN TO TOP

**6. Can one person claim reimbursements for BOTH types of replacements?**

YES.

RETURN TO TOP

**7. Should I mail in my claim now, or wait?**

We encourage you to submit your claims as soon as possible. You can submit a claim for reimbursement for original parts now, and then, once you have paid for improved parts, send in an additional claim (you will be able to print additional Claim Forms on this website).

RETURN TO TOP

**8. How much will the improved Honda brake pad cost?**

Honda's suggested retail price for a set of the improved brake pads (part number 43022-TA0-A40) is $66.46. Labor costs to install the pads will vary.

RETURN TO TOP

**9. What if I have not had any brake problems?**

Some Class Vehicles, especially the more recently sold vehicles, will not yet have required brake pad replacements. However, if your car needs rear brake pads in the future, you will be able to make a claim under the settlement. Please remember that there is no mileage limitation for the repairs, but that the deadline for obtaining most repairs is within 3 years of when the car was first sold or leased.

RETURN TO TOP

**10. Does this apply only to 2008-2010 Honda Accords and 2009-2010 Acura TSXs?**

YES. The court-approved settlement can only provide assistance for the types of vehicles that were at issue in this case. Only the 2008-2010 Accords and 2009-2010 Acura TSXs were listed in the complaint. Owners of other models or model years are not barred by the settlement from seeking their own relief from Honda, but will not be eligible to make a claim under the agreement.

If you have any questions, please feel free to call our toll-free number at (866) 981-4800 or fill out the form to the right to email us.

**Why Girard Gibbs LLP?**

Girard Gibbs is a national litigation firm specializing in securities litigation, consumer class actions and complex business litigation. Girard Gibbs' managing partner Daniel Girard was voted one of Northern California's Super Lawyers in 2007, 2008, and 2009 by Law & Politics, recognizing him as one of the top 5-percent of attorneys practicing in Northern California.

**HONDA ACCORD/ACURA TSX CASE DOCUMENTS**

Notice of Honda and Acura Class Action Settlement

Honda and Acura Class Action Settlement Claim Form

Order Granting Preliminary Approval of Honda and Acura Class Action Settlement

Honda and Acura First Amended Class Action Complaint

Honda and Acura Service News Article

Acura TSX Service News Article

2010 Acura TSX VIN Numbers of Class Vehicles

**HAVE A QUESTION ABOUT THE CASE?**

Please fill out the form below, or call toll-free (866) 981-4800.

First Name:

Last Name:

Phone:

Email:

State/Province:

Message:

☐ I would like to receive updates concerning this class action.

SEND

Your use of this web site, or sending of an email to Girard Gibbs LLP, does not, by itself, create an attorney-client relationship between you and Girard Gibbs LLP.

Privacy Policy: Girard Gibbs maintains the privacy of your message. We do not transfer your personal information, including your email address, to any third party. Information entered in the form will be used solely for informational purposes to assist in our case investigations



# EXHIBIT 3

**From:**  Feedback - Girard Gibbs LLP
**Sent:**  Wednesday, June 16, 2010 10:37 AM
**To:**  ~Feedback-Honda Brakes; Veronika Zatulovskaya
**Subject:**  FW: Honda Brakes - New Participant Created

---------------------------------------------
From: no-reply@salesforce.com on behalf of Eileen Epstein[SMTP:EJE@GIRARDGIBBS.COM]
Sent: Wednesday, June 16, 2010 10:37:05 AM
To: Feedback - Girard Gibbs LLP
Subject: Honda Brakes - New Participant Created Auto forwarded by a Rule

The following case participant has been has been created.

Name: Michael H
Email:    REDACTED
Phone:
State: NY

Case Comments: Thank you for taking this up with Honda.  I went through my first set of brake
pads at 17,000 miles and now I've been told that i will have to replace them again soon and I
am only at 31,000 miles.  It's great to see that there is a law firm who is looking out for
the interest of the consumers.

Link to participant in salesforce:<a href="00QA0000008nxGS" target="_blank">CLICK ME!</a>

| | |
|---|---|
| **From:** | Feedback - Girard Gibbs LLP |
| **Sent:** | Wednesday, May 26, 2010 10:23 AM |
| **To:** | ~Feedback-Honda Brakes |
| **Subject:** | FW: Honda Brakes - New Participant Created |

---------------------------------------------

From: no-reply@salesforce.com on behalf of Eileen Epstein[SMTP:EJE@GIRARDGIBBS.COM]
Sent: Wednesday, May 26, 2010 10:23:22 AM
To: Feedback - Girard Gibbs LLP
Subject: Honda Brakes - New Participant Created Auto forwarded by a Rule

The following case participant has been has been created.

Name: Chris G
Email:     REDACTED
Phone:
State: NY

Case Comments: I own a 2008 Honda Accord EX-L and I'm very thankful you guys are doing this!
Same thing, my rear brakes wore down prematurely, honestly I noticed something wasn't right
at 18,000 mi but I ignored the problem until somewhere between 30-35k miles, when I realized
that my rear brakes were completely worn down. Interestingly enough, the front brakes were as
good as new. I now have 52,600 mi on the vehicle and notice that my rear brakes are squealing
again. Again, I really appreciate the time and effort you guys have put into this case.

-Chris G

Link to participant in salesforce:<a href="00QA00000084moq" target="_blank">CLICK ME!</a>

1

**From:**      Feedback - Girard Gibbs LLP
**Sent:**      Tuesday, June 08, 2010 10:08 AM
**To:**      ~Feedback-Honda Brakes
**Subject:**      FW: Honda Brakes - New Participant Created

--------------------------------------------
From: no-reply@salesforce.com on behalf of Eileen Epstein[SMTP:EJE@GIRARDGIBBS.COM]
Sent: Tuesday, June 08, 2010 10:08:13 AM
To: Feedback - Girard Gibbs LLP
Subject: Honda Brakes - New Participant Created Auto forwarded by a Rule

The following case participant has been has been created.

Name: Joyce R
Email:    REDACTED
Phone:
State: Maryland

Case Comments: I received the Settlement Claim Form in the mail last week, about the same time that my back brakes started squealing and making horrific noises.  I called the dealer yesterday after reading the information I received and over the phone they said yep that is what your problem is, and today when I brought my car in for the new brake pads I asked the Service Manager and he stated that was absolutely the problem.  Why then the lawsuit? Why didn't Honda just opt to replace a defective part? Obviously it is an issue and I would think that with all the fallout from Toyota's decision not to come forth with their automobiles safety issues that Honda would choose to be proactive. Anyway I have the receipts and will be sending them in.

thanks,
Joyce

Link to participant in salesforce:<a href="00QA0000008mgFs" target="_blank">CLICK ME!</a>

| | |
|---|---|
| **From:** | Feedback - Girard Gibbs LLP |
| **Sent:** | Tuesday, June 08, 2010 4:39 PM |
| **To:** | ~Feedback-Honda Brakes |
| **Subject:** | FW: Honda Brakes - New Participant Created |

-------------------------------------------
From: no-reply@salesforce.com on behalf of Eileen Epstein[SMTP:EJE@GIRARDGIBBS.COM]
Sent: Tuesday, June 08, 2010 4:38:54 PM
To: Feedback - Girard Gibbs LLP
Subject: Honda Brakes - New Participant Created Auto forwarded by a Rule

The following case participant has been has been created.

Name: George N.
Email:     REDACTED
Phone:
State: Indiana

Case Comments: Hello.  I have had many issues with my rear brakes ever since I purchased my
2009 Accord in May 2009.  Each time I went to the dealer I complained, they noted the wear,
and refused to do anything about it.  When I did need to replace them finally, I went to a
local shop, I was absolutely not going to pay an inflated dealer price to replace my brakes
when they should have done it for free to begin with.  How I read this, the parts that the
shop used may not be covered which is wrong, the fact is that I spent $114 to replace their
defective product.  I gave them every chance to repair, with documentation to prove this.
Please help.

Link to participant in salesforce:<a href="00QA0000008mil0" target="_blank">CLICK ME!</a>

REDACTED

June 1, 2010

Honda Rear Brake Pad Settlement Administrator
PO Box 2322
Faribault, MN 55021-9022

Re:  Browne et al. v. American Honda Motor Co., Inc.
No.: CV 09-06750-MMM (DTBx) (C.D.Cal.)

Dear Settlement Administrator:

I received the notice of brake pad settlement and the corresponding claim form regarding this case. I purchased a 2009 Honda Accord on October 8, 2008. About a month ago, I was unpleasantly surprised when the rear brake pads became worn and needed to be replaced. At the time, the vehicle mileage was 22,952.

I am requesting reimbursement. Enclosed is the completed and signed claim form. Also enclosed are a copy of the invoice/work order from Honda East dated 4/29/10 and a copy of my credit card receipt for $164.57, representing the amount I paid for the brake pad replacement. I do not know if original or improved Honda Rear Brake Pads were used. I purchased the car new at Honda East. On the enclosed invoice, the part number for the replacement is identified as 43022-TAO-A70, and pad set number 9437344 is also noted on the enclosed document.

The total expense was $164.57. I understand that the settlement administrator will determine the exact amount of the reimbursement. I would like to comment that I believe the reimbursement should cover the entire cost of the replacement, not only 50% if original rear brake pads were used in the repair. My vehicle only had 22,952 miles at the time the repair became necessary. Please consider modifying the reimbursement guidelines to make claimants whole. If the settlement is approved, please forward the check to my residence, per the enclosed claim form, to my attention at 7172 Hamilton Hills Drive, Cincinnati, OH 45244. My mobile number is the best if you need to call,   REDACTED

Sincerely,

Gary R. L   REDACTED

cc: Girard Gibbs LLP

**From:**        Feedback - Girard Gibbs LLP
**Sent:**        Saturday, November 28, 2009 6:36 PM
**To:**          ~Feedback-Honda Brakes
**Subject:**     FW: Honda Brakes - New Participant Created


-------------------------------------------
From: no-reply@salesforce.com on behalf of Eileen Epstein[SMTP:EJE@GIRARDGIBBS.COM]
Sent: Saturday, November 28, 2009 6:36:24 PM
To: Feedback - Girard Gibbs LLP
Subject: Honda Brakes - New Participant Created Auto forwarded by a Rule

The following case participant has been has been created.

Name: PATRICIA K
Email:        REDACTED
Phone:
State: Loudon TN

Case Comments: rear breakes replaced at 23,000 miles. Dealer said there was an investigation but they cancelled it because Honda needs more people to complain before they will recall the premature break wear.  I paid out of pocket $144.95. They said they will need to be replaced every 15K to 20K miles and that I would have to replace the rear breaks twice and the front breaks once. This should not be because it is a front wheel drive car. They never offered to pay 1/2 of the cost. Please advise if a suit is filed and include me in it. this was supposed to be a dependable car. It is my first Honda and will be my last! Thanks! From all the forums, Honda is pretending they don't know about this issue and are not worried about loosing customers!  Thanks!

Link to participant in salesforce:<a href="00QA0000003nB3O" target="_blank">CLICK ME!</a>

**From:**        Feedback - Girard Gibbs LLP
**Sent:**        Monday, January 04, 2010 11:08 AM
**To:**          ~Feedback-Honda Brakes
**Subject:**     FW: Honda Brakes - New Participant Created


-------------------------------------------
From: no-reply@salesforce.com on behalf of Eileen Epstein[SMTP:EJE@GIRARDGIBBS.COM]
Sent: Monday, January 04, 2010 11:08:20 AM
To: Feedback - Girard Gibbs LLP
Subject: Honda Brakes - New Participant Created Auto forwarded by a Rule

The following case participant has been has been created.

Name: Lynn W
Email:     REDACTED
Phone:
State: Florida

Case Comments: I own a 2008 Honda Accord and just had the rear break pads replaced at 25k.
They have been making noise well before this though.  The dealer is charging me $170 to
replace.  This is unacceptable!

Link to participant in salesforce:<a href="00QA0000004GMgP" target="_blank">CLICK ME!</a>

1