ROY M. BRISBOIS, SB# 53222
  E-Mail: brisbois@lbbslaw.com
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: kizirian@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
American Honda Motor Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| VANESSA BROWNE and PAUL MOORE, on behalf of themselves and all others similarly situated, Plaintiffs, v. AMERICAN HONDA MOTOR CO., INC., Defendant. | Case No. CV 09-06750-MMM(DTBx) **AMERICAN HONDA MOTOR CO., INC.'S REPLY BRIEF RE: OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT** Date: July 26, 2010 Time: 10:00 a.m. Before: Honorable Margaret Morrow |
|---|---|

## I. INTRODUCTION

As this Court is well aware, a District Court may approve a proposed class action settlement under Federal Rules of Civil Procedure Rule 23(e), if the Court concludes that the settlement is "fair, reasonable, and adequate" and if notice was provided "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P 23(e)(1)-(2). The fairness, reasonableness and adequacy of the settlement is addressed at length in the pending motion for final approval and therefore need not be repeated. The adequacy of the notice is detailed in the accompanying memorandum submitted by American Honda establishing compliance with the Court's requirements regarding dissemination of notice to the class. As a consequence, this brief focuses upon one of the principle factors to be

considered by the Court in approving a proposed class action settlement – the degree of opposition to the settlement by class members. *In Re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). As set forth in greater detail below, the proposed settlement has achieved overwhelming support by the class members who would benefit from approval of the settlement.

## II. ANY INFINITESIMAL NUMBER OF CLASS MEMBERS HAVE CHOSEN TO REQUEST EXCLUSION FROM THE PROPOSED SETTLEMENT

With a class exceeding 743,000 individuals, it is inevitable that some class members for whatever reason elect to opt out or request exclusion from the proposed class settlement. As reflected in the affidavit of Staci Nesbit (Rust Consulting), a total of only 381 exclusion requests were postmarked prior to July 5, 2010 and all of which are considered timely. 381 opt-outs out of a class of 743,559 individuals results in a percentage of 0.05% of the class requesting exclusion – truly and infinitesimal percentage. Perhaps even more importantly, the number of class members who chose to object to some of the terms of the settlement is even smaller.

## III. ONLY 100 CLASS MEMBERS SUBMITTED OBJECTIONS TO THE SETTLEMENT – NONE OF WHICH ARE MERITORIOUS

As set forth in the affidavit of Roy M. Brisbois, and as confirmed by the reply brief and supporting papers submitted by class counsel, only 105 class members submitted objections to any portion of the proposed settlement. The scarcity of objectors creates a "strong" presumption in favor of final approval. See e.g. *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3rd Cir. 1990) ("only" 29 objections in 281 member class "strongly favors settlement"); *In Re Marine Midland Motor Vehicle Leasing Litig.*, 155 F.R.D. 416, 420 (W.D.N.Y. 1994) (applying strong presumption that settlement terms favorable to class where only 45 of 53,000 class members opted out); *In Re Fleet/Norstar Sec. Litig.*, 935 F.Supp 99, 107 (D.R.I. 1996) (approval settlement where only 10 of 40,000 class members

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

objected); *Bell Atlantic Corp. v. Bolger,* 2 F.3d 1304, 1313-14 (3rd Cir. 1993) (small proportion of objections favors settlement).

In the context of the *Brown* litigation, with objectors totaling only 105, and with a class size in excess of 743,000 individuals, the absence of any meaningful number of objectors reflects overwhelming support for the settlement.

## IV. RESPONSE TO OBJECTIONS

Review of the objections filed with the Court and submitted to counsel appear to fall into five primary categories. For the sake of clarity and brevity, each of those five categories is addressed separately below.

### A. Settlement Provision Relating to Requirement That Reimbursement For Rear Brake Pad Replacement Is Limited To Honda Parts

Approximately forty-four percent (44%) of the objections related solely to the fact that eligibility for reimbursement for rear brake pad replacements required that the replacements consist of specified Honda rear brake pads[1]. Objectors argued that since the brake pads are not a warrantable item (since brake pad wear is inevitable for all brake pads), many chose to replace their worn Honda brake pads with non-Honda pads for reasons ranging from price to the belief that those parts may have a longer life expectancy. As set forth in the accompanying affidavit of Roy M. Brisbois (counsel for Honda), during negotiation of the settlement agreement, this precise issue was considered by counsel. Due to a variety of issues both legal, administrative and practical, a decision was made to limit the scope of the settlement to rear brake pads replaced with approved Honda pads. As reflected in the affidavit, recognizing that some aftermarket brake pads may not be appropriate for the class vehicles, a genuine concern existed that the settlement should not promote the use of

---

[1] It is not possible to provide an exact percentage due to the vagueness of some of the objections.

1  non-approved parts as there is no means to assure that those parts were in fact
2  appropriate for the vehicles involved. *Brisbois Affidavit,* para 4). Similarly,
3  recognizing that aftermarket rear brake pads would often be installed by facilities
4  not related to the Honda dealership network, no practical means existed for Honda
5  to audit whether the submitted documentation accurately reflected the replacement
6  of Honda rear brake pads with aftermarket rear brake pads on class vehicles.
7      While the issue of non-Honda parts was recognized by all counsel and parties,
8  following class notice, it became apparent that the primary objection to the
9  settlement was by class members who innocently chose to use non-Honda rear brake
10 pads in replacement repairs prior to receiving notice of the proposed settlement.
11 With the full support of class counsel, and with Honda's strong desire to promote
12 goodwill among its customer base, the legal, practical and administrative issues
13 were addressed and resolved. Attached as Exhibit "A" to the *Brisbois Affidavit* is an
14 executed Addendum modifying the proposed settlement to specifically resolve all
15 objections by class members who replaced Honda brake pads with non-Honda rear
16 brake pads.
17     As reflected by the Addendum, Honda agrees to reimburse settlement class
18 members for one set of rear brake pad replacements where a class member chooses
19 to replace Honda pads with aftermarket or non-approved Honda pads. All that is
20 required to achieve such a reimbursement is to submit their claim and required
21 documentation in a timely fashion – the very same eligibility requirements that exist
22 for the replacement of Honda pads with specifically approved Honda pads.[2]

---

[2] The Addendum merely adds an additional benefit to the class without taking away any previously promised benefits reflected in the settlement agreement. Recognizing the administrative problems validating pad replacements using non-Honda parts, the Addendum provides additional time for the class administrator to investigate the validity of the claims.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

Recognizing that some of the opt outs who may have purchased non-Honda parts may wish to reconsider their request to be excluded, all opt outs received a letter from Class Counsel explaining the substance of the Addendum and provided them with a mechanism to withdraw their request for exclusions, if they chose to do so.

As part of the Addendum, to ensure that all settlement class members will be apprised of the expansion of benefits available to them if the settlement is approved, Honda agreed to provide a post card notice of entry of the final approval order as well as a brief description of the additional benefits provided by virtue of the Addendum. As a consequence, the Addendum and the willingness by Honda to provide additional notice of those benefits effectively answers all of the objections by class members in respect to reimbursements for non-Honda parts.

### B. Objections By Class Members Who Approve The Settlement But Want Greater Monetary Reimbursement For Rear Pad Replacements

Approximately twenty-eight percent (28%) of the objectors objected solely upon the basis that they felt the amount of reimbursement by Honda for rear brake pad replacement should be greater. Common to each of the objections is the unstated but erroneous belief that the reimbursement should roughly equal the total cost incurred by consumers to replace the rear brake pads. The fundamental flaw in that assumption is the fact that all brake pads on all vehicles experience wear and ultimately must be replaced. To reimburse class members for the total costs of rear brake pad replacement would effectively place class members in a position in which they would own class vehicles and never experience the customary cost that all drivers incur in replacing worn brake pads.

Recognizing that some class members inevitably object on the basis that the class should receive "more", Class Counsel addressed this exact issue in their motion for final approval. Utilizing real world examples from class members, Class

Counsel compellingly demonstrates that class members are economically better off under the proposed settlement than owners of non-class vehicles under the same circumstances (*Plaintiffs' Memorandum In Support of Motion for Final Approval of Class Settlement*, section B(4) at pp. 17-18).

Simply stated, the objectors who want "more" conveniently ignore the cost that they would have incurred in replacing brake pads regardless of the number of miles that those pads achieve prior to replacement. In almost any situation, a mathematical calculation of what a consumer would have incurred versus what a consumer will incur if the settlement is approved results in the settlement placing the class member in a better position than they would otherwise find themselves.

### C. Class Members Who Have Yet To Replace Their Brake Pads

Approximately ten percent (10%) of the objectors complain of the fact that they have low mileage on their vehicles and have yet to replace their brake pads. In virtually every such objection, the objector misreads the settlement terms and concludes that in order to obtain future reimbursement for pads the pads must be replaced within 90 days of the Effective Date of the settlement future brake pad replacements will utilize the New Material Brake Pads which became available in June of 2010. What those objectors apparently do not appreciate, however, is that this exact issue was considered and specifically addressed in the settlement. In order for a claim for future reimbursement to be timely, the repair must be incurred during the "Benefit Period" (defined as three years commencing from the original purchase or lease of the vehicle) and in which a claim is made within 90 days of the Effective Date in the settlement "or the date of repair, whichever is later." (*Settlement Agreement*, III. A.2). It is the phrase "whichever is later" which apparently failed to grab the attention of those objectors. By way of example, objectors who purchased their vehicles in 2009 will have three years in which to replace the rear brake pads and thereafter an additional 90 days in which to submit a claim. Thus, if a class member purchased the vehicle in June of 2009, replaced their

first set of rear brake pads in May of 2012 with the New Material Brake Pads, that class member would still have 90 days after the May 2012 repairs in which to submit their claim.

### D. Objections Relating To Administrative Ease of Obtaining Reimbursement

Some of the objectors appear concerned regarding the steps that they would have to take in order to obtain reimbursement. Apparently, they believe that it would be preferable for Honda or Acura dealers to immediately issue payment to them at the time of repair. These objectors ignore the fact that the independently owned Honda and Acura dealers are not parties to the litigation and, therefore, neither the Court nor American Honda can require the independently owned Acura and Honda dealers to issue reimbursement checks. They also ignore the fact that those Honda and Acura dealers would not be privy to the claim history of class members pursuant to the settlement and, therefore, may not even be in a position to determine a class member's eligibility for reimbursement.

At the time this case was settled, and with the express assistance of this Court, the ease of obtaining reimbursement for valid and timely claims was addressed. It was specifically for that reason that a very simplified claim form was agreed upon with a very short time limit (10 days) for the Claims Administrator to review, approve and issue payment. In all due respect to the well intended objectors regarding administrative ease in obtaining reimbursements, one of the greatest strengths in this settlement to the settlement class is the user-friendly ease by which class members can obtain reimbursements, if eligible.

### V. QUESTIONS RELATING TO THE ADEQUACIES OF THE NEW BRAKE PAD MATERIAL

A few objectors questioned the mileage they may expect to receive once their vehicles are equipped with the New Material Brake Pad. The New Material Brake Pad became available to Honda and Acura dealers in June of 2010. As a

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

consequence, there is no "real world" data currently available to address those concerns.

During the course of the settlement negotiations, Class Counsel delved in depth regarding the claimed adequacy of the usage of the New Material Brake Pad. Discovery conducted by Class Counsel established that the New Material Brake Pad for use in the class vehicles met all of Honda's stringent standards, the pads were subject to a full battery of tests performed either by Honda R & D Co., Ltd., or its vendors to evaluate the material and that the new brake pads meet all of Honda Motor Co., Ltd., Honda R & D Co., Ltd., Japan, European and United States requirements. Given the fact that both Class Counsel and their consultants are satisfied in respect to the adequacy of the newly designed rear brake pads, it is respectfully submitted that the few objectors who questioned the issue did so without the benefit of the information available to Class Counsel and their class experts.

## VI. WITH THE VAST MAJORITY OF CLASS MEMBERS CLEARLY SUPPORTING THE SETTLEMENT, THOSE CLASS MEMBERS SHOULD NOT BE DEPRIVED OF THE BENEFITS OF THE SETTLEMENT BECAUSE OF A HANDFUL OF OBJECTIONS

In its simplest terms, the objections ignore the enormous hurdles facing both certification of a class and attempting to prevail on the merits (all of which are detailed in the plaintiffs' motion for final approval). They simply assert a desire to be fully reimbursed for rear brake pad replacement costs, or misunderstand the benefit, or fail to recognize the administrative impossibility of direct payments by non-party automotive dealers. The fact that so few class members object, the fact that many of the objections are based upon a misreading of the settlement, the fact

///
///
///

4825-3906-2534.1

8

AMERICAN HONDA MOTOR CO., INC.'S REPLY BRIEF RE: OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

that many of the objections are addressed by the Addendum all coupled with the unalterable fact that the entire class will receive an extraordinary benefit from the settlement supports the request that this Court approve the settlement as reflected in the Master Settlement and Release and as modified by the Addendum.

DATED: July 12, 2010      LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _/s/ Roy M. Brisbois_
Roy M. Brisbois
Attorneys for Defendant
American Honda Motor Co., Inc.