Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

Attorneys for Individual and Representative
Plaintiffs Vanessa Browne and Paul Moore

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BROWNE and PAUL MOORE, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>          Defendant. | Case No.  CV 09-06750-MMM(DTBx)<br><br>**SUPPLEMENTAL DECLARATION OF ERIC H. GIBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date: July 26, 2010<br>Time:  10:00 a.m.<br>Before:  Hon. Margaret Morrow |

I, Eric H. Gibbs, hereby declare as follows:

1. I am a member in good standing of the State Bar of California and a partner of Girard Gibbs LLP, one of the law firms serving as Class Counsel in the above-captioned action against American Honda Motor Co., Inc. The following statements are based on my personal knowledge and review of the files in this case and, if called on to do so, could and would testify competently thereto.

2. Along with co-counsel, I am the attorney principally responsible for representing the Class in this litigation. I was personally involved in all aspects of the negotiations that led up to the execution of the master Settlement Agreement and Release, and was personally involved in all negotiations that resulted in the Addendum.

3. During the course of negotiating the Master Settlement Agreement and Release, the Parties discussed providing reimbursements to settlement class members who replaced original Honda rear brake pads with non-Honda rear brake pads. Although they advocated for such a reimbursement, Class Counsel recognized that because the overall settlement provided for future rear-brake pad replacements through a simplified procedure, they could not justify delaying or setting aside the settlement because it lacked reimbursements for non-Honda rear brake pads, and thus ultimately agreed that the Master Settlement Agreement and Release would not provide for reimbursement to settlement class members for replacement of original Honda rear brake pads with non-approved rear brake pads.

4. Shortly after the claims administrator completed mailing the class notice, the Parties renewed their discussions about reimbursing class members who replaced original Honda rear brake pads with non-approved Honda rear brake pads. With Class Counsel continuing to advocate for comprehensive relief overall, and Honda's expressed desire to promote customer good will, and after extensive discussions, the Parties were able to overcome the initial concerns and ultimately executed the Addendum attached as Exhibit "A" to Mr. Brisbois's declaration. (Doc. #47-3.)

5.    As I stated in the Joint Declaration, I am familiar with the procedural and substantive requirements for judicial approval of class action settlements under California and federal law, and believe the Master Settlement Agreement and Release is fair, reasonable, and adequate for the Class as a whole.  I further believe that because the Addendum only improves upon the original settlement, it remains fair, reasonable and adequate for the Class as a whole, and that the Court should approve the Settlement and authorize Honda to send the postcard to the Class notifying them of final settlement approval and the revisions allowing for reimbursement for non-Honda brake pad replacements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 12th day of July 2010, at San Francisco, California.

/s/ Eric. H. Gibbs