**EXHIBIT 1**

Philip H. Lancaster
353 Griffin Rd.
Lookout Mountain, GA 30750
423-400-0101

June 2, 2010

Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street, 14th Floor
San Francisco, CA 94108

To Whom It May Concern:

I am commenting on the Settlement in
*Browne et al. v. American Honda Motor Co., Inc.*, Case No. CV 09-06750 MMM (DTBx).

My name, current address, and mobile telephone number appear at the top of this page.

My Class Vehicle is a 2008 Honda Accord with VIN # 1HGCP36878A013021.

I object to the Settlement insofar as reimbursement for brake pad replacement is limited to replacement with the specified *Honda* brake pads. The Settlement should reimburse Class Members for replacement with *any brand* of brake pad.

I was alarmed that I needed new rear brake pads on the 2008 Accord after only 24,000 miles of driving. Concluding myself that the Honda pads must be defective or inferior in some way, I chose to have a non-Honda repair service replace the pads with a non-Honda brand of pads.

I suffered financial loss as a Member of the Settlement Class. Why should I be denied the right to a fair financial settlement for my loss simply because I chose another type of brake pad as my replacement?

I have enclosed a copy of the receipt for the replacement of the rear brake pads on my Accord dated May 12, 2009 and totaling $124.15 in cost.

Why does the Settlement deny me the justice of a reasonable reimbursement for my loss?

I have not objected to any other class action settlement in any court in the United States in the previous five (5) years.

Sincerely yours,

Philip H. Lancaster

Enclosure

904 Beech Bend Drive
Nashville,TN 37221
June 26, 2010

Comment on settlement: *Browne et al. v. American Honda Motor Co., Inc.*

Clerk of the Court
Roybal Federal Building
United States District Court for the Central District of California
255 East Temple Street
Los Angeles, CA 90012

Dear Sirs:
I would like to **object** to the provision in this settlement that **the repairs had to be made using Honda parts**.

My 2008 Honda Accord's brakes were replaced at 28,169 miles by my neighborhood mechanic using Centric brake pads.  These are known for providing superior stopping power with minimal dusting and noise.  I feel I should not be penalized for not using original Honda Parts when they had obviously failed to perform as would normally have been expected.

I have never objected to any other class action settlement in any court in the United States.

Sincerely,

David Lundberg
2008 Honda Accord VIN Number: **JHMCP26348C005250**
615 715-2883

Enclosure: repair receipt

cc: Girard Gibbs LLP
    Lewis Brisbois Bisgaard & Smith LLP

June 28, 2010

To Whom It May Concern:

I am commenting on the Settlement in *Browne et at. v. American Honda Motor Co., Inc.,* Case No. CV 09-06750 MMM (DTBx).   My name is Sheila Santos and I live at 2858 Tuscarora Trail, Middleburg, FL 32068.  My telephone number is (904) 434-2662 and my work telephone number is (904) 215-4852.   The model of my vehicle is a 2009 Honda Accord and the VIN is 1HGCP26339A020564.  The reason I object to this particular Settlement is not because I don't agree with the Settlement, it is because I think the Settlement should be modified to cover any type of rear brake pad repair/replacement.   Specifically, it should not just cover Honda replacement parts, but any brand or type of replacement parts.  The Settlement as it stands would only reimburse the owner if the rear brake pad repair/replacement were done with specifically made Honda parts.

I have definite reasons as to why I did not choose Honda for my service or parts in repairing/replacing my rear brake pads.  One reason was because of my immense dissatisfaction as well as frustration with the company.  The cost of servicing my vehicle at the dealership would obviously have been more expensive than an outside auto shop.  The parts, if Honda parts, would have been obviously more expensive as well.  Saving money was important for me and I was not about to give Honda anymore of my business or money.  I was extremely upset that on a brand new, year old car that I even had to replace the rear brake pads.  My biggest and most important reason is the unreliability of the Honda rear brake pads in the first place.  Why would I replace a defective Honda rear brake pad with another Honda rear brake pad that would potentially pose the same exact problem another year later?  There would be no guarantee that the problem would not occur again so I was better off saving money and getting a completely different rear brake pad for my vehicle.  From what I was told at the dealership I purchased my vehicle, Honda, for whatever reasons, decided to change the material that the rear brake pads were made of for a better braking quality for the driver, but with the downfall of wearing out much quicker.  What the heck were they thinking in creating new pieces of crap to put on brand new vehicles that would cause problems a year down the road?!  Every associate I spoke with at the dealership told me the issue of having to replace the rear brake pads within a year of having the car, having only a little over 22,000 miles on the car was normal.

So I think this Settlement is absolutely fair in what it is contesting, but I think it should cover and reimburse any Honda rear brake pad replacement, no matter where and what type of part was used.  I still had to waste my time, energy and money to assure my vehicle was still safe to drive.  I have included copies of my receipt and invoice from where I had the rear brake pads replaced and also the invoice from where the auto shop ordered the rear brake pads to put on my vehicle.  If any questions or concern, please feel free to contact me at any of the numbers listed above.  Thank you very much for your time.

*Sheila Santos*
Sheila Santos

June 25, 2010

Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco, CA  94108

I am commenting on the settlement in *Browne et al v. American Honda Motor Co., Inc.,* Case No. CV
09-06750 MMM (DTBx).  I have not objected to any other class action settlement in any court in the
United States in the previous five (5) years.

My wife Anita and I lease a 2008 Honda Accord LX, VIN #1HGCP26318A058440.  The lease
commenced on 12/22/07.  In mid-September 2008, we heard grinding noises and immediately
brought the car to our local mechanic, who diagnosed that we were in need of rear brakes.  Since
we'd had the car less than a year and it had only 15,843 miles on it, our mechanic felt that a brake
job at this point in time was extremely premature, and he suggested we contact Honda.  We spoke
several times with the California office and they agreed to replace the brakes at no charge.  We
brought the car to Nardy Honda in Smithtown NY and our brakes were replaced on 9/24/08.

Once again, in November of 2009, we heard grinding noises and visited our local mechanic.  Once
again we needed to replace the rear brakes, with mileage at 37,196.  We did some online research
and discovered that many other Honda customers were having the same issues with premature
brake wear.  With this in mind, we opted to use our local mechanic for the second brake
replacement job in hopes that his brand of brakes would prove more long lasting than Honda's.  Our
brakes were replaced 11/23/09.  Please note too our mechanic offers a one year/ 12,000 mile
warranty on parts and labor, so we're hopeful these brakes will outlast the original and first
replacement sets of brakes.

We've since read in the April 2010 issue of Consumer Reports that the brakes on 2008 Honda
Accords were found to be much worse than average, which confirmed what we already knew.

We're attaching the bills for both brake jobs, and feel that we are entitled to reimbursement for the
second set of brake pads for the reasons explained above, even though they are not the Honda
brand.

Thank you for your consideration in this matter.

Sincerely yours,

*Donald F. Wilson*

Donald F. Wilson
24 Pineview Lane
Coram, NY  11727-5102

Phone No. 631-470-4370

Steven Unterreiner
754 Illini Drive
Monroeville, PA 15146
(724) 327-2937
June 27, 2010

Clerk of the Court
Roybal Federal Building
United States District Court for
   the Central District of California
255 East Temple Street
Los Angeles, CA 90012

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
c/o Roy Morse Brisbois
221 North Figueroa Street
Suite 1200
Los Angelos, CA  90012-2601

**GIRARD GIBBS LLP**
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco, CA  94108

RE:   Settlement in <u>Browne et al. v. American Honda Motor Co., Inc.</u>
        Case No. CV 09-06750 MMM (DTBx)

TO WHOM IT MAY CONCERN:

I, Steven Unterreiner, object to the terms of the settlement proposed in the Case No. listed above.

Per the *Notice of Honda and Acura Rear Brake Pad Settlement*, I am a valid class member of the proposed settlement:

- I have paid for rear brake pad replacements on a Class Vehicle within three (3) years of purchasing the car:

    Model/Make: 2008 Honda Accord
    VIN: 1HGCP26888A047978

- The replacement was not necessitated by collision or material modifications of the car.
- I have not been fully reimbursed for the repair.
- I have never objected to any other class action settlement in any court in the United States in the previous five (5) years.

While I agree that the Class Members should receive reimbursement for the replacement, in this proposed settlement, I have been unfairly excluded from receipt of the reimbursement because the repairs were made with non-Honda manufactured replacement/repaired parts. It is my contention that a fair and reasonable settlement will include reimbursement for non-Honda parts if circumstances prove that:

1. The repair/replacement of the brake pads was mandated to comply with state law because of the classification of the worn brakes as a safety issue; AND
2. The act of driving the vehicle to a location where repair/replacement with Honda manufactured parts was available would have posed unnecessary risk given the known information; AND

3.  Repair/replacement with Honda manufactured parts was unreasonable if the service center's business practices regarding state inspection imposed additional cost for pursuing repair/replacement at a service center having Honda manufactured parts; AND

4.  None of the following "common sense" indicators were present to justify having the yearly, mandated state vehicle inspection performed at a service location that had Honda manufactured parts on hand to use in repair/replacement (i.e., a Honda authorized dealership):

   a.  There  is no mandate by Pennsylvania law to have the yearly state vehicle inspection conducted at a Honda service center, as opposed to any other service center

   b.  There was no brake screeching, "sponginess" or other detectable symptom of any mechanical problem with the car to indicate a brake repair or other more serious repair was needed, let alone having said brake pads be in such a state of disrepair as to be mandated for replacement according to the minimum requirements of the law

   c.  Even if brake pad failure was known and potentially ignored, which it was not, the replacement pads are not covered under the vehicle's warranty which otherwise would have necessitated a visit to a Honda dealership to maintain said warranty

As the following statements indicate, a combination of factors beyond my control necessitated the replacement with non-Honda replacement/repaired parts. Those points requiring evidence follow:

**Adherence to the Commonwealth of Pennsylvania's Vehicle Safety Inspection Law**
Vehicle inspections in the Commonwealth of Pennsylvania, hereafter abbreviated "Commonwealth", are comprised of two components: safety and emissions. A state registered inspector located at an auto service center tests each vehicle in accordance with the requirements indicated in *Pa. Code Title 67, Article VII, Chapters 175 and 177*. Brakes are included in the safety part of the inspection. (Emission inspections are itemized separately and are not relevant to this argument.) Because I was not concerned about the possibility of needing dealer warranted repairs as the car was relatively new and I had not noticed performance issues, I located an appropriate service center based on cost to perform the routine yearly inspection. I located the facility 401 Monroeville Auto Center, LTD. Midas Auto Service Experts #401 at 3390 William Penn Highway, Pittsburgh, PA 15235. The inspection was conducted. While the emissions part of the inspection passed, the safety inspection failed. I learned that the rear brakes needed replacing in order to pass the vehicle inspection and keep the vehicle legal. *Pa Code Section 26 Chapter 175.80* indicates how to conduct the inspection and potential failure reasons. The braking pad applicable failure reasons are quoted as follows:

   (7)  Inspect the braking system. Remove at least one front and one opposite rear wheel and reject if one or more of the following apply:
      ....
      (vii)  The disc thickness is less than minimum stamped on assembly or less than manufacturer's specifications.
      (viii) The bonded linings are less than 2/32 inch at the thinnest point.
      (ix)   The riveted linings are less than 1/32 inch above rivet head at thinnest point.

*Exhibit 1* is the receipt for the inspection and repair. It indicates the cost of the inspection and the reason for "ceramic pad" brake replacement as "failed state inspection".

The failed Commonwealth *safety* inspection by its name alone gave me the sense of urgency that my vehicle had unsafe brakes and I was engaging in a significant risk in continuing to drive it in its current condition. The decision to get the repair done immediately at the Monroeville Auto Center seemed logical at that time. Exempting the other reasons outlined in this letter for not driving across town to pursue maintenance at a service center that used only Honda manufactured parts, potentially endangering the welfare of others to do so was definitely not a consideration for me.

**Additional Inspection Costs Incurred Detrimental to Using Honda Manufactured Parts**
Because I am unemployed (since June, 2008) and my vehicle's yearly state inspection was coming due at the end of March, 2010, I had reviewed advertising for state registered auto mechanics that performed the mandated inspection in my local area at a reasonable cost. The cost for the initial safety inspection at the Monroeville Auto Center was $21.99 plus tax, if the vehicle passed inspection. (*Exhibit 1* also includes the receipt detailing the inspection cost.) By comparison, a competing local Honda dealership's cost for the initial safety inspection, as indicated on the written estimate (*Exhibit 2*), was $24 plus tax, if the vehicle passed inspection. I set up the appointment on March 30, 2010 at the less expensive Monroeville Auto Center where I learned of the need for brake replacement and made the replacement.

In addition to the admittedly minimal cost difference in performing the inspection at a non-Honda dealership, are the more substantial cost savings by having the repair/replacement performed at the location where the inspection is conducted.

A Monroeville Auto Service Center representative informed me after the car failed inspection that if I had the brake replacement completed at that time (March 30th) and only that time, I would receive a discount on replacement ceramic brake pads, an extended warranty on the brake pads and I would not have to pay for the Failed safety inspection, only the Pass inspection, once the repairs were made. Furthermore, the business practice was if I had the brakes replaced elsewhere and returned the vehicle later for the follow up Pass inspection, I would have been charged for the Pass inspection. If I just left without the repairs being made, I would have been charged for the Failed inspection. Likewise, if after the Failed inspection, I had gone to Valley Honda, at 4221 William Penn Highway, Monroeville, PA 15146, my nearest Honda dealership in my area, Valley Honda would have charged me for the Pass inspection.

So, to avoid the additional cost of the Pass inspection, I agreed to the replacement at Monroeville Auto Service Center not knowing of any pending class action suit against Honda for rear brakes or having any reason for caution in the transaction.

In conclusion, while I understand that phrasing a settlement to detail all possible contingencies is unrealistic, I believe it does behoove this court to consider the authoritative role that state vehicle inspection laws have in determining what specific repairs need to be made and when they must be made. In difficult economic times, it is also reasonable to expect that an educated, unemployed consumer would consider cost and quality in performing a repair/replacement over brand name loyalty. Thank you for your consideration of the fairness of this settlement.

Sincerely,

*Steven Unterreiner*

Steven Unterreiner

Enclosures (2)

June 13, 2010

Browne et al. v. American Honda Motor Co., Inc.

Case No. CV 09-06750 MMM (DTBx)

Objection to Settlement


Tommy L. Harvey

4102 Beacon Lane

Mobile, AL 36693

251 666-3441

2008 Honda Accord VIN 1HGCP26858A033195

Dear Sirs:

I  hereby object to the class action settlement based on the two methods of compensation.  If I read the legal notice correctly, the only compensation methods available to me are for original Honda parts.

I do all my own repair work on my vehicles and I replaced the rear brake pads on my car using superior quality aftermarket components due to the extremely premature wear of the original Honda components.

My objection is that these repairs using aftermarket components should be compensated for accordingly just as if I used Honda components.

Please see the attached documentation for the parts I purchased to do the repairs myself.


Thanks for your consideration

Sincerely,

Tommy L. Harvey

June 24, 2010

GIRARD GIBBS LLP
c/o Eric H. Gibbs
601 California Street, 14th Floor
San Francisco, CA 94108

I am submitting this letter as a comment on the Settlement in *Browne et al v. American Honda Motor Co., Inc.*, Case No. CV 09-06750 MMM (DTBx).

I own a 2009 Honda Accord and had to pay for replacement of rear brake pads. However, I had this repair performed at an independent service facility rather than at a Honda dealer. I did this because it was my understanding that rear brake pads are a normal wear item and as such would not be covered by my Honda warranty, and I therefore elected to have the repair done at an independent facility in order to minimize the cost. This facility used aftermarket or OEM brake pads to complete the repair.

As I understand the Settlement, only Honda Original Rear Brake Pads and New Material Honda Rear Brake Pads are covered and reimbursable. I believe that most people, faced with a similar need to pay for a brake repair on a relatively new car, would also elect to have the repair done at an independent facility, rather than at a Honda dealer, in order to minimize the cost of the repair. Therefore, I believe all replacement brake pads, including OEM brake pads, as well as the labor involved, should be covered by this Settlement. Accordingly, I have submitted a claim for reimbursement under separate cover.

I am attaching a copy of the repair order showing the part numbers of the replacement brake pads, as well as the total cost of the repair.

I hereby state that I have not objected to any other class action settlement in any court in the United States in the previous five (5) years.

Suzanne Thomas
138 Kipling Drive
Mill Valley, CA 94941
415-370-7927
2009 Honda Accord
VIN: 1HGCS12389A001538

Sincerely yours,

Suzanne Thomas

Dwayne Leclerc
4402 Colby Dr.
Killeen, Tx. 76542

Ref:  2008 Honda Accord Rear Brake Settlement
2008 Honda Accord VIN # JHMCP2648COO558

To whom it may concern:

      In reference to the 2008 Honda rear brake settlement in Browne et al. v. American Honda Motor Co., Inc., Case # CV09-06750 MM (DTBx).  I would like to file and objection to the settlement.  Attached you will find copies of invoices for repairs done twice, along with the settlement claim form submitted June 26, 2010.  Please see attached copy of Cleo Bay Honda invoice for repairs done  9-12-2008  and a copy of invoice for Ray's Certified Mechanics for repairs done 9-25-2009.

      As you can see I purchased my 2008 Honda Accord 9-28-2007, I took it to Cleo Bay Honda on 9-12-2008 with 21,241 miles with brake problems.  At that time the brake pads were replaced with  Honda brake pads # 43022-TAO-AOO  with a cost for repair  $156.15.   Approximately one year later the brakes had to be replaced again, see Ray's Certified Mechanics invoice # 2597 9-25-2009  mileage 40,992 with a cost for repair $273.97.  On the second repair not only did the brake pads need to be replaced but the rotors also needed to be replaced.  At the time the second repair was done, it was brought to my attention that there were several complaints against Honda for premature brake wearing  When I had the brakes replaced the second time, I did not put Honda brakes back on the vehicle.  Why would I put Honda  brakes back on that we know that they are having a problem?  And that I have had to replace the brakes twice and my vehicle was only 2 years old and only had 40,000 miles on it.   I do not feel that it is fair that I would not be eligible for reimbursement for my second repair because I did not put Honda brake parts back on my vehicle.  Again why would I put back on Honda brake parts that we know are having a problem, that I have had to replace already, and have caused more damage to now where I had to have more repairs then just the brake pads done.

      I would like for all this information to be reviewed for an objection to the settlement, and  to be considered for reimbursement.

      If you need anymore information or need to contact me you may email me at leclercdwayne@yahoo.com  call me at  254-690-5009  or 254-368-3692  or 254-368-7214.

Thank you,


Dwayne Leclerc

To whom it may concern:

I am commenting on the Settlement in Browne et al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx).

I had my rear brakes replaced after they failed at a local shop.  The nearest Honda dealer is 26 miles away and this is not convenient for me.  I did this before the being notified of the settlement.  My garage did not use Honda parts which are not readily available in this town.  Had I know about the settlement only paying for Honda parts, of course I would have gone to a Honda Dealer, even though it is inconvenient.   Honda should pay for replacement brake parts from any source. Being notified AFTER the problem was fixed that they would pay for ONLY HONDA PARTS IS NOT RIGHT!

THERE IS NO REASON TO PAY FOR ONLY REPLACEMENT PARTS  FROM HONDA EXCEPT TO STICK THE PEOPLE THAT HAVE ALREADY USED OTHER PARTS TO FIX "THE SAME PROBLEM"!  If the problem is Honda brake pads then replacing them with Honda brake pads will make it happen again. If the problem is the brake system then any pads will work if you fix the system! NOT JUST  HONDA PARTS!

Richard A. Kuzia, 5 Fern Hill, Great Barrington, MA, 01230
413-528-2107
2008 Honda Accord EX 4Dr  Vin: 1HGCP26828A024826
I have not objected to any other class action in the last 5 years and do not have a counsel.


Richard A. Kuzia

# KAREN D SZABO

20705 Collins St
Woodland Hills, CA 91367
Phone (310) 443-6375
Karenszabo@sbcglobal.net
2008 Honda Accord LX-P
VIN 1HGCP26478A059195
Purchased Dec 29, 2007

June 13, 2010

Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco, CA 94108

Objection to Settlement: Browne at al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx)

Dear Sir,

I have not submitted an objection to any other class action settlement in any court in the US in the previous five years.

I object to this settlement because you only qualify for reimbursement if you purchase Honda brake pads.

I had to replace my brakes on September 5, 2009 with only 21,091 miles on the car. I paid $69.95 for the non-Honda pads. I do not think this settlement is fair because I do not qualify for any reimbursement.

Sincerely,

Karen D Szabo

**Joseph A. Knapp**
**3360 North Deerfield Avenue**
**Yorktown Heights, New York  10598**
**914-274-0765**

June 23, 2010

CLERK OF THE COURT
Roybal Federal Building
United States District Court
 for the Central District of California
255 East Temple Street
Los Angeles, CA  90012

Re:  Comments on Settlement
Browne et al. v. American Honda Motor Co., Inc.
Case Number CV 09-06750 MMM (DTBx)

Sir or Madame:

I am a member of the class in the above referenced action.  My full name,
address and telephone number appear in the letterhead portion above.  I am the owner
of a 2008 Honda Accord, VIN 1HGCP264X8A060311.

My comment may not necessarily be a complaint but fair reading of the checklist
of documentation required in order to be included in the potential settlement includes
the **Honda part number** of the brake pads used in any repairs within the allotted time
frame.  My repair was effected Saturday, July 25, 2009 at a neighborhood gas station/
repair shop in Cortlandt Manor, NY (photocopy of receipt attached).  I work in Virginia
during the week and frequently drive home (approximately 295 miles one-way) on
weekends.  I had noticed my brakes were making a noise and had them looked at when
I was home in NY.  I expected it was my front brakes and was surprised when told it
was my rear brakes. I called Honda (Curry Honda, Yorktown, NY) to see if I could have
the repairs performed there but could not get an appointment for that day (Saturday).  I
had the work performed by the local shop because I had to drive back to Virginia the
following day, Sunday, when the Honda facility wasn't open anyway.  My bill does not
reflect a part number for the pads and the repair shop itself isn't sure if the parts were
procured from Honda.  All they have on record was the price.

I had the same repair performed as other class members and I am therefore
similarly situated but for the fact I was unable, in spite of a good faith effort, to use a
Honda facility and therefore *probably* ensure the use of genuine Honda parts.

If participation as a class plaintiff in this action is predicated exclusively on the purchase of replacement genuine Honda brake pads, and NOT the fact that the brakes wore out prematurely necessitating repairs, I am probably not eligible as I cannot demonstrate that element conclusively.  If my comments are considered an objection, be advised I have not submitted any objection to any other class action in the past five years.

Respectfully submitted.


Joseph A. Knapp


JK/me

Cc:  GIRARD GIBBS LLP
c/o Eric H. Gibbs
601 California Street, 14th Floor
San Francisco, CA  94108

LEWIS BRISBOIS BISGAARD & SMITH LLP
c/o Roy Morse Brisbois
221 North Figueroa Street, Suite 1200
Los Angeles, CA  90012-2601

Encl.

1429 Hunters Glen
Zionsville, IN 46077
June 8, 2010

Clerk of the Court
Roybal Federal Building
United States District Court for the Central District of California
255 East Temple Street
Los Angeles, CA 90012

RE:    Objection of Settlement in *Brown et al. v. American Honda Co., Inc.*
       Case No. CV 09-06750 MMM (DTBx)

I am writing to object to the proposed settlement in this case. I affirm that I have not objected to any other class action settlement in any court in the United States in the previous five (5) years.

I am a class member who had to replace the factory original brake pads due to wear at a disturbingly early mileage (approximately 15,000 miles). Based upon reading online forums, magazine articles, and other sources, the majority of Honda owners who replaced their original, poorly performing brake pads with genuine Honda OEM pads experienced the same issues again. I objected to spending $150 or more for genuine Honda OEM replacement pads that would not survive a reasonable vehicle mileage.

Instead of purchasing the OEM pads, I purchased aftermarket pads and have had no issues to date. They did not exhibit the squealing of the factory original pads and, at 17,000 miles since installation, have exhibited minimal wear on both the front and rear axles.

My objection to this settlement is that class members like myself are being excluded from a remedy. Members like me that didn't want to "reward" Honda by purchasing a replacement set of OEM pads that were in all probability going to be substandard are being penalized for going the aftermarket route. Please reconsider the settlement to include members such as myself who had to replace the brakes on a relatively new car but didn't want to have a repeated poor brake performance.

Sincerely,

*Jill Herbold*

Jill Herbold

Jill S Herbold
1429 Hunters Glen
Zionsville, IN 46077
860-989-1464
2008 Honda Accord EX-L
VIN: 1HGCP26868A073849

June 22, 2010

Clerk of the Court
Roybal Federal Building
United States District Court for the Central District of California
255 East Temple Street
Los Angeles, Ca 90012

RE: Settlement in *Browne et al v. American Honda Motor Co., Inc.* Case No.CV09-06750 MMM (DTBx)

I am writing to object to the proposed settlement of the above mentioned case. The settlement should be modified to include the reimbursement of $150.00 to owners of Honda Accords covered by this proposed settlement who had the defective rear brake pads replaced by non-Honda designed and manufactured rear brake replacement pads.

In June of 2009, at 27,153 miles, I had to have my Honda Accords' original rear brakes replaced due to premature wear. I visited the local Honda dealer who would not cover the defective rear brake pads under warranty and said that I could only have them replaced with the same rear brake pad. Why would I replace the original rear brake pads with the same defective product? The dealer did not mention that an improved rear brake pad was available. I decided to review other options, and found that Centrix manufactured a superior replacement rear brake pad. So instead of having Honda's defective part reinstalled, I chose for the safety of me and my family to have the Centrix rear brake pad installed at a cost of $208.10. A copy of the invoice is enclosed. This cost should be eligible for reimbursement under this settlement as it meets the criteria for reimbursement. The car for which the work had to be done is covered under the settlement, the cost was for the replacement of the rear brake pad, which Honda by reaching a proposed settlement agrees that their designed, manufactured and installed rear brake pads did not meet their standards, they are defective, and the rear brake pads had to be replaced. Lastly, the reimbursement requested does not exceed the amount offered in the settlement.

As requested the following information is provided:

Owner:    George A. Sifuentes
Address:  11563 Prospect Hill Drive
          Gold River, Ca 95670
Phone:    (916) 402-1232
Car:      Honda Accord 2008
VIN:      1HGCP26338AO98227

I also affirmatively state that I nor any counsel on my behalf have objected to any other class action settlement in any court in the United States in the previous five years.

In summary, all Honda Accord Car owners were impacted by the defective Honda designed, manufactured and installed rear brake pads. Thus, all Honda Accord car owners who had the original brake pads replaced should be reimbursed for the replacement without regard to which replacement rear brake product was used.

Sincerely,

George A. Sifuentes

Enclosure

Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco, CA 94108

Lewis Brisbois Bisgaard & Smith LLP
c/o Roy Morse Brisboios
221 North Figueroa Street
Suite 1200
Los Angeles, Ca 90012-2601

Edward Brodsky
38 Havenwood Drive
Livingston, NJ 07039
973-714-4358
edb48@aol.com
June 20, 2010

1)Clerk of the Court
2)Girard Gibbs LLP
3) Lewis Brisbois Bisgaard & Smith LLP

Re: 2008 Honda Accord Sedan
Vin 1HGCP26748A085814
Browne et al v. American Honda Motor Co. Inc
Case No CV 09-06750 MMM(DTBx)

To Whom It May Concern:

I object to the settlement as it does not take into account anyone who had their rear brakes put in prior to finding out about this class action suit.  I put in rear brakes that were not Honda brakes(they were Wagner brakes) put in by Firestone Auto Care as per attached.  The cost of this was $212.93.
I have never objected to a class action lawsuit.

Regards

Edward Brodsky

Allison O'Hare
8 St. James Place, Unit 809
Nashua, NH 03062
Phone No. 978-210-5936
June 22, 2010


Girard Gibbs LLP
C/O Eric H. Gibbs
601 California Street
14th Floor
San Francisco, CA 94108


Re: Browne et al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx)


To Whom It May Concern:

I oppose the settlement in regards to the fact that only two types of Rear Brake Pad repairs/replacements are reimbursed. All work done for rear brakes should be included in this settlement.

I own a 2008 Honda Accord. Vin No. : 1HGCP25358A090129. In October 2009 I failed a routine inspection due to the rear brakes. At the moment I was handed the reject inspection report I made an appointment with the technician to come back to have the rear brakes fixed. Had I known other people had experienced the same problem and even partial payment would be covered I would had taken my car to a dealership.

Please find enclosed the report showing the failed inspection on my car and the cost to repair the rear brakes.


Sincerely,
Allison O'Hare

allison O'Hare

June 9, 2010

Re: Brown et al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx)

I am currently leasing a 2008 and 2009 Honda Accord. I wish to object to having to use Honda brakes as replacements to receive payment under the settlement. This is unfair as it is forcing people to have their vehicles serviced at Honda. Vehicle owners have a right to choose where and who they want to service their vehicle. I had to replace the brakes on both vehicles very early and did not have the work done through Honda.

I also wish to object to the amounts being paid under the settlement. Reimbursement under the settlement should cover the total cost of repairs.

Lastly, the excessive wearing of the brakes caused additional repairs for me. In addition, to replacing the brakes, I had to replace the rotors on the 2008 Accord. These additional costs should be included in the settlement as well.

Sincerely

RaShaunda Christian
3700 Lafayette St
Hopewell, VA 23860
(804) 721 – 1848

2008 Honda Accord EX      VIN: JHMCP26788C029084

2009 Honda Accord EX      VIN: 1HGCP26789A019607

4540 Dustin Road
Burtonsville, MD 20866
June 7, 2010
301-421-9574


Clerk of the Court
Roybal Federal Building
U.S. District Court
Central District of California
255 East Temple Street
Los Angeles, CA 90012

Re: Honda Rear Brake Pad Case
CV 09-06750-MMM(DTB.)(C.D.Cal.)
Objection to Settlement

Dear Sir or Madam:

I enclose the Claim Form, properly filled out and signed by my wife and me.

I object to the settlement as outlined in the mailing from the Settlement Administrator which appears to be undated, but received by ordinary mail at May 27, 2010.

My objection is that the reimbursement is for "up to: $125. for replacements using original Honda rear brake pads,
        and
$150 for a replacements using improved Honda rear brake pads."

In the first place, when the pads wore out at 26,000 miles, I purchased Wagner replacement pads, not Honda original or "improved" pads. Wagner is a giant in the braking industry.  Honda does not manufacture brake pads; they purchase them for resale from someone like Wagner.

Clerk of the Court                    -2-                    June 7, 2010
Re: Honda Rear Brake Pad Case
    CV 09-06750-MMM(DTB.)(C.D.Cal.)
    Objection to Settlement


        In the second place, the cost of the pads is only a small portion of the cost of the total brake repair.  It is typical in the Washington, D.C. area to pay $199. For a dealer's rear brake job, and many after-market shops charge $169.  The cost of the pads, at about $45. Is about 25 to 35% of the actual cost of the repair.

        There is no mention that any labor costs are included.  The administrator does (at page 6) state that a "...receipt or repair order..." must be provided.  However, in the previous paragraph, specific Honda part numbers are provided.  This leads to a logical assumption that (1) Honda replacement pads must be used and (2) a class member must pay someone else to install those pads.

        Before beginning my career as an attorney, I was a line mechanic for an auto dealer.  Over the past 55 years, I have always replaced my own brake pads and shoes.

        I see no reason why I should be required to have purchased replacement brake pads from Honda, and I request that the settlement include a reasonable amount as a reimbursement for the labor to install said pads.

                                        Sincerely,

                                        George E. Krouse

CEK/cek

Enclosure

cc: Berk Law PLLC

June 6, 2010                          Certified Mail Return Receipt Requested
                                             7008 1830 0000 3813 6758


Clerk of the Court
Roybal Federal Building
United States District Court
Court for the Central Dist. of California
255 East Temple Street
Los Angeles, CA 90012

Re: Notice of Objection
       Proposed Settlement of Browne et al. v. American Honda Motor Company
       Case No. CV 09-06750 MMM (DTBx)

Respondent: Rodney E. Cummickel
                6121 Raleigh Drive, Garland, Texas 75044-4403
                (972)495-6184
                First Purchaser and Current Owner of 2008 Accord LX
                VIN JHMCP26338C063348

Dear Honorable Judge Morrow:

I am a Class Member in that I am the first purchaser and current owner of *two* Honda
Accord vehicles-a 2009 EX Accord VIN 1HGCP26769A038446 and the above captioned
2008 LX Accord VIN JHMCP26338C063348. I received notices of the proposed
settlement on both of these vehicles last week.

I want to be included as a Class Member, this is the first objection I have filed in this
cause and I have not been a party to objections in any class action settlements in the
previous five (5) years.

**The proposed settlement does not address claimants that have been adversely
impacted by the premature failure of Honda rear brake linings prior to notice of
the proposed settlement. The rear brake linings on my 2008 Accord were replaced
in October 2009 with non-Honda parts by a reputable local repair shop. The cost of
the repair was $139.95.**

The legal ground for this claim is implied warranty which includes warranty of fitness for a particular purpose and warranty of merchantability. Both of these vehicles were purchased new and implied with purchase of a new vehicle is the implied warranty that the car move and stop safely.  Equity would require that I be put in the same position that I would be in, had Honda equipped the new car properly.

I request full reimbursement for the repair of the original brake pads of $139.95 *and* the opportunity to replace the existing rear brake pads with the improved Honda rear brake pads. Using non-Honda parts should not bar me from recovery, since the repairs were performed on a necessary safety item seven (7) months before communication of the proposed settlement. Honda should not be afforded a 50% benefit for failing in its duty to the purchaser.

*Background*:
During a routine tire rotation in October 2009, the repair shop that has done my car repairs over 20 years noticed that the rear brake pads needed replacement.  The vehicle had only 29,681 miles of use and most of the use was highway use as the car is driven daily to a college in a rural area by my son, John Cummickel.  Neither the owner of the shop nor I could explain why the rear brake pads failed and needed replacement before the front discs.  I have never seen this happen in my 43 years of driving.  I knew I had a safety issue that need to be remedied and if left untreated would put my son and family at risk.

I also trusted Honda that if something as critical as brakes were not up to standards, I would be contacted.

*Closing*:
I have purchased 8 Hondas since 1985.  I am very disappointed in Honda's handling of this matter, particularly since brakes are a critical safety item. I expect more from a car company then receiving notice of a defect in a critical safety item from a court of law with evidence that Honda is attempting to bargain away their liability and exposure.

Attached is the repair bill on the rear brake pads.

Thank you for the opportunity to provide input to the settlement.

Sincerely

Rodney E. Cummickel

cc: Girard Gibbs LLP-Attn Eric Gibbs
    Lewis Brisbois Bisgaard & Smith LLP-Attn Roy Morse
    McDavid Honda of Frisco (Seller of the 2008 Honda)-Attn: Matt Kail

David S. Downing
10201 Chisholm Trail
Cherry Valley, CA 92223

June 6, 2010

Clerk of the Court
Roybal Federal Building
United States District
Court for the Central District of California
255 East Temple Street
Los Angeles, CA 90012

RE:  Browne et al. v. American Honda Motor Co., Inc., Case No CV 09-06750 MMM
(DTBx)

To whom it may concern:
I am objecting to proposed settlement agreement in Browne et al. v. American Honda
Motor Co.

| | |
|---|---|
| Name: | David S. Downing |
| Address: | 10201 Chisholm Trail |
| | Cherry Valley, CA 92223 |
| Phone: | (951) 845-9969 |

2008 Honda Accord  VIN 1HGCP36818A075420

My reason for objecting:  There is no relief for Honda owners who replaced the defective
Honda brake pads using non-Honda parts.  We were not aware of a class action suit.
We received notice of the class action 6 weeks AFTER replacing defective Honda brake
pads at an independent repair site.  Why would we replace bad brakes with another set
of bad brake pads supplied by Honda?
The mileage on our vehicle at the time of brake pad replacement was 20,148.  Honda
service technicians began warning us of low rear brake pads at approximately 16,000
miles.  I could not believe my ears.  A brand new car with less than 20,000 mi. required
new brake pads?  What kind of scam was Honda trying to run?  The reason for the
needed repair stated by Honda technicians was that 'we had driven the car 'too fast' and
had applied the brakes 'too hard' which caused the damage to the rear pads'.
In April of 2010 we replaced the defective Honda brake pads with non-Honda brake
pads at total cost of $289.78.  Where is our relief?

I have never objected to a class action settlement in my 56 years on this earth.

Sincerely,

David S. Downing

cc:  Girard Gibbs LLC
     Lewis Brisbois Bisgaard & Smith LLP

**Angela Renee' Moody**
**9549 Fair Haven**
**Fort Worth, TX 76179**
**817-845-8777**

June 20, 2010

Clerk of the Court
Roybal Federal Building
US District Court for the Central District of CA
255 East Temple Street
Los Angeles, CA 90012

RE:  Browne et al. v. American Honda Motor Co., Inc.
       Case No. CV 09-06750 MMM (DTBx)

To Whom It May Concern:

I am commenting on the Settlement of the above case.  I am leasing a 2009 Honda Accord #1HGCP36819A005580.  I object to the requirements as they are currently set forth for the replacement of rear brake pads.  I had my rear brake pads replaced on March 18, 2010.  My mechanic thought it was strange that my rear brakes were so worn, but he replaced them and I never gave it a second thought.  A couple of months later, the notice of this settlement arrived in my mailbox, which was my first notice that there was an issue with the rear brake system.

I object to the requirement that the brake pads be replaced with a Honda part. My mechanic used Wagner Part Number 10613360 for the brake pads and Wagner Part Number 12040068 for the brake rotor.  He has stated that these are better quality parts than the Honda parts.  If I had known that there was an issue with the brake pads, I would have gone to a Honda dealership.  But since no notices were issued to Honda owners prior to this settlement notice, I had no way of knowing that there was a problem.  I would like to have reimbursement for the eligible parts, regardless of what brand was used as the replacement.  The problem was with the Honda part that was replaced and the brand used as the replacement should not enter into the equation.

I have not objected to any other class action settlement in any court in the previous five years and neither as has any counsel on my behalf.

Clerk of the Court
Page 2
June 10, 2010

Attached is a copy of my invoice showing the date and parts replaced, along with a completed claim form.

Please let me know if you need any additional information.

Sincerely,

Angela Moody

Enclosures

cc:     Girard Gibbs LLP
        c/o Eric H. Gibbs
        601 California Street
        14th Floor
        San Francisco, CA 94108

        Lewis Brisbois Bisgaard & Smith LLP
        c/o Roy Morse Brisbois
        221 N. Figueroa Street, Suite 1200
        Los Angeles, CA 90012-2601

**TO:**

| | | |
|---|---|---|
| Clerk of the Court | Girard Gibbs LLP | Lewis Brisbois |
| Roybal Federal Building | c/o Eric H. Gibbs | Bisgaard & Smith LLP |
| United States District | 601 California Street | c/o Roy Morse Brisbois |
| Court for the Central | 14th Floor | 221 North Figueroa St |
| District of California | San Francisco, CA 94108 | Suite 1200 |
| 255 East Temple Street | | Los Angeles, CA 90012-2601 |
| Los Angeles, CA 90012 | | |

**SUBJECT:**   **OBJECTION TO THE SETTLEMENT**
*Browne et al. v. American Honda Motor Co., Inc.*
**Case No. CV 09-06750 MMM (DTBx)**

**FROM:**   **Meredith L. Rosser (Mr.)**
**120 Golden Oak Drive**
**Macon, GA 31216**
**(478) 785-5944**

| | |
|---|---|
| Vehicle: | 2008 Honda Accord EX |
| VIN: | 1HGCP26798A051304 |
| Date of Purchase/Delivery Date: | December 14, 2007 |

**REASON FOR OBJECTION:**

The settlement as stated only provides cash reimbursement for brake pad replacements to those who replaced their rear brakes with one of the following:

- $125 for replacements using original Honda Rear Brake Pads, or
- $150 for a replacement using improved Honda Rear Brake Pads

**This settlement excludes those who had prematurely worn rear brakes but chose to replace them with non-Honda brake pads.   I have supporting documents to show that my brakes were worn.  I also have the original Honda brake pads that were removed from my vehicle to confirm that they were prematurely worn.**

**HISTORY:**

- As noted, my 2007 Honda Accord was delivered to me on December 14, 2007.  After the purchase of my vehicle, I started noticing that my brakes were squeaking.  After complaining, my front brakes were replaced by Honda (Hughes Honda, Warner Robins, GA).  This was within the first year of ownership.
- I continued to notice that my brakes were squeaking.  I took my vehicle back to Honda.  During our discussion, they made a copy of the Product Characteristic Sheet stating the problem with the brakes and gave it to me.  I advised them that this was not presented to me prior to my purchase, only afterwards.  After my continued complaints, they turned my rotors stating that this should correct my problem.  It did not.

*Meredith Rosser*
7/2/10

- I took my vehicle in for my regular service on November 27, 2009 (less than 2 years of ownership). I asked the service representative to check out my brakes as they were still squeaking and attempts to correct the problem had not worked. They advised me that my front brakes were ok but that my rear brakes might need replacement soon. Again, I had owned this vehicle for 23 months and only had 23,084 miles (less than the national average of 12, 000 – 15,000 miles annually).
- On March 26, 2010, I took my vehicle to a non-Honda shop for repair. I chose a non-Honda repair facility because of the problems that I had with Honda. Because Honda had replaced my brakes and the squeaking continued, I did not want to purchase brakes from them that would continue to do the same thing. Therefore, I chose a company that specialized in brakes.
- While getting my brakes replaced, a customer came in to get her husbands brakes replaced on his truck. While waiting, she asked me if I owned the Honda, and I said yes. She asked me what year was it, and I said a 2008. She then asked me if I was having problems with my brakes, and I responded yes. She then told me that she owned a 2008 Honda Accord LX, and Honda replaced her rear brakes because they were defective. I asked her how she knew they were defective, and she said that Honda told her when she complained. She further stated that they had some kind of notice that if it appeared the rear brakes were worn prematurely they would replace them free of choice.
- I called Walsh Honda and inquired. They advised me of the same thing as the lady had; however, they would have to look at them. I was asked what year was my car and how many miles I had. I advised them. The representative, William Sawyer, advised me that since I had already had them replaced they would not reimburse me.
- I called American Honda and filed a complaint. After several calls, a senior complaint analyst called me and told me they would not reimbursement me. I asked to speak with someone higher (supervisor, manager, etc.), but he refused to allow me to speak with anyone else. I advised him that I was presenting a claim and would like a denial of my claim in writing. He refused again.

Again, I am objecting to this settlement because it only reimburses those who replaced their prematurely worn rear brake pads with Honda products. Whether one replaced them with Honda parts or not, the fact is that the brakes are/were defective. I, like those who had their brakes replaced with Honda parts, should be reimbursed for some of the costs that I incurred to replace the defective brakes.

## ATTACHMENTS:

- My November 27, 2009 receipt from Willett Honda South showing my VIN, odometer at the time of service/inspection, and multi-point vehicle inspection indicating that my brakes may require replacement. (Exhibit A)
- Copy of the printout that was given to me by Honda regarding the problems with their brakes. (Exhibit B).
- Receipt from Meineke Car Care showing my name, address, odometer, parts replaced, and the costs to replace them. (Exhibit C)

Meredith L Rosar

7/2/10

# Pratik Shah

---

*11450 Ashford Willow Sugar Land, TX 77478 (Ph) (713) 478 0575*

3rd June, 2010

To,

Girard Gibbs LLP

c/o Eric H Gibbs

601 California Street 14th Floor

San Francisco, CA 94108

Ref: Objection to Brown et al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx)

Dear Judge Morrow,

I "Pratik Shah" located at 11450 Ashford Willow Sugar Land, TX 77478 who own a Honda Accord 2008 Vin# 1HGCP268X8A082389 which is part of a class action settlement with the above case respectfully object to one condition of the settlement:

Object to the settlement to the condition as below and my reasons beneath it:

8.   Class Members can get **cash reimbursements** for two types of Rear Brake Pad repairs/replacements.
   o   **1) New Material Honda Rear Brake Pad Replacements.**
      •   Any purchase of, or repair using, the New Material Brake Pads (part #43022-TA0-A40) qualifies for a one-time reimbursement of $150 or the amount paid (whichever is less).

   o   **2) Original Honda Rear Brake Pads.**
      •   Any purchase of, or repair using, the Original Rear Brake Pads (part #43022-TA0-A00, #43022-TA0-A51 or #43022-TA0-A70) qualifies for a reimbursement equal to $125 or 50% of the amount paid (whichever is less).

      •   **There is no limit** to how many repairs using the Original Honda Rear Brake Pads you can get reimbursed for; you can submit multiple Claims or place all reimbursable repairs on a single Claim Form.

Page 1 of 2

Source: http://accordsettlement.com/#9

Reasons for my objection:

An average driver drives 12,000 − 15,000 miles in a year but I had 24,308 miles on 12/16/2009 which is 14 months from my purchase date & my rare brakes were 5% compared to my front brakes which were 74% & any further driving & it could have damaged my rotors. This settlement arrived in mail on 6/1/2010 & that average person would have reached 24,000 miles by now & would have needed a rear brake job by now. I had to replace my rear brakes in December & since this class action was not in place then I think it is unfair to disqualify my claim on the basis of not using genuine Honda parts.

Honda admits a faulty rear brake, whatever the reasons maybe & I appreciate the company "Honda" taking the effort to fix the problem but it would only be fair if all case members like me who have already replaced their brakes before the settlement to get a fair share of the settlement as we cannot go & get a refund for old brakes neither waste resources by trying to get a new Honda genuine part.

I would really appreciate it if you could please rule an additional clause to cover other case members like me. Enclosed is my firestone invoice with brake job from 12/16/2008 on my vehicle.

Thanking You,

Yours Sincerely,

Pratik Shah

p.s. Letter mailed to Court & Defense Counsel

726 Main Street
Peckville, PA 18452
June 27, 2010

Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco, CA 94108

Sir:

I would like to comment on the Settlement in *Browne et al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx)* and to object to the settlement.

My name is Mark Glowatz. I reside at 726 Main Street, Peckville, PA 18452. My telephone number is 570-489-5699. I own a 2009 Honda Accord whose VIN number is 1HGCP26839A003582. I have never objected to any other class action settlement in any court in the United States.

I wish to object to this settlement because this settlement excludes me and thousands of others like me who had to get brake pads replaced before the recall was listed and replaced their brake pads with pads other than original Honda Rear Brake Pads.

On March 10, 2010, I took my car to Cougar Auto Service in Peckville, PA for a state inspection before an upcoming trip to Charleston, SC. Since the car's odometer reading was approximately 22,000 miles, I did not expect to need any repairs in order to pass state inspection on my car. My garage man informed me that the car needed new rear brake pads in order to pass that inspection. He commented to me that it seemed premature to need new pads, but my car would not be safe to operate without the new pads. As a result, I authorized him to install new rear brake pads, and he in turn put a new inspection sticker on my car. It was not until early June 2010 that I received a packet of materials form the Honda Rear Brake Pad Settlement Administrator informing me that my car was not included in the settlement since I had not replaced my rear brake pads with Honda Brake Pads.

This settlement seems unfair since I was never given notice prior to my replacing my rear brake pads that I would be required to use original Honda Brake Pad replacements on my car. I cannot find any literature from Honda Motor Company requiring me to use original Honda parts, and yet I am currently being excluded from the brake pad settlement when my brake pads were replaced nearly two months before I received the notification about the rear brake pad problem.

I strongly feel that all parties who own Honda vehicles involved in the rear brake recall should be included in the settlement regardless of whether they used Honda replacement brakes or not.

I have enclosed a copy of my bill for replacement rear brake pads which I paid in March. Thank you for your time and consideration in this matter.

Sincerely,

Mark Glowatz



**ERIC DERVINIS**   | 632 Bob White Rd
Wayne, PA 19087-2305

T 610-688-6113

ericdervinis@gmail.com

June 3, 2010
Clerk of the Court
Roybal Federal Bulding
US Dist Court for Cent Dist CA
255 East Temple St
Los Angeles, CA 90012

Gerald Gibbs LLP
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco CA 94108

Lewis Brisbois Bisgaard LLP
c/o Roy Morse Brisbois
221 N Figueroa St Suite 1200
Los Angeles CA 90012-2601

Dear Clerk of the Court, Eric H Gibbs and Roy Morse Brisbois,

**Comments on Browne et al v. American Honda Motor Co, Inc. Case No CV- 09-06750 MMM (DTBx)**

My name: Eric Dervinis, 632 Bob White Rd Wayne PA 19087 610-688-6113

Owner of 2008 Honda Accord VIN 1HGCP36768A016225

I fully agree with the class counsel that the premature wear on the rear brakes is a defect. My 2008 Honda Accord requried new brake pads at 25,296 miles. I had the pads replaced by my local auto shop Monro in Wayne, PA.

My objection to the settlement is that it covers ONLY replacement with Honda parts. My local Monro uses quality Bendix ceramic brake pads. The settlement should be adjusted to cover all rear brake pad replacements with no requirement to use Honda parts.

This is my only objection to the settlement. I have not retained counsel.

Sincerely yours,

Eric Dervinis

Copy of my Monro Invoice from 7/15/09 attached

To Whom It May Concern,                                6/21/10

I am commenting on the Settlement in Browne et al.v.American Honda Motor Company., Inc., Case No.CV 09-06750 MMM (DTBx).

I am objecting to this Settlement on the following grounds. This settlement exclusively covers replacing defective Rear brake Pads with official Honda Parts. Previous to this law suit and settlement, I had to replace my defective rear brake pads. My mechanic elected to use an after market part as he determined that they were more reliable. My vehicle was purchased in May 08 and I had to replace the rear pads in Sept 09. I would like to see this settlement amended to reimburse for the cost of faulty rear brake pads regardless of the manufacturer.

The attorneys that are representing the class action suit are Girard Gibbs LLP (Eric H Gibbs) and Berk Law PLLC (Steven N Berk). I do not have my own private counsel.

Rachel Winner
1579 S Novato Blvd # 203
Novato, Ca 94947
415)305-2550
2008 Honda Accord Sedan
Vin # 1HGCP25338A060207

Nancy A. Milanese
2 London Court
Clayton, California 94517
(925)693-0654

June 4, 2010

To Whom It May Concern,

I am writing to the court today to express my objection to a portion of the Honda Rear Brake Pad Settlement, Browne et al. v. American Honda Motor Co., Inc., case No. CV 09-06750 MMM, (DTBx).

I own a 2008 Honda Accord, VIN# 1HGCP26378A105230. I purchased this vehicle new in April 2008 from Winter Honda in Pittsburg, California. I have had to replace my rear brakes twice in less than 12 months. My first replacement was at ~23,000 miles in June 2009. These brakes were replaced by my Honda Dealer. The second sets of rear brakes was replaced at ~44,000 miles in May 2010 and this work was performed by Big O Tires – a tire dealership that I have known and trusted for more than 20 years. My objection is for reimbursement for the 2nd **replacement set of rear brakes**. I purposely chose not to go to Honda for the 2nd replacement because of the **continued premature failure** of the brake pads used by Honda. The set that Honda had replaced in June 2009 had **again failed** - they were worn down to bare metal after ~21,000 miles.

I spoke with my Honda dealer prior to going to Big O Tires for my second replacement set of rear brakes and they said that they were aware that there was an issue with the rear brake pads on the 2008 Accords. They did not inform me of any "new" pads that they had that would eliminate this issue. I was not provided any information on the "New Material Rear Brake Pad Replacements" that I am now reading about in this settlement. I called American Honda Inc. to discuss this issue and they told me they were only taking down information on my brake experience. American Honda did not provide me with information on the "New Material Rear Brake Pad Replacements." **Why would I go back and use Honda brake pads for a 3rd set on my car after experiencing two failures with Honda pads in less than 1 year?**

I believe that Honda should be responsible for payment toward the **second failure I experienced with Honda brake pads (part #43022TA0-A00).** I should not be penalized for going to Big O Tires – a trusted establishment, for this second replacement. I am very disappointed with Honda for their lack of communication to affected Honda owners on this issue.

Regards,

*Nancy A. Milanese*

Nancy A. Milanese

Robert Dwayne Long
Lisa F. Long
2851 Flag Marsh Road
Mount Airy, Md. 21771

Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street
14th Floor
San Francisco, Ca 94108

I am commenting on the settlement in *Brown et al. v. American Honda Motor Company., Inc.,* case No. CV 09-06750 MMM (DTBx).

We are:  Robert Dwayne Long
Lisa F. Long
2851 Flag Marsh Road
Mount Airy, Md. 21771
301-829-5313

We owned a  2008 Honda Accord Vin No. 1HGCP268X8A030275.

I am objecting to this settlement because I have been excluded from receiving benefits because I did not purchase Honda brake pads to replace the defective Honda brake pads.  I have replaced the rear brake pads two times in 46,000 miles.  The dealership replaced the first set with Honda pads at 20,000 miles at no charge to me because I'm a long time customer, and they agreed something was not right.  When the second set wore out in 20,000 miles,  I decided to replace them with pads that carried a lifetime warranty from a nationally known and reputable dealer, Treadquarters, Inc.

I should not be excluded from receiving benefits because at no time was I informed that Honda had improved their brake pads.

Sincerely,

Robert Dwayne Long
Lisa F. Long

I AM commenting on the Settlement

Browne et al V American Honda Motor CO. INC

Paul Pukio — (P.O. Box 540 — MAILING ADD.
(86 ORCHARD STREET) — HOUSE ADDRESS
McKees Rocks, PA 15167

tele: 412-777-0224

2008 Honda Accord

1HGCP26378A 134257 = VIN #

I Object because THE COST OF REPairing MY Back Brakes were NOT COVERED by this Settlement because I Repaired them before getting the notice AND they WERE Repaired by an Independent GARAGE AND They use BRAKE PADS that were not Honda Parts. THIS WAS AN EMERGENCY

Since those supplied by the faction failed.

I never have been a party to any other class action suits

7/1/10

July 2, 2010

Clerk of the Court
Roybal Federal Building
United States District
Court for the Central
District of California
255 East Temple Street
Los Angeles, CA 90012

CC: Girard Gibbs LLP
c/o Eric H. Gibbs
601 California Street, 14th Floor
San Francisco, CA 94108

CC: Lewis Brisbois Bisgaard & Smith LLP
c/o Roy Morse Brisbois
221 North Figueroa St., Suite 1200
Los Angeles, CA 90012-2601

**Subject:** Settlement in Browne et al. v. American Honda Motor Co., Inc.,
Case No. CV09-06750 MMM (DTBx)

**Name:** Tasha Sanders **(Maiden Name:** Tasha Gooden)
**Address:** 4092 N. Chestnut Diagonal, #209, Fresno, CA 93726
**Phone Number:** (559)389-3493
**Model Year:** 2008 Honda Accord
**VIN:** JHMCP26728C030926

To Whom It May Concern:

I am writing to express my disapproval with the current settlement. The current settlement only reimburses customers that had their brake pads replaced with Honda Brake pads. I was a victim of having to pay for premature wear on a brand new car. I purchased my Honda brand new on 01/27/08 and had to have brake pads replaced on 02/14/09. As a class member, even though I had my repairs done at Midas, I should still be reimbursed for having to pay for untimely wear on "new" brake pads, regardless of what type of brake pads they were replaced with.

Thank you for your time and consideration of my objection.

Sincerely,
Tasha Sanders

*June 2, 2010*

Brown et al. v. American Honda Motor Co., Inc, Case No. CV09-06750 MMM (DTBx)
Jay Upchurch
30644 Piercefield Ct
Wesley Chapel, FL 33543-3924
813-333-4140
Accord Coupe 2008
VIN: 1HGCS12708A015726

In April of 2009 we took our Accord Coupe to the Honda of Wesley Chapel Dealership and asked about the loud noises metal on metal coming from the rear brakes on the car. (SEE SERVICE NOTES ITEM 1). We were given an estimate for brakes for $209.09. This included machining rotors and replacing the brake pads on rear of car. Machining rotors concerned us because you can only machine these 3 or 4 times before they need to be replaced. this is very expensive item. Based on how long the Honda brake pads lasted we choose to put on Midas Brake pads with a life time warranty on brake pads. The Honda brakes were wearing out too fast and would have cost us too much to replace every 30,000 miles @ $209.09. Midas replaced the pads and did not feel the rotors needed to be machined.
I drive 20,000 to 30,000 highway miles a year. I have a 1998 ISUZU Trooper with 247,000 miles on it.

I don't think this settlement is fair in only paying for Honda brake replacements. I upgraded to Midas and I feel that since Honda knew the initial brakes they put on this vehicle were defective, I should be reimbursed for the replacement of the brake pads without biased.

Kindest Regards,

Jay Upchurch

6-17-10

REF. BROWNE ET AL. V. AMERICAN HONDA MOTOR CO. INC
CASE NO. CV09-06750 MMM (DTBX)

THE REASON I OBJECT TO THE SETTLEMENT IS
THAT IT ONLY COVERS THE VEHICLE'S REPAIRED AT
PLACES USING HONDA PARTS, WHICH ARE USUALLY ONLY
THE DEALERSHIPS. THIS PROBLEM WITH THE REAR
PADS STARTED WITH A METAL TO METAL NOISE
AT 25800 MILES AND I IMMEDIATELY TOOK THE VEHICLE
TO THE DEALER OF PURCHASE. THIS IS MY FAMILY'S
THIRD HONDA. AFTER CHECKING THE VEHICLE THEY
ADVISED ME THAT THE FRONT BRAKES HAD 65%
OF PADS LEFT BUT THE REAR WERE DOWN TO
5% AND HAD TO BE REPLACED. WHEN I TOLD THEM
THIS WAS MY THIRD HONDA AND ON THE OTHERS
THE BRAKES WERE GOOD FOR MORE THAN DOUBLE
THIS MILAGE THEY SHRUGGED THEIR SHOULDERS.
THE REASON I DIDN'T WANT THEIR REPLACEMENT
PADS IS THAT THEY WOULD ONLY WEAR OUT AS
FAST AS THE FIRST ONES. IF THE ORIGINAL'S
WERE BAD, WHY REPLACE THEM WITH THE
SAME BAD PAD'S? THE DEALERSHIP WANTED
$246. TO REPLACE ONLY THE PADS,(ESTIMATE
ENCLOSED). 183 MILES LATER I HAD THE PADS
AND ROTORS REPLACED FOR $286.33 (BILL ENCLOSED).
ALL REPLACEMENT PARTS WERE NAPA PARTS.

PG 2 OF 2

ALSO, THE SETTLEMENT IS FOR $125 OR $150. IF OTHER CUSTOMERS PAID THE $240 MY DEALERSHIP WANTED THEN BECAUSE OF WHAT THEY CHARGE FOR REPAIRS THEIR PROBABLY BREAKING EVEN OR MAYBE STILL MAKING MONEY ON THIS SETTLEMENT. IF IN OTHER VEHICLE THE ROTORS HAD TO BE REPLACED, I DON'T KNOW WHAT THE COST WOULD BE, BUT I KNOW THEY WOULD STILL BE MAKING A PROFIT.

THANK YOU,

THEODORE B. DECKER
109 CRESCENT DR
BRICK, N.J. 08724
732-899-6974
2008 HONDA ACCORD
VIN# 1HGCP26768A003145

Theode B. Decker

June 15, 2010

Thomas Nucci
20 Gates Avenue
Plainview, NY 11803
516-935-8979 Home
516-724-6300 Cell

Girard Gibbs, llp
C/O Eric H Gibbs
601 California St.
14th Floor
San Francisco, CA 94108

Re:  Browne et al. v. American Honda Motor Co., Inc.
      Case No. CV09-06750 MMM (DTBx)

To Whom It May Concern:

  I am the owner of a 2009 Honda Accord, VIN# 1HGCP263X9A050774.  I am writing to object to the settlement of above referenced case.  Before receiving the notice of the Honda Brake Pad Settlement, I had to replace the rear brakes of my Honda. At the time I was not aware of this suit, or its settlement and did not replace my brakes with Honda brake pads.  The cost of the replacement was $194.44 including tax, so I feel I should be entitled to the $125.00 reimbursement.  If I had known in March of the stipulations of the claim, I certainly would have abided by them.

  I have not objected to any class action settlement in any court in the United States in the previous five years.

I hope to hear from you in the near future

Sincerely,

Thomas Nucci

June 1, 2010

Girard Gibbs LLP
C/o Eric H. Gibbs
601 California Street, 14th Floor
San Francisco, CA 94108

To Whom It May Concern:

I am commenting on the Settlement in *Brown et al. v. American Honda Motor Co., Inc.*,
Case No. CV 09-06750 MMM (DTBx).  I am submitting the following as requested:

Name: John Edward Fierro
Address: 11 Hoon Street, Monongahela, PA 15063
Telephone Number: 724-258-9278
Model and Year: 2008 Honda Accord
VIN: 1HGCP26428A102910

I am objecting to the settlement for the following reason.  I had the rear brakes replaced
in January 2010 by the company that maintains the vehicle, i.e., Big G Tire Co., 501 W.
Main Street, Monongahela, PA 15063.  I have included the repair order/paid receipt with
this letter to prove the repair was completed.  The parts used were NAPA parts which
meet the requirements of the Accord.  The fact that I did not use the dealership service
department should be of no consequence.  I had the car repaired by the people I trust.

Thank you for your assistance in this matter.

Sincerely,

John E. Fierro (The Reverend)

*Dwight Cunningham*
*112 Timber Lane*
*Cobleskill, NY 12043-5136*
*Phone: (518) 234-3326*

Clerk of the Court
Roybal Federal Building
United States District
Court for the Central District of California
255 East Temple Street
Los Angeles, CA 90012

RE:   Brown et al. v. American Honda Motor Co., Inc. Case No. CV09-06750 MMM (DTBx)

Dear Sir/Madame:

This letter is to object and comment on the settlement of the above mentioned case.

I own a 2008 Honda Accord VIN 1HGCP26778A007415 and purchased it brand new at Mohawk Honda in Schenectady, New York on July 2, 2008.

I started noticing unusual brake wear on my vehicle back in late September/early October, 2009. On October 20, 2009 I purchased brake parts (both front and rear pads and rotors) from a local CARQUEST Auto Parts Store and installed them myself on October 24, 2009. A copy of the receipt for parts is included with this letter.

I was unaware of this brake problem and case until I received notice via U.S. Mail on June 4, 2010 from the Honda Rear Brake Pad Settlement Administrator. I do not recall receiving a prior notice from American Honda regarding this issue.

Per the notice under "Settlement Benefits – What You Get, states "Class Members can get cash reimbursements for two types of Rear Brake Pad repairs/replacements:

(1) New Material Honda Rear Brake Pads.
   a. Any purchase of, or repair using, the New Material Brake Pads (part #43022-TAO-A460) qualifies for a one-time replacement of $150 or the amount paid (whichever is less).

(2) Original Honda Rear Brake Pads.
   a. Any purchase of, or repair using, the Original Brake Pads (part #43022-TAO-A00, #43022-TAO-A51 or #43022-TAO-A070) qualifies for a replacement equal to $125 or 50% of the amount paid (whichever is less).

It is my opinion the above settlement is too restrictive because it does not take into consideration the purchase of brake parts that are not "New or Original Honda Rear Brake Parts" **prior** to notification of the problem from either the automobile manufacturer and/or the case settlement from the Honda Rear Brake Settlement Administrator.

Thank you for your consideration.

Sincerely,

Dwight Cunningham
Cobleskill, NY

Cc:     Honda Rear Brake Pad Settlement Administrator
        Eric H. Gibbs, Girard Gibbs, LLP
        Steven N. Berk, Berk Law PLLC

May 31, 2010

Girard Gibbs LLP
C/O Eric H. Bibbs
601 California Street
14th floor
San Francisco, Ca., 94108

Counselor,

I disagree with the settlement in this case. I am the owner of a 2008 Honda Accord VIN# 1HGCP26438A160685 and I have already had to replace the rear brake pads on my Honda Accord at 21000 miles. I was unaware that the pads were defective or that there was an on going law suit to correct the problem, I purchased pads recommended by my mechanic and had them installed. They were not Honda pads due to the short wear duration of the original Honda pads. This settlement is unfair as it does not compensate Honda Accord owners who were unaware of the litigation or the fact that the rear pads were substandard and were prematurely forced to replace their rear brake pads.

It is my recommendation that Honda Motor Company should rebate all customers that have already replaced their brake pads no matter the manufacturer for those owners whose purchase preceded the notice of this settlement. After notice of the settlement, I agree that replacement by Honda would be satisfactory. If this modification is not included in the settlement, I ask to be excluded from this settlement and retain all of my legal rights in this matter.

For further information you may contact me at (714) 671-1153 (residence) or (714) 290-8765.

Truly yours,

Thomas C. Jones
1019 Glen Canyon Way
Brea, Ca. 92821

May 31, 2010

Clerk of the Court
Roybal Federal Building
U. S. District Court for the
Central District of California
255 East Temple Street
Los Angeles, CA 90012

RE:   *Browne, et al. v. American Honda Motor Co., Inc.*
       Case No. CV-09-06750 MMM (DTBx)
       <u>Objection to Class Action Settlement</u>

Gentlemen/Ladies:

As the original owners of a 2008 Honda Accord (Vin No. 1HGCP26468A097386), on May 27, 2010, we had to replace the rear brakes and have the rear rotors turned (see attached Burdette Brothers invoice). Because the original Honda brakes were not long wearing, we did not have Honda brand brakes reinstalled but elected to use another brand.

We object to the settlement requiring that only Honda brand brakes are eligible for reimbursement. If Honda brakes had worked as they should have, Honda owners would not have to replace them so early. The class action settlement should reimburse Honda owners for any brand brakes they used, not just for the Honda brand.

The work on our 2008 Honda Accord was done prior to receiving notice of this class action. To approve a class action settlement that excludes an entire group of Honda Accord owners with this problem (those who did not use the Honda brand brakes) is unjust. The Court needs to level the playing field by allowing Honda Accord owners who used another brand of brakes to be eligible for reimbursement.

The undersigned have not objected to any class action settlement in any U.S. Court in the previous five (5) years.

Sincerely,

Lawrence W. Burke

Linda G. Burke
17200 Whites Road
Poolesville, MD 20837-2029
(240) 252-7191

cc: Eric H. Gibbs, Esquire
    Roy Morse Brisbois, Esquire

Daniel A. MacRae
19 North Obtuse Road
Brookfield, CT 06804
203-740-9262 home
2008 Honda Accord
Vin #1HGCP26808A148142

May 28, 2010

Clerk of the Court
Roybal Federal Building
United States District
Court for the Central District of California
255 East Temple Street
Los Angeles, CA 90012

Subject: Browne et al. v. American Honda Co, Inc
         Case No. CV 09-06750 MMM (DTBx)

Dear Sir or Madam,

I am writing in response to the above case against the American Honda Company.  I had my rear brakes repaired on Sept 2, 2009 with 27621 miles on my 2008 Honda Accord. My local garage takes care of all of my repairs on all my vehicles. They repair my cars in a timely manner and their costs are reasonable.  My cost to repair the brakes on my 2008 Honda Accord was $326.90. I have been getting repairs done at Lang's Auto for over ten years with no complaints.

I object to the way that this lawsuit is written because American Honda will only pay for the cost of their (Honda's) brake pads on the car.  I object that they will not pay full costs of labor to repair their defective parts on this 2008 Honda Accord.  Should the cost of the labor be the burden of the car owner to replace these defective parts?  I think not. The replacement parts used by my local shop were not OEM Honda equipment however I object that I would be denied any reimbursement in this process.  How was I to know in September 2009, that this vehicle would be subject of a class action lawsuit and that it was part of a much larger problem that American Honda had with their cars?

I am asking the court to have American Honda pay my entire costs of $326.90. Copies of my repair bill and a copy of my Chase Visa charge are attached:

I have never sent a letter to a court regarding any objections to lawsuits in the last five years.

Best professional regards,

Daniel A. MacRae

Michael J. Mayer
22012 Silver Springs Dr.
South Bend, IN 46628-9658
(574)272-1179

June 14, 2010

GIRARD GIBBS LLP
c/o Eric H. Gibbs
601 California Street,
14th Floor
San Francisco, CA 94108

Reference:  Case No CV 09-06750 MMM (DTBx)

I am commenting on the Settlement in Browne et al. v. American Honda Motor Co., Inc., Case No. CV 09-06750 MMM (DTBx).

The objection that I have is in reference to the use of Honda Rear Brake Pads.  I am leasing a 2009 Honda Accord VIN 1HGCP26439A097587.  The rear brake pads failed at 24,602 miles.  I replaced the rear brake pads with another manufacturer's ceramic pads rather than the Honda original pads.  At the time, it did not make sense to me to replace with Honda pads that get inferior life.  I was aware of many complaints concerning the Honda pads, thus the reason for the decision to use another manufacturer's ceramic pads.  I was not aware of a class action suit until now.  I feel that a one time reimbursement should apply to those of us who had rear brake failure and replaced with pads other than Honda replacement pads prior to this settlement.

Thank you for considering my objection.

*Michael J. Mayer*

Michael J. Mayer

3 Oregon Court
Tuxedo Park, NY  10987
(845) 915-3121

June 8, 2010

Clerk of the Court
Roybal Federal Building
U.S. District Court (Central Dist. CA.)
255 East Temple Street
Los Angeles, CA  90012

Re:  Browne *et al.* v. American Honda Motor Co., Inc.
     Case No.:  CV 09-06750 MMM (DTBx)

Dear Sir or Madam:

I write to object to, and comment upon the proposed settlement in the above-referenced class action.  I am a member of the Plaintiff class, having purchased (and still owning) a new, 2008 model Honda Accord V6, VIN # 1HGCS22818A018374.

In short, the proposed settlement offers no relief to me, or to those similarly situated class members who were compelled to replace the subject defective rear brake pads with non-Honda supplied brake pads.

Given the fact that my vehicle had only some 20,000 miles on it when a Honda service representative informed me that the rear pads were so worn as to be practically non-existent, I was understandably not at all interested in replacing these with new, *yet still defective* Honda supplied pads.  In other words, I was not at that time (*i.e.* October 2009) given the choice of having new, *"improved"* replacement pads installed, but was merely advised that "new pads should immediately be installed."

Indeed, the Honda service representative made no admission at that time that the rear pads on my model vehicle were in fact defective, and even asked me whether I had accidentally driven my car with the emergency brake engaged!

Not only had my brake pads worn-down to practically nothing, but also in the process, severely damaged the rear brake rotors, to the point that the rotors also had to be replaced.  Given these facts, I naturally had absolutely no confidence in, or desire to have "new" Honda brake pads installed.  Accordingly, I had new pads and rotors installed at an independent repair shop, using "Raysbestos" replacement parts specifically made for my model Honda Accord.  The cost for this service was $341.66 (copy of repair invoice enclosed).

Ltr. to the Clerk of the Court
Re: Browne v. American Honda Motor Co., Inc.
June 8, 2010
Page 2


The proposed settlement obviously affords no compensation for this expense, and does not even appear to take into account the ancillary damage caused by the defective pads to the rear brake rotors.

In all fairness, the settlement should recognize this additional damage, and require Honda Motors to <u>directly reimburse</u> me, and other class members who sustained similar damage and financial loss, <u>in the amount of at least $200.00</u>. This way, when I *do* need new rear brake pads, I can return to my Honda dealer for installation of the *improved* pads at the regular retail price.

I thank the Court for its consideration of this criticism and suggested alternative and/or additional relief.

Respectfully submitted,

Gary H. Forman


GHF/moc
Enclosure

cc:
Girard Gibbs LLP
c/o Eric H. Gibbs, Esq.
601 California Street, 14th Fl.
San Francisco, CA 94108

Lewis Brisbois Bisgaard & Smith, LLP
c/o Roy Morse Brisbois, Esq.
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012-2601

June 4, 2010

To: Honda Rear Brake Pad Settlement Administrator

The information about Honda and Acura Rear Brake PAd settlement came in our mail this week. We bought our 2008 Honda Accord new from the dealer in 02/08 and had no prior information about this situation with 2008 Honda. In early April, 2010 my back brakes began making so much noise in the span of one week that they had to be fixed right away. We took the car to a local shop (our Honda dealership is in Bowling Green, KY) and paid for the repairs. If we had known about this settlement and the potential for reimbursement, we might have taken it to the dealer to be fixed. This is Not a definite because I keep my grandchildren during the week and might not have been able to wait on fixing the brakes until I could get over to Bowling Green. However the reason for my writing this letter is to say we should be reimbursed because our brakes tore up before we knew any of this. This is a situation I think the lawyers and court should consider as appropriate for reimbursement and I'm sending a copy of my letter and attachments to them. Also I talked to staff at Witty's Muffler and Alignment Inc. today. They used NAPA parts, there is not a distributor of genuine Honda parts in our town. You are welcome to talk to them at 270-651-3800. So, the bill of $162.13 is attached and I look forward to hearing from you. Incidently, We love our Honda. This is the 4th one we've owned and is the only brand of car I've driven since 1988. Thank you for helping us.

Linda Huffman
Jerry Huffman

78 Country Lane
Glasgow, Ky. 42141
270-678-1632

cc: Berk Law PLLC
    Girard Gibbs LLP

**Joseph G. Klamar (husband of Lois S. Klamar)**
**Lois S. Klamar (Owner of 2008 Honda Accord LX-P)**
610 Meadowridge Way, Hudson OH 44236-1183
Telephone: 330.656.3274, Cellphone: 216-548-5435
Email: jgklamar@yahoo.com

**Clerk of the Court**
Roybal Federal Building
**United States District Court**
**for the Central District of California**
255 East Temple Street, Los Angeles CA 90012

Reference:  *Browne et al. v. American Honda Motor Co., Inc.*
Case No. CV09-06750 MMM (DTBx)

Subject:  **Comments to premature rear brake pad wear on vehicle,**
**2008 Honda Accord LX-P**
VIN:  1HGCP26418A013314
Purchased new: October 1, 2007, Mike Pruitt Honda, Cuyahoga Falls, Ohio

Dear Clerk of Court:

Due to premature wear of the rear brake pads on the owner's vehicle,
after only 28847 miles, in May 2009, I had to replace the pads with new pads.
The miles were mostly commuter from home to downtown Cleveland on I-80 and I-77.
The brake pads were making the scraping "warning" sound at least two weeks before
the repair.  Being an experience auto mechanic, I did the repair myself.
I bought the new pads from:
Advance Auto Parts Store #01200, 959 Aurora Road, Macedonia, OH 44056
Wagner ThermoQuiet part number: PD1336
Cost: $38.49 plus sales tax (receipt copy attached)

Please accept my comments:
Please accept my agreement to the plaintiff argument that the rear brake pads wore out
prematurely.  Inspection of the much larger front brake pads showed undetectable wear
as compared the completely worn out and much smaller rear brake pads.

Due to the premature wear of the brake pads, American Honda should have to declare
a recall to make complete repairs entirely at their cost.

The terms of the case only address repairs made with Genuine Honda Parts, installed
by a Honda Dealer, or installed by a professional auto repair shop?
Should I now take the car to a Honda Dealer for the repair?
There is still no guarantee that the repair cost will be reimbursed to the vehicle owner.

Sincerely, *Joseph G Klamar, Lois S. Klamar* 6/8/2010
Joseph G. Klamar, Spouse of Lois S. Klamar (vehicle owner)
CC:

**GIRARD GIBBS LLP**
c/o Eric H. Gibbs
601 California Street, 14th Floor
San Francisco CA 94108

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
c/o Roy Morse Brisbois
221 North Figueroa Street, Suite 1200
Los Angeles CA 90012-2601

June 8, 2010

Ashley Greenberg
16 East Oleander Drive
Mount Laurel, NJ 08054
(609) 680-9027

Re: *Browne et al v. American Honda Motor Co., Inc.,* Case No. CV 09-06750 MMM (DTBx)

To Whom It May Concern:

I am writing regarding the ***Browne et al v. American Honda Motor Co., Inc.,* Case No. CV 09-06750 MMM (DTBx)** settlement. I have a **2009 Honda Accord LX VIN number 1HGCS12729A011842.**

I do not agree with the settlement benefits stating which rear brake pads will be reimbursable. On page five of the settlement notice received in the mail, it states that "any purchase of, or repair using, the New Material Brake Pads (part #43022-TA0-A40) qualifies for a one-time reimbursement..." and "any purchase of, or repair using, the Original Rear Brake Pads (part #43022-TA0-A00, #43022-Tao-A51 or #43022-Tao-A70) qualifies for a reimbursement ..."

I had my brakes replaced unaware of this class action lawsuit. When I brought my car in to the repair shop (Tires Plus, Mount Laurel, NJ) I was told I needed the brakes replaced right away. I feel it is only fair to reimburse anyone who used any model number brake equipment. I have enclosed a copy of my receipt.

I have not filed any previous objections in any class action settlement in any court in the United States.

Thank you,

*Ashley Greenberg*

Ashley Greenberg.

July 1, 2010

To Whom It May Concern,

   I have been pondering the situation of a Class Action law suit that I received information on and I was not going to respond to it but I cannot get the instance out of my thoughts. I am commenting on Settlement in *Browne* et al. v. American Honda Motor Co., Inc., Case No. CV09-06750 MMM(DTBx).

   I bought my 2008 Honda Accord and took it on a cross-country road trip two months after I bought it. I put many freeway miles on it then and since. On 12-2-08, I had my car in to the dealership in which I purchased the car to show Marvin, a Service Department Representative, the condition of the leather in my back seat. He told me it was wear and tear. He then took a picture and told me there was a "shadow" which means that a drink was spilled and left on the leather. My daughter is the only one who sits back there and she does not sit on that side of the car. I disagreed and Marvin showed the picture to his District Rep. who said he agreed with Marvin.

   I still do not agree with the dealerships assessment of the leather in my car and that situation has left a bad taste in my mouth to be honest.

   Now comes the brakes…I had my car back to the dealership for scheduled maintenance. During the checkup I was told that my rear brakes needed replaced. I said that shouldn't be as my car is not that old. They said I had high miles which causes wear and tear on them. They did not find this to be a warranted repair.

   I am now extremely displeased with this dealership (Autowest Honda in the Roseville Automall) and want very little to do with them. I am a single woman and find it difficult to argue these situations. I therefore went to my friend Mr. Steve Amstutz who is the Store Manager of my local Les Schwab tire store and told him about how the dealership wouldn't cover the brakes and questioned him as to whether those brakes should have worn that quickly. He asked me a few questions about the car (mileage, etc…) and said

that the brakes should not have worn that quickly.  He said he would make some calls for me.  He came back to me and said that Honda is not willing to replace the brakes.  I then had Les Schwab replace the brakes for me; I was darned if I wanted to have Autowest to have my money after this.

This all brings me to the pending settlement of the aforementioned claim.  I read through the pamphlet and was disappointed that people who had their brakes done elsewhere are not represented in this settlement; unless I have read this incorrectly.  I was taking my car to the dealership for repairs and its situations but I felt they were treating me poorly in their decision to not replace my brakes.  As a result of going elsewhere and paying my money for the repair of my rear brakes, I am left out of this settlement.

I wasn't going to respond as I didn't think I would be considered for this.  But the more I think about it, this is wrong, all of us who had the brake repair problem should be represented in this hearing.  I would think that if a dealership turned you down for a warranty repair you too may have gone elsewhere to remedy your situation.

I am asking if Judge Margaret Morrow can kindly consider putting myself and others in my situation in to this settlement case also.  I feel I should be compensated also.  I went to the dealership for services, they rejected me at which time I sought out the help of someone I trust.  This person even went to Honda.

Please take this in to consideration when you resolve this case.  I thank you all for your time and considerations.

Respectfully,
Julie Berry

Julie Berry
4919 Falconwood Ct.
Antelope, CA. 95843
(916)745-4123
4-Door Honda Accord

2008 Model
VIN # JHMCP26818C033020